UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. SIGLER,<br><br>        Plaintiff,<br><br>    v.<br><br>JORGE GONZALEZ; USAA CASUALTY INSURANCE COMPANY; INTERINSURANCE EXCHANGE OF AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA; IMPERIAL BODY SHOP, INC.; and DOES 1 to 99, inclusive,<br><br>        Defendants. | Case No.: SACV 22-02325-CJC (JDEx)<br><br>ORDER GRANTING DEFENDANT USAA CASUALTY INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. 43] |

## I. INTRODUCTION

On November 18, 2022, Plaintiff John W. Sigler, pro se, filed this suit against Defendants Jorge Gonzalez, USAA Casualty Insurance Company ("USAA CIC"), Interinsurance Exchange of Automobile Club of Southern California, Imperial Body

-1-

Shop, Inc., and unnamed Does in the Superior Court of California, County of Orange, which USAA CIC removed to this Court on December 29, 2022. (*See* Dkt. 1 [Notice of Remova]; *id.* Ex. A [Complaint, hereinafter "Compl."].) Sigler brings claims for negligence and violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–68, as well as a series of fraud-related claims stemming from a collision involving his vehicle and insurance coverage for the repair. (*See* Compl. ¶¶ 1–5.)

Now before the Court is USAA CIC's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or, in the alternative, to compel appraisal pursuant to the insurance policy that it issued Sigler. (*See* Dkt. 43 [Notice of Motion and Motion for Judgment on the Pleadings, or in the Alternative, Motion to Compel Appraisal Filed by Defendant USAA Casualty Insurance Company; Memorandum of Points & Authorities in Support, hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion asserting that a plaintiff has failed to state a claim, or that a defendant has failed to state a defense, is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021) (explaining that motions for judgment on the pleadings are "functionally identical" to

---

[1] Having read and considered the papers that the parties presented, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing scheduled for July 10, 2023, is hereby vacated and removed from the calendar.

Rule 12(b)(6) motions). "Judgment is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *S.F. Taxi Coal. v. City & County of San Francisco*, 979 F.3d 1220, 1223 (9th Cir. 2020) (cleaned up). In deciding a motion for judgment on the pleadings, courts accept as true all of the nonmovant's factual allegations and construe them in the light most favorable to that party. *See Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

### III. DISCUSSION

USAA CIC argues, among other things, that it "is entitled to judgment on the pleadings or alternatively an order compelling appraisal because [Sigler] has refused to comply with the mandatory appraisal provision in the Policy" that USAA CIC issued Sigler. (Mot. at 6.) The Court agrees.

To start, contractual appraisal is a form of arbitration agreement. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, generally governs questions of arbitration in federal court. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "[B]ecause the FAA neither defines arbitration nor spells out whether the term arbitration includes appraisal," courts must "look to state law" to adjudicate such issues. *Portland Gen. Elec. Co. v. U.S. Bank Tr. Nat'l Ass'n ex rel. Tr. No. 1*, 218 F.3d 1085, 1086 (9th Cir. 2000). Under California law, an appraisal provision constitutes an agreement to arbitrate. *See* Cal. Code Civ. P. § 1280(a); *Doan v. State Farm Gen. Ins. Co.*, 125 Cal. Rptr. 3d 793, 801 (Cal. Ct. App. 2011). Thus, contractual appraisal is subject to the FAA. *See Portland Gen. Elec.*, 218 F.3d at 1089.

Under the FAA, "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . shall be valid, irrevocable,

and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA is "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone*, 460 U.S. at 24.  In light of this, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24–25.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  A court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (citation omitted); *see also* 9 U.S.C. § 2.  Both conditions are answered in the affirmative here.

### A. Valid Agreement to Arbitrate

Sigler's insurance policy with USAA CIC states that if the parties "do not agree on the amount of loss, either may demand an appraisal," in which case the parties each select one appraiser who then agree on an umpire to adjudicate disagreements, and the decision of the appraisers and the umpire "will be binding." (Dkt. 43-1 [Declaration of Melissa Ordell in Support of Defendant USAA Casualty Insurance Company's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Compel Appraisal, hereinafter "Ordell Decl."] Ex. A [Policy] at USAA-SIGLER_000053.)[2]  The policy further provides that "[n]o legal action may be brought against [USAA CIC] until there has been full compliance with all the terms of this policy."  (Policy at USAA-SIGLER_000056.)  Sigler does not dispute the validity of this agreement, and the Court sees no apparent reason to deem it invalid.

---

[2] The "court may consider evidence outside the pleadings when ruling on . . . a motion to compel arbitration." *Thompson v. Isagenix Int'l LLC*, 849 F. App'x 712, 712 (9th Cir. 2021).

B.      **Applicability of Appraisal Provision**

The policy's appraisal provision encompasses the dispute at issue.  First, USAA CIC has invoked the appraisal process, as the terms of the provision require.  (*See* Dkt. 43-2 [Declaration of Vivian I. Orlando in Support of Defendant USAA Casualty Insurance Company's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Compel Appraisal] ¶ 4.)  Second, the claims in this case involve a disagreement "on the amount of loss," a term defined to be "direct and accidental damage to the operational safety, function, or appearance or, or theft of, [Sigler's] covered auto or personal property contained in [his] covered auto," including "the cost to repair or replace."  (Policy at USAA-SIGLER_000048 to _000053.)  Sigler seeks compensation for the replacement cost for his damaged vehicle, loss of use, and storage costs.  (*See* Compl. at 70.)  And his claims are derivative of a disagreement with USAA CIC over the valuation of his vehicle after the collision involving his vehicle.  (*See, e.g.*, *id.* ¶¶ 98–106 [alleging false representations concerning vehicle value and misappraisal of value based on vehicle VIN report]; *id.* ¶¶ 150–90 [asserting RICO claim based on scheme to minimize claim payouts by falsifying valuations]; *id.* ¶¶ 191–251 [alleging fraud claims largely based on same scheme].)

Sigler nonetheless contends that the appraisal process "is not applicable."  (Dkt. 48 [Memorandum in Opposition to Motion for Judgment on the Pleadings, or in the Alternative, Motion to Compel Appraisal Filed by Defendant USAA Casualty Insurance] at 6–7.)  Though his brief is challenging to parse, Sigler's reasons for this position appear to be that (1) USAA CIC "is sued for damages relating to their fraudulent claims/settlement PROCESS, not the appraisal," (2) Sigler seeks only "Loss of Use" and storage fees as damages from USAA CIC, and (iii) Sigler asserts extortion of premium and storage fees.  (*Id.* at 6–13.)

"By the plain language of the insurance policy," however, these points are "immaterial." *Enger v. Allstate Ins. Co.*, 407 F. App'x 191, 193 (9th Cir. 2010). The policy says that if there is any disagreement over valuation, either party may invoke the appraisal process, and no legal action can be brought against USAA CIC unless and until there is full compliance with the policy. "The contract makes no exception where" the claims concern alleged fraud in the valuation process, seek only loss of use and storage fees as damages, or assert extortion of premium and storage fees. *Id.* "[S]o long as the parties 'fail to agree as to the actual cash value or amount of loss'" to the covered vehicle—which is true here—"the appraisal remedy is triggered at the request of either party." *Id.* Indeed, "[u]ntil an appraisal is completed, it is impossible to know whether" USAA CIC has fraudulently undervalued, or used a fraudulent process to undervalue, the vehicle. *Id.*; *see also Stack v. Progressive Select Ins. Co.*, No. 20-cv-00338, 2020 WL 5517300, at *6 (N.D. Cal. Sept. 14, 2020) (rejecting a plaintiff's "conten[tion] that the provision applies only to the breach-of-contract claim" and noting that "courts have dismissed non-contract claims based on similar appraisal provisions" (collecting cases)). Nor will the Court allow Sigler to skirt the terms of his agreement with USAA CIC through a too-clever-by-half pleading of fraud and RICO claims in what appears to be a at its core a coverage dispute. *Cf. Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 526 (5th Cir. 2000) ("[P]arties to [arbitration] agreements cannot avoid them by casting their claims in tort, rather than in contract."); *accord Northop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 F. App'x 468, 474 (11th Cir. 2021).

**C.     Dismissal**

Under section 3 of the FAA, courts have the discretion either to stay an action or dismiss claims when a valid arbitration agreement applies to the dispute. *See Sparling v.*

*Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 940 (9th Cir. 2009).

Dismissal of the claims against USAA CIC is more appropriate. The policy states that "[n]o legal action may be brought against [USAA CIC] until there has been full compliance with all the terms of this policy." (Policy at USAA-SIGLER_000056.) Because the appraisal provision is among such terms, the policy's plain text proscribes Sigler from maintaining this suit against USAA CIC. *See Pavlina v. Safeco Ins. Co. of Am.*, No. 12–CV–534, 2012 WL 5412796, at *6 (N.D. Cal. Nov. 6, 2012) (granting the defendant's judgment on the pleadings after finding that compliance with the policy's appraisal provision was a prerequisite to bringing suit).

*Enger v. Allstate Insurance Co.*, 682 F. Supp. 2d 1094 (E.D. Cal. 2009), *aff'd*, 407 F. App'x 191 (9th Cir. 2010), presented the same situation as the one at issue here. In that case, the plaintiff, whose home was damaged by fire, sued her insurer over a property valuation issue prior to making an appraisal demand. *See id.* at 1094. The plaintiff's policy in *Enger* contained a virtually identical no-suit provision as Sigler's policy. *See id.* at 1097–98. The court dismissed the case, finding that compliance with the appraisal provision was a prerequisite to bringing suit and that the plaintiff's claims were not ripe because she did not "exhaust the appraisal process as required under her insurance policy." *Id.* at 1099. Sigler's claims here cannot go forward at this time for the same reason. Per the terms of his policy, Sigler's noncompliance with the appraisal provision bars him from bringing an action against USAA CIC at this time. Accordingly, Sigler claims should be dismissed.

//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, USAA CIC's motion is **GRANTED**. All claims against USAA CIC are hereby **DISMISSED WITHOUT PREJUDICE**.

DATED:  July 3, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE