UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-02325-CJC (JDEx) | Date | September 28, 2023 |
|---|---|---|---|
| Title | John W. Sigler v. Jorge Gonzalez, et al. | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Maria Barr | CS 09/28/23 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| John W. Sigler, *Pro Se* | Lawrence D. Esten |

**Proceedings:**   Hearing and Order on Plaintiff's Motion to Compel [Dkt. 53]

Case called. Appearances made. Plaintiff John W. Sigler ("Plaintiff") and counsel for Defendant Imperial Body Shop, Inc. ("Defendant") are heard on Plaintiff's Motion to Compel (Dkt. 53, "Motion"). As an initial matter, to the extent Defendant argues that the Motion should be denied because Plaintiff failed to comply with Local Rule 37-1, 37-2, or 37-2.4 (Dkt. 58 at 3-6), in the unique circumstances here, the Court excuses any alleged non-compliance by Plaintiff with Local Rule 37.1 et seq. and reaches the merits of the Motion. Similarly, although the parties dispute whether Defendant served timely responses to Plaintiff's Requests for Production ("RFP"), the Court declines to reach the issue because, as set forth further below: (1) the Court finds, sua sponte, that certain of the RFPs are disproportional to the needs of the case under Rule 26(b)(1) of the Federal Rules of Civil Procedure (singularly herein, "Rule") (see Rule 26(b)(2)(C)(iii), authorizing the Court, on its own motion, to limit discovery that "is outside the scope permitted by Rule 26(b)(1)") and denies the Motion on that basis as to those RFPs and not based on Defendant's arguably belated objections; and (2) with respect to all other RFPs, the Court has considered and overruled Defendant's objections on the merits for the reasons stated on the record and below.

As a result, for the reasons stated on the record, which are incorporated herein, and for the reasons stated below, the Motion (Dkt. 53) is GRANTED in part and DENIED in part as follows.

The Motion is DENIED as to RFP Nos. 1-6, 17 as seeking records not proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-02325-CJC (JDEx) | Date | September 28, 2023 |
|---|---|---|---|
| Title | John W. Sigler v. Jorge Gonzalez, et al. | | |

The Motion is GRANTED as to RFP Nos. 7-16, as follows:
- RFP Nos. 11, 15, and 16 as propounded
- RFP Nos. 7-10 and 12 limited to March 2018 to the present;
- RFP No. 13 limited to as of March 2020; and
- RFP No. 14 limited to January 2020 to the present.

As to RFP Nos. 7-16, the Court finds that Plaintiff has made a minimal showing of relevance and Defendant has not met its burden to support its objections. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002); see also Hsingching Hsu v. Puma Biotechnology, Inc., 2018 WL 4951918, at *4 (C.D. Cal. June 27, 2018) ("The party opposing discovery is 'required to carry a heavy burden of showing' why discovery should be denied." (quoting Reece v. Basi, 2014 WL 2565986, at *2 (E.D. Cal. June 6, 2014))); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citing Paulsen v. Case Corp., 168 F.R.D. 285, 289 (C.D. Cal. 1996)). Defendant offers no evidence to support objections based on overbreadth, lack of proportionality, or undue burden. To the extent Defendant challenges the RFPs as vague or ambiguous, the objections are overruled because parties responding to discovery must use common sense and attribute ordinary definitions to terms in discovery requests. Advanced Visual Image Design, LLC v. Exist, Inc., 2015 WL 4934178, at *6 (C.D. Cal. Aug. 18, 2015) (citing Bryant v. Armstrong, 285 F.R.D. 596, 606 (S.D. Cal. 2012)); see also Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 618-19 (D. Colo. 2007); (finding parties have an "obligation to construe . . . discovery requests in a reasonable manner"); King-Hardy v. Bloomfield Bd. of Educ., 2002 WL 32506294, at *5 (D. Conn. Dec. 8, 2002) (finding the responding party must give discovery requests a reasonable construction, rather than strain to find ambiguity); McCoo v. Denny's Inc., 192 F.R.D. 675, 694 (D. Kan. 2000) ("A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized . . . ." (internal quotation marks omitted)). To the extent Defendant asserts third party privacy rights, the Court has carefully balanced such asserted rights, where supported by the record, against the need for the information, and in so doing, denied the Motion as to RFP Nos. 1-6 and 17 in part on that basis, but overrules such objections as conclusory and unsubstantiated as to the remaining RFPs in which it is asserted. Lastly, "assumes facts on in evidence" is not an appropriate objection in response to an RFP in the context asserted here. If a requested document or category of documents does not exist or is not in Defendant's possession, custody, or control, Defendant need not produce it.

As to Plaintiff's request for recovery of reasonable expenses incurred in the making of the Motion, as the Motion was denied outright as to 7 of the 17 RFPs and was only granted in part as to 7 of the RFPs, Plaintiff was only partially successful on the Motion. In such circumstance, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:22-cv-02325-CJC (JDEx) | Date | September 28, 2023 |
|---|---|---|---|
| Title | John W. Sigler v. Jorge Gonzalez, et al. | | |

Court may, after providing the parties an opportunity to be heard, "apportion" to reasonable expenses incurred on the Motion. See Rule 37(a)(5)(C). The parties were heard on the issue. The Court finds that the only arguably recoverable costs to Plaintiff, proceeding pro se, would be the "copying and mailing cost=$55" that Plaintiff seeks (Motion at 4), without documentary support. The Court finds that such an award is not warranted here and that a reasonable apportionment for a Motion that was roughly only half successful is for each party to bear its own expenses. As a result, Plaintiff's request for reasonable expenses under Rule 37(a)(5) is denied.

Because Plaintiff has been ordered to file an amended complaint, to include any new discovery material, by October 9, 2023 (see Dkt. 73 at 13), and because October 9, 2023, is a federal court holiday, meaning Plaintiff, who lacks CM/ECF access to file documents electronically, will not have access to the Clerk's Office on October 9, meaning Plaintiff may be required to file the amended complaint by as early as Friday, October 6, 2023, the Court orders Defendant to serve Plaintiff personally or by email with all nonprivileged responsive documents ordered herein by 5:00 p.m. on October 3, 2023. If Plaintiff's deadline to file an amended complaint is extended by at least 10 days before the October 3, 2023 deadline set herein, Defendant's obligation to produce all responsive documents is automatically extended to October 10, 2023, without further order from the Court.

IT IS SO ORDERED.

|  |  |
|---|---|
|  | 1 : 15 |
| Initials of Clerk: | mba |