Jeet Sen, Esq., SBN. 224248
jsen@fwhb.com
Eran S. Forster, Esq., SBN. 269711
eforster@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
(562) 983-2500 | (562) 983-2555 Fax

Attorneys for Defendants,
*Jorge Gonzalez, and*
*the Interinsurance Exchange of the Automobile Club*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. SIGLER,<br><br>    Plaintiff,<br><br>  vs.<br><br>JORGE GONZALEZ, USAA CASUALTY INSURANCE COMPANY, INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, IMPERIAL BODY SHOP, INC., PABLO GALVEZ, GREG TAYLOR, MELISSA ORDELL, DANELLE BUSHNELL, AMBER PETERSON (AKA AMBER PETERSON FORREST, AKA AMBER J. SCHNEIDER), KEVIN KARAPOGOSIAN, JAMES SYRING, RANDY TERMEER, JOHN BOYLE AND DOES 1 TO 99, INCLUSIVE;<br><br>    Defendants. | Case No. 8:22-cv-2325-CJC-JDE<br><br>DEFENDANT JORGE GONZALEZ'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Honorable Cormac J. Carney |

COMES NOW Defendant, INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB (hereinafter, the "Exchange"), appearing for itself alone with no other persons, firm or entity, by and through its attorney of record, Jeet Sen, Esq, and Eran S. Forster, Esq. of FORD, WALKER, HAGGERTY & BEHAR, LLP, hereby answers Plaintiff's First Amended Complaint as follows:

## ABSTRACT

1. In responding to the allegations in paragraph 1 of Plaintiff's First Amended Complaint, this answering defendant admits the allegations contained therein.

2. In responding to the allegations in paragraph 2 of Plaintiff's First Amended Complaint, this answering defendant admits that defendant Gonzalez, with the assistance of the Exchange, have resolved Alexander Sigler's personal injury claims and denies each and every remaining allegation contained therein.

3. In responding to the allegations in paragraphs 3 through 6 of Plaintiff's First Amended Complaint, this answering defendant deny each and every allegation contained therein.

## PARTIES

4. In responding to the allegations in paragraph 7 of Plaintiff's First Amended Complaint, this answering defendant admits the allegations contained therein.

5. In responding to the allegations in paragraph 8 of Plaintiff's First Amended Complaint, this answering defendant admits that defendant Gonzalez is a resident of Santa Ana, CA, and was the owner and operator of a vehicle that rear-ended plaintiff's vehicle causing damage. This answering defendant denies each and every remaining allegation contained therein.

6. The allegations contained in paragraph 9 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant admits that USAA Casualty Insurance Company (hereinafter, "USAA") is engaged in the business of automobile insurance and is without sufficient information or knowledge to form a belief regarding the remaining allegations and therefore denies each and every allegation remaining therein.

7. In responding to the allegations in paragraph 10 of Plaintiff's First Amended Complaint, this answering defendjant admits that the Exchange conducts business in California; is headquartered in

Costa Mesa, California; engaged in the business of auto insurance; and provided auto insurance to defendant Jorge Gonzalez. This answering defendant denies each and every remaining allegation contained therein.

8. The allegations contained in paragraph 11 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant admits that Imperial Body Shop (hereinafter, "IBS") is a corporation. This answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations specific to IBS contained therein. This answering defendant deny each and every remaining allegation contained therein.

9. The allegations contained in paragraphs 12 and 13 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant are informed and believe that both Pablo Galvez and Greg Taylor are individuals that were employed by IBS and has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

10. In responding to the allegations in paragraph 14 of Plaintiff's First Amended Complaint, this answering defendant admits that Amber Peterson was the primary claims adjuster who handled plaintiff's automobile accident claim with the Exchange and denies each and every allegation remaining therein.

11. The allegations contained in paragraphs 15 through 18 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

12. In responding to the allegations in paragraph 19 of Plaintiff's First Amended Complaint, this answering defendant admits that John Boyle is the Chief Executive Officer of the Interinsurance Exchange of the Automobile Club and denies each and every remaining allegation contained therein.

3

George Gonzalez and The Interinsurance Exchange of the Automobile Club:  Case No. 8:22-cv-2325
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## VENUE AND JURISDICTION

13. In responding to the allegations in paragraph 20 of Plaintiff's First Amended Complaint, this answering defendant denies each and every allegation therein.

14. In responding to the allegations in paragraph 21 of Plaintiff's First Amended Complaint, this answering defendant denies that plaintiff sufficiently pleads in his First Amended Complaint facts allowing this Court to exercise subject matter jurisdiction. This answering defendant also admits that this Court has subject matter jurisdiction to decide whether the defendants are liable under Federal statutes including 15 U.S.C. 1962 (RICO Act) and 15 U.S.C. 15 (Clayton Act).

15. In responding to the allegations in paragraph 22 of Plaintiff's First Amended Complaint, this answering defendant admits the allegations contained therein.

## STATUTE OF LIMITATIONS

16. In responding to the allegations in paragraph 23 of Plaintiff's First Amended Complaint, this answering defendant admits that the statute of limitations under RICO and Clayton Act are four years and has insufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

## STANDING AND PLAINTIFF'S RIGHT TO RELIEF

17. In responding to the allegations in paragraph 24 to 25 of Plaintiff's First Amended Complaint, this answering defendant denies each and every allegation therein.

## ARBITRATION

18. The allegations contained in paragraphs 26 and 27 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

## FACTUAL BACKGROUND

19. In responding to the allegations in paragraph 28 of Plaintiff's First Amended Complaint, this answering defendant state that any reference to Jorge Gonzalez being "at-Fault" or negligent is a

4

George Gonzalez and The Interinsurance Exchange of the Automobile Club: Case No. 8:22-cv-2325
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

legal conclusion that does not require a response. This answering defendant admits that an accident occurred between Jorge Gonzalez and Alexander Sigler, and has insufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

20. The allegations contained in paragraphs 29 through 36 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

21. The allegations contained in paragraphs 37 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant deny that the Exchange or Gonzalez defrauded plaintiff and has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

22. The allegations contained in paragraphs 28 through 47 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

23. In responding to the allegations in paragraph 48 through 50 of Plaintiff's First Amended Complaint, this answering defendant state that any reference to the Exchange conducting in criminal conduct or fraudulent conduct is a legal conclusion that does not require a response. This answering defendant has insufficient information or knowledge to form a belief as to the truth of the remaining allegations, but suspect them to be false, and therefore denies each and every remaining allegation contained therein.

24. In responding to the allegations in paragraphs 51 through 55 of Plaintiff's First Amended Complaint, this answering defendant deny each and every allegation contained therein.

5

George Gonzalez and The Interinsurance Exchange of the Automobile Club: Case No. 8:22-cv-2325
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

25. The allegations contained in paragraphs 56 through 71 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is deemed that a response is required, this answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations, and therefore denies each and every remaining allegation contained therein.

26. In responding to the allegations in paragraphs 72 through 102 of Plaintiff's First Amended Complaint, this answering defendant denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT JORGE GONZALEZ

## NEGLIGENCE

27. In responding to paragraph 103, this answering defendant repeats and re-alleges their responses to paragraphs 1 through 26 above, as though fully set forth herein.

28. In responding to the allegations in paragraph 104 of Plaintiff's First Amended Complaint, this answering defendant admits the allegations contained therein.

29. In responding to the allegations in paragraph 105 through 110 of Plaintiff's First Amended Complaint, this answering defendant states that these paragraphs contain legal conclusions that do not require a response. If it is deemed that a response is required, this answering defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations, and therefore denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANTS IMPERIAL BODY SHOP, PABLO GALVEZ, USAA, DANELLE BUSHNELL, MELISSA ORDEL, and DOEs 1-99

## ( INTENTIONAL MISREPRESENTATION )

30. In responding to paragraph 111, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 29 above, as though fully set forth herein.

31. The allegations contained in paragraphs 112 through 133 of Plaintiff's First Amended Complaint are not directed at this answering defendant, and therefore no response is required. If it is

1  deemed that a response is required, this answering defendant has insufficient knowledge or
2  information upon which to form a belief as to the truth of the remaining allegations, and therefore denies
3  each and every remaining allegation contained therein.

### THIRD CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANTS IMPERIAL BODY SHOP,
### GREG TAYLOR, THE EXCHANGE, AMBER PETERSON,
### and DOEs 1 - 99
### (INTENTIONAL MISREPRESENTATION )

32. In responding to paragraph 134, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 31 above, as though fully set forth herein.

33. In responding to the allegations in paragraph 135 through 159 of Plaintiff's First Amended Complaint, this answering defendant state that these paragraphs contain legal conclusions that do not require a response. If it is deemed that a response is required, this answering defendant deny each and every allegation contained therein.

### FOURTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANTS THE EXCHANGE, AMBER PETERSON,
### IMPERIAL BODY SHOP, GREG TAYLOR, AND DOES 1-99
### ( INTENTIONAL MISREPRESENTATION )

34. In responding to paragraph 160, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 33 above, as though fully set forth herein.

35. In responding to the allegations in paragraph 161 through 178 of Plaintiff's First Amended Complaint, this answering defendant state that these paragraphs contain legal conclusions that do not require a response. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

### FIFTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANTS THE EXCHANGE, AMBER PETERSON, USAA,
### DANELLE BUSHNELL, IMPERIAL BODY SHOP, AND GREG TAYLOR

7

George Gonzalez and The Interinsurance Exchange of the Automobile Club:   Case No. 8:22-cv-2325
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**(CLAYTON ACT – SECTION 4 – 15 U.S.C. 15  SUITS BY PERSON INJURED, AND SHERMAN ACT – SECTION 1 – 15 U.S.C. 1.0  TRUSTS, ETC., IN RESTRAINT OF TRADE ILLEGALLY; PENALTY)**

36. In responding to paragraph 179, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 35 above, as though fully set forth herein.

37. In responding to the allegations in paragraph 180 through 192 of Plaintiff's First Amended Complaint, this answering defendant state that these paragraphs contain legal conclusions that do not require a response. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

## SIXTH CAUSE OF ACTION
**BY PLAINTIFF AGAINST DEFENDANTS USAA, DANELLE BUSHNELL, MELISSA ORDELL, RANDY TERMEER**

**IMPERIAL BODY SHOP, KEVIN KARAPOGOSIAN**

**THE EXCHANGE, JOHN BOYLE, and DOEs 1 - 99**

**( 18 U.S.C. 1962 (c)– RICO ACT – PROHIBITED ACTIVITIES)**

38. In responding to paragraph 193, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 37 above, as though fully set forth herein.

39. The allegations contained in paragraphs 194 through 240 of Plaintiff's First Amended Complaint are not directed at this answering defendant and contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION
**BY PLAINTIFF AGAINST DEFENDANT PABLO GALVEZ**

**.S.C.1962 (d) – CONSPIRACY TO VIOLATE 1962 (c))**

40. In responding to paragraph 241, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 39 above, as though fully set forth herein.

41.     The allegations contained in paragraphs 242 through 244 of Plaintiff's First Amended Complaint are not directed at this answering defendant and contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

### EIGHTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT GREG TAYLOR
### (18 U.S.C.1962 (d) – CONSPIRACY TO VIOLATE 1962 (c))

42.     In responding to paragraph 245, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 41 above, as though fully set forth herein.

43.     The allegations contained in paragraphs 246 through 248 of Plaintiff's First Amended Complaint are not directed at this answering defendant and contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

### NINTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT AMBER PETERSON
### (18 U.S.C.1962 (d) – CONSPIRACY TO VIOLATE 1962 (c))

44.     In responding to paragraph 249, this answering defendant repeats and re-alleges their responses to paragraphs 1 through 43 above, as though fully set forth herein.

45.     The allegations contained in paragraphs 250 through 253 of Plaintiff's First Amended Complaint are not directed at this answering defendant and contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

### TENTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT DANELLE BUSHNELL
### (18 U.S.C.1962 (d) – CONSPIRACY TO VIOLATE 1962 (c))

46.     In responding to paragraph 254, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 45 above, as though fully set forth herein.

9

George Gonzalez and The Interinsurance Exchange of the Automobile Club:     Case No. 8:22-cv-2325
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

47. The allegations contained in paragraphs 255 through 257 of Plaintiff's First Amended Complaint are not directed at this answering defendant and contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

## ELEVENTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT MELISSA ORDELL
## (18 U.S.C.1962 (d) – CONSPIRACY TO VIOLATE 1962 (c))

48. In responding to paragraph 258, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 47 above, as though fully set forth herein.

49. The allegations contained in paragraphs 259 through 260 of Plaintiff's First Amended Complaint are not directed at this answering defendant and contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

## TWELFTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT JORGE GONZALEZ
## (18 U.S.C.1962 (d) – CONSPIRACY TO VIOLATE 1962 (c))

50. In responding to paragraph 261, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 49 above, as though fully set forth herein.

51. In responding to paragraph 262 of Plaintiff's First Amended Complaint, this allegation is a conclusion not requiring a response.

52. The allegations contained in paragraphs 263 through 264 of Plaintiff's First Amended Complaint contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

## THIRTEENTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT IMPERIAL BODY SHOP
## (18 U.S.C.1962 (d) – CONSPIRACY TO VIOLATE 1962 (c))

53. In responding to paragraph 265, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 52 above, as though fully set forth herein.

54. The allegations contained in paragraphs 266 through 268 of Plaintiff's First Amended Complaint are not directed at this answering defendant and contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant deny each and every allegation contained therein.

## FOURTEENTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT KEVIN KARAPOGOSIAN
## (18 U.S.C.1962 (d) – CONSPIRACY TO VIOLATE 1962 (c))

55. In responding to paragraph 269, this answering defendant repeats and re-alleges the responses to paragraphs 1 through 54 above, as though fully set forth herein.

56. The allegations contained in paragraphs 270 through 272 of Plaintiff's First Amended Complaint are not directed at this answering defendant and contain legal conclusions. Therefore, no response is required. If it is deemed that a response is required, this answering defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

The Complaint, and each cause of action therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Contributory Negligence)

Defendant Gonzalez and Defendant Exchange are informed and believe and thereon alleges that Plaintiff was careless and negligent about the matters complained of and that such carelessness and negligence contributed to the happening of the incident complained of, and the damages, if any, sustained thereby.

11

George Gonzalez and The Interinsurance Exchange of the Automobile Club:   Case No. 8:22-cv-2325
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each cause of action therein, is barred by the applicable statute of limitations, to wit, by the provisions of California Code of Civil Procedure sections 335 *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each cause of action therein, is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The Complaint, and each cause of action therein, is barred by the doctrines of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate his alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (Jurisdiction)

The Court does not have personal or subject matter jurisdiction to hear these claims.

### EIGHTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Defendants are informed and believe and thereon alleges that plaintiff, with full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the risks and hazards of the incident complained of, and the damages, if any, resulting therefrom.

### NINTH AFFIRMATIVE DEFENSE

### (Third Party Fault)

Defendants are informed and believe and thereon alleges that Plaintiff's injuries were caused or contributed to by third parties in a percentage to be determined at trial and that Plaintiffs' recovery of non-economic damages shall be reduced in proportion to such third parties' percentage of fault.

### TENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff's do not have standing under Article III because he did not suffer from an injury of fact. Furthermore, any injury claimed by the plaintiff is not redressable or proximately caused by the actions of this defendant. Additionally, plaintiff did not suffer from the type of injury that is actionable under the Clayton Act, Sherman Act, or the RICO Act.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Reliance)

Plaintiff did not actually rely on any representations made by this defendant and any reliance was not justifiable or objectively reasonable.

### TWELFTH AFFIRMATIVE DEFENSE

### (Attorney Fees Not Recoverable)

Attorney fees are not recoverable under the facts alleged by the plaintiff against this defendant. Plaintiff is seeking redress under a legal theory that does not allow for attorney fees unless authorized by contract or statute. Furthermore, Plaintiff is representing himself pro per and attorney fees are not recoverable.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

Plaintiff is asserting claims that he has no Private Right of Action to bring.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Nexus to Interstate Commerce)

The conduct alleged by plaintiff does not have a nexus to interstate commerce.

### PRAYER

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, this answering defendant prays that:

1. Plaintiff take nothing by way of plaintiff's unverified Second Amended Complaint on file herein as against this answering defendant;

13

George Gonzalez and The Interinsurance Exchange of the Automobile Club:   Case No. 8:22-cv-2325
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

2. This answering defendant be dismissed with costs of suit incurred herein;

3. Plaintiff's recovery against this answering defendant, if any, be diminished by an amount equal to the degree of negligence attributable to other persons; and

### JURY TRIAL DEMAND
*Fed.R.Civ.P. 38.*

Gonzalez hereby demands a trial by jury.

Dated:  October 24, 2023

                           FORD, WALKER, HAGGERTY & BEHAR

                           BY:_____
                            JEET SEN
                            ERAN S. FORSTER
                            Attorneys for Defendant,
                            *The Interinsurance Exchange of the*
                            *Automobile Club and Jorge Gonzalez*

14

George Gonzalez and The Interinsurance Exchange of the Automobile Club:    Case No. 8:22-cv-2325
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT