VIVIAN I. ORLANDO (SBN 213833)
VOrlando@maynardcooper.com
ALISON J. SHILLING (SBN 340154)
AShilling@maynardcooper.com
Maynard Nexsen LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone:  310.596.4500

Attorneys for Defendant
USAA Casualty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. SIGLER,<br><br>  Plaintiff,<br><br>  v.<br><br>JORGE GONZALEZ, USAA CASUALTY INSURANCE COMPANY, INTERINSURANCE EXCHANGE OF AUTOMOBILE CLUB, IMPERIAL BODY SHOP, INC., PABLO GALVEZ, GREG TAYLOR, MELISSA ORDELL, DANELLE BUSHNELL, AMBER PETERSON (aka AMBER PETERSON FORREST, aka AMBER J. SCHNEIDER), KEVIN KARAPOGOSIAN, JAMES SYRING, RANDY TERMEER, JOHN BOYLE and DOES 1 to 99, inclusive,<br><br>  Defendants. | Case No.  8:22-cv-02325-CJC-JDEx<br><br>(Honorable Cormac J. Carney)<br><br>**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S *EX PARTE* APPLICATION TO STRIKE PLAINTIFF JOHN W. SIGLER'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, CONTINUE THE MEDIATION AND DATES SET FORTH IN THE SCHEDULING ORDER IN THIS ACTION; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT**<br><br>**<u>IMMEDIATE CONSIDERATION REQUESTED GIVEN UPCOMING DEADLINES IN NOVEMBER</u>**<br><br>**[Filed concurrently with Declaration of Vivian I. Orlando and [Proposed] Order]**<br><br>Discovery C/O:   Nov. 30, 2023<br>Motion C/O:      Jan. 29, 2024<br>Trial Date:         April 9, 2024<br><br>First Am. Comp. Filed: October 9, 2023 |

1

**USAA CASUALTY INSURANCE COMPANY'S *EX PARTE NOTICE***

**I.     *EX PARTE* RELIEF SOUGHT**

By this *ex parte* application, a previously dismissed and newly improperly re-named defendant, USAA Casualty Insurance Company ("USAA CIC"),[1] asks this Court for the following relief:

(i)     To strike Plaintiff John W. Sigler's ("Plaintiff") First Amended Complaint ("FAC") filed on October 9, 2023 [ECF No. 76] at least as to USAA CIC, because the FAC added USAA CIC along with 9 other individual defendants without Plaintiff being granted leave by this Court to do so [*see* ECF No. 73, Order Granting Defendant Interinsurance Exchange of the Automobile Club's (the "Exchange") Motion to Dismiss, which makes no mention of adding 10 defendants]. This is highly prejudicial to USAA CIC (and, presumably, all other new defendants) given the dates presently set in the case,[2] as well as the Court's inability to evaluate the propriety of the proposed amendments because Plaintiff (a *pro se* Plaintiff) added 10 defendants to the case without leave to do so.

Alternatively, if the Court is not willing to strike the FAC in its entirety (or at least as to USAA CIC (for which the case is not even at issue), dismissing it again from the case), USAA CIC asks for the following:

(i)     It be excused from participating in the upcoming mediation, which USAA CIC understands is scheduled for November 29, 2023 and continue the deadline to mediate as to at least USAA CIC [ECF No. 22, 50] ; and

(ii)    The Court continue all other dates set forth in the Scheduling Order

---

[1] USAA CIC was dismissed from the case on **July 3, 2023**. [ECF No. 52.] USAA CIC reserves all its objections and defenses and expressly does not waive any such objections and defenses by this request, which could not be brought on regular notice or following motion practice given the dates set in this case as discussed herein.

[2] Pursuant to the Court's currently effective Scheduling Order issued in March 2023 [ECF No. 22], the discovery cut-off is November 30, 2023; mediation must be completed by December 14, 2023; the motion deadline is January 29, 2024; the pre-trial conference is set for April 1, 2024; and trial is to begin on April 9, 2024.

[ECF No. 22] at least seven (7) to eight (8) months at least as to USAA CIC as the dates presently set are prejudicial and unfair to USAA CIC. *See* concurrently filed Declaration of Vivian I. Orlando ("Orlando Decl."), ¶2.

While USAA CIC asked the parties to stipulate to continue these dates, the parties could not timely agree despite presumably recognizing that the dates in this case would need to be continued if Plaintiff's FAC filed on October 9, 2023 [ECF No. 76] is not otherwise stricken by this Court. *See* Orlando Decl., ¶3. Thus, USAA CIC had no other choice but to seek immediate relief on an *ex parte* basis to protect its interests given the immediate upcoming deadlines in the case. Indeed, given the current dates in this case, USAA CIC would be forced to submit a mediation statement before the case is even at issue as to it, participate in a mediation without the benefit of discovery or Plaintiff's deposition, and would be completely deprived of any right to do discovery in the case or effectively file a summary judgment motion. *Id.*

## II.     ADDITIONAL BACKGROUND

By way of further background, USAA CIC along with 9 other individual defendants were improperly re-named as defendants to this case by way of Plaintiff's FAC [ECF No. 76][3] without Plaintiff being granted leave by this Court to do so [ECF No. 73, Order Granting the Exchange's Motion to Dismiss, which makes no mention of Plaintiff having permission to add 10 defendants]. In addition to adding 10 defendants to the FAC, the FAC now alleges new theories (following the failure of Plaintiff's original claims) and asserts fourteen (14) causes of action for fraud, RICO and newly added claims under the Sherman and Clayton Federal Antitrust Acts. **The FAC is 175 pages long and contains over 272 paragraphs.**

---

[3] The new individual defendants include not only alleged employees of the entity defendants, but also the president of each insurer. And, in fact, at least one of the new individual defendants does not even seem to have a claim asserted against him.

1    USAA CIC was not served with the FAC until November 2, 2023, and its
2    response to the FAC is not due until November 27, 2023, two (2) days prior to the
3    mediation [ECF No. 50] and three (3) days prior to the discovery cut-off [ECF No.
4    22]. USAA CIC was not served by Plaintiff with the documents that set forth the
5    dates scheduled in this case. Orlando Decl., ¶4.  As previously noted, USAA CIC
6    was dismissed from the case by this Court following a motion for judgment on the
7    pleadings and appraisal on July 3, 2023. [ECF No. 52.]
8    USAA CIC intends on ultimately seeking dismissal on the grounds that
9    Plaintiff failed to obtain permission from the Court to file a FAC that re-named
10   USAA CIC as a defendant, compelling appraisal which Plaintiff again refused in
11   good faith to participate in, and seeking dismissal due to numerous other deficiencies
12   with the merits of Plaintiff's claims. Orlando Decl., ¶5.  Nevertheless, for purposes
13   of this *ex parte* request, USAA CIC contends that if the Court does not *sua sponte*
14   strike Plaintiff's improper FAC at least as to it (and, presumably, other newly added
15   defendants, none of which have appeared), USAA CIC requests that the Court vacate
16   or continue all dates in this case as to it for at least 7-8 months as it cannot reasonably
17   comply with the current deadlines and it would be unfairly prejudicial for USAA
18   CIC to be required to do so. Orlando Decl., ¶6.

**III.    *EX PARTE* NOTICE WAS PROPERLY PROVIDED**

Notice of the substance of this *ex parte* application was provided to Plaintiff and the Defendants who have appeared in this case as follows by email on November 16 and 18, 2023 (Orlando Decl., ¶7):

John W. Sigler
JSIGLER@SWS-LLC.COM
13129 Stern Avenue
La Mirada, California 90638
Telephone: (714) 697-8576
*Plaintiff Pro Se*

Jeffrey M. Lenkov, Esq.
jeffrey.lenkov@manningkass.com
MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor

Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Imperial Body Shop, Inc.*

Jeet Sen, Esq.
Eran Scott Forster, Esq.
jsen@fwhb.com
eforster@fwhb.com
rbaptist@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
Telephone: (562) 983-2500
Facsimile: (562) 983-2555 Fax
*Attorneys for Defendants*
*Jorge Gonzalez and Interinsurance Exchange of Automobile Club*

The Parties were advised that they should inform the Court of If they not intend to oppose the *ex parte* application by email as stated on the Court's website and directed to the Court's order. *Id.*

## IV. THE PARTIES' POSITIONS ON THE *EX PARTE*

USAA CIC understands the positons of the parties as follows:

**Striking of the FAC**: Plaintiff does not agree that the FAC should be stricken with respect to the newly added defendants or otherwise. The other Defendants who have appeared (the Exchange, Jorge Gonzalez ("Gonzalez") and Imperial Body Shop, Inc. ("Imperial")) agree with USAA CIC that the FAC should be stricken.

**Mediation**: Plaintiff will agree to excuse USAA CIC from participating in the mediation, but the other Defendants who have appeared (the Exchange, Gonzalez, and Imperial) will not agree to excuse USAA CIC. All parties do not dispute that the mediation dates should be continued.

**Continuance of Dates**: The other Defendants who have appeared (the Exchange, Gonzalez, and Imperial) will agree to the continuance of the dates for 7-8 months. Plaintiff will not agree to allow a continuance at least as to the Exchange, Gonzalez, and Imperial. *See* Orlando Decl., ¶8.

5

Dated: November 20, 2023

MAYNARD NEXSEN LLP

By: /s/ Vivian I. Orlando
VIVIAN I. ORLANDO
ALISON J. SHILLING
Attorneys for Defendant
USAA Casualty Insurance Company

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND RELIEF REQUESTED

By this *ex parte* application, a previously dismissed and newly improperly re-named defendant, USAA Casualty Insurance Company ("USAA CIC"),[4] asks this for the following relief:

(ii) To strike Plaintiff John W. Sigler's ("Plaintiff") First Amended Complaint ("FAC") filed on October 9, 2023 [ECF No. 76] at least as to USAA CIC, because the FAC added USAA CIC along with 9 other individual defendants without Plaintiff being granted leave by this Court to do so [*see* ECF No. 73, Order Granting Defendant Interinsurance Exchange of the Automobile Club's (the "Exchange") Motion to Dismiss, which makes no mention of adding 10 defendants]. This is highly prejudicial to USAA CIC (and, presumably, all other new defendants and even the defendants in the case given the new claims) given the dates presently set in the case,[5] as well as the Court's inability to evaluate the propriety of the proposed amendments because Plaintiff (a *pro se* Plaintiff) added 10 defendants to the case without leave to do so.

Alternatively, if the Court is not willing to strike the FAC in its entirety (or at least as to USAA CIC (for which the case is not even at issue), dismissing it again from the case), USAA CIC asks for the following:

(iii) It be excused from participating in the upcoming mediation, which USAA CIC understands is scheduled for November 29, 2023 and continue the deadline to mediate as to it at least [ECF No. 22, 50]; and

---

[4] USAA CIC was dismissed from the case on **July 3, 2023**. [ECF No. 52.] USAA CIC reserves all its objections and defenses and expressly does not waive any such objections and defenses by this request, which could not be brought on regular notice or following motion practice given the dates set in this case as discussed herein.

[5] Pursuant to the Court's currently effective Scheduling Order issued in March 2023 [ECF No. 22], the discovery cut-off is November 30, 2023; mediation must be completed by December 14, 2023; the motion deadline is January 29, 2024; the pre-trial conference is set for April 1, 2024; and trial is to begin on April 9, 2024.

   (iv) The Court continue all other dates set forth in the Scheduling Order [ECF No. 22] at least seven (7) to eight (8) months at least as to USAA CIC as the dates presently set are prejudicial and unfair to USAA CIC. *See* concurrently filed Declaration of Vivian I. Orlando ("Orlando Decl."), ¶2.

   While USAA CIC asked the parties to stipulate to continue these dates, the parties could not timely agree despite presumably recognizing that the dates in this case would need to be continued at least as to the new Defendants if Plaintiff's FAC filed on October 9, 2023 [ECF No. 76] is not otherwise stricken by this Court. *See* Orlando Decl., ¶3. Thus, USAA CIC had no other choice but to seek immediate relief on an *ex parte* basis to protect its interests given the immediate upcoming deadlines in the case. Indeed, given the current dates in this case, USAA CIC would be forced to submit a mediation statement before the case is even at issue as to it, participate in a mediation without the benefit of discovery or Plaintiff's deposition, and would be completely deprived of any right to do discovery in the case or effectively file a summary judgment motion. *Id.*

## II. BACKGROUND FACTS

   On March 23, 2023, the Court issued its Scheduling Order. [ECF No. 22.] Pursuant to the Scheduling Order, the discovery cut-off is November 30, 2023; mediation must be completed by December 14, 2023; the motion deadline is January 29, 2024; the pre-trial conference is set for April 1, 2024; and trial is to begin on April 9, 2024.

   On July 3, 2023, the Court granted USAA CIC's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Compel Appraisal and dismissed USAA CIC from the case. [ECF No. 52.]

   On September 18, 2023, the Court issued its Order Granting the Exchange's Motion to Dismiss with Leave for Plaintiff to Amend his Complaint. [ECF No. 73.]

   On October 9, 2023, Plaintiff filed his First Amended Complaint ("FAC"). [ECF No. 76.] The FAC added certain claims for relief, but also added ten (10)

defendants to the action (including USAA CIC—which, as noted above, was previously dismissed from the action on July 3, 2023 [ECF No. 52]—and nine (9) other previously unnamed individual defendants).

Plaintiff contends adding new parties without seeking permission is permitted, while Defendants dispute that ECF No. 73 allowed Plaintiff to add defendants. In addition to adding 10 defendants to the FAC, the FAC now alleges fourteen (14) causes of action for fraud, RICO and newly added claims under the Sherman and Clayton Federal Antitrust Acts. **The FAC is 175 pages long and contains over 272 paragraphs.** And, again, ECF No. 73, Order Granting the Exchange's Motion to Dismiss, makes no mention of Plaintiff having permission to add 10 defendants.

USAA CIC was not served with the FAC until November 2, 2023, and its response is not due until November 27, 2023, and as to at least several individual defendants, their responses to the FAC are not due until December 18, 2023, leaving it unclear when the case will be at issue for all defendants. USAA CIC was not served by Plaintiff with the documents that set forth the dates scheduled in this case at the time of service of the FAC (or thereafter). Orlando Decl., ¶4.

IBS, Gonzalez and the Exchange are scheduled to mediate the matter on November 29, 2023 and believe that USAA CIC (for which the case is not at issue as well as for the individual defendants) should participate, but the Plaintiff has agreed to excuse USAA CIC. Orlando Decl., ¶8.

USAA CIC, while expressly reserving all its objections and defenses, contends that it should be excused from participating in the November 29, 2023 mediation because its response to the FAC is not due until two (2) days prior to the mediation. Further, USAA CIC has not had the opportunity to conduct any meaningful discovery in this case and cannot reasonably participate in mediation at this time. It also contends that all current deadlines in the case must be continued to allow USAA CIC to have time to further meaningfully evaluate the case, seek dismissal of the FAC, engage in discovery and/or file for summary judgment.

9

USAA CIC intends on ultimately seeking dismissal on the grounds that Plaintiff failed to obtain permission from the Court to file a FAC that re-named USAA CIC as a defendant, compelling appraisal which Plaintiff again refused in good faith to participate in, and seeking dismissal due to numerous other deficiencies with the merits of Plaintiff's claims. Orlando Decl., ¶5. Nevertheless, for purposes of this *ex parte* request, USAA CIC contends that if the Court does not *sua sponte* strike Plaintiff's improper FAC at least as to it (and, presumably, other newly added defendants, none of which have appeared), USAA CIC requests that the Court vacate or continue all dates in this case as to it for at least 7-8 months as it cannot reasonably comply with the current deadlines and it would be unfairly prejudicial for USAA CIC to be required to do so. Orlando Decl., ¶6.

### III. <u>PLAINTIFF WAS NOT GIVEN LEAVE TO ADD PARTIES TO THE FAC, AND HIS FIRST AMENDED COMPLAINT SHOULD BE STRICKEN ENTIRELY OR AT LEAST SHOULD BE DISMISSED AS TO USAA CIC</u>

As noted above, the Order Granting the Exchange's Motion to Dismiss did not allow Plaintiff to add new defendants, including adding a previously dismissed defendant back into the case. [ECF No. 73.] It is well-established, that a party is bound by the scope of leave given, and absent obtaining leave to add new parties, a Plaintiff may not simply do so. *See, e.g., Brosnan v. Alki Mortgage Co.*, 2008 WL 895695 (N.D. Cal. Mar. 31, 2008) (finding that the Plaintiff failed to comply with the Court's order of dismissal with leave to amend and that Plaintiff improperly attempted to add 55 defendants "to his complaint, without leave of court, in violation of Rule 15, Federal Rules of Civil Procedure").

Here, requiring Plaintiff to seek leave to add defendants to the action is particularly important as it would have required Plaintiff to articulate the need for amendment to and 10 defendants, the reasons for delay, and allowed this Court to review and evaluate the legitimacy of the reasons for which Plaintiff believes these

parties (including presidents of insurers and formerly dismissed defendants) should be added to this case. It would have also highlighted the obviously problems with allowing this and other amendments in light of the dates that were already set in this case. Thus, striking Plaintiff's FAC given his failure to seek proper leave is warranted here.

## IV. GOOD CAUSE EXISTS FOR *EX PARTE* RELIEF

USAA CIC's *Ex Parte* Application requesting either dismissal entirely or striking as to USAA CIC of the improperly filed FAC, or, in the alternative, relief from participation in the November 29, 2023 mediation and modification of Scheduling Order as to at least USAA CIC should be granted.

As this Court has recognized, *ex parte* applications may be granted where a moving party shows that she will be irreparably prejudiced if the underlying motion is heard according to standard noticed motion procedures, and that the moving party "is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

USAA CIC clearly meets this standard. USAA CIC will suffer irreparable harm if *ex parte* relief is not granted as it will be deprived of fundamental rights to conduct discovery and challenge pleadings and given the immediate upcoming deadlines including a November 30, 2023 deadline discovery cutoff date and a January 29, 2023 motion hearing date. There is not time to have a motion heard on regular notice, and USAA again notes that it was not served with the FAC until November 2, 2023, its response is not due until November 27, 2023, and it has not been a party to the case since it was dismissed on July 3, 2023. Plaintiff, and his improper conduct, not USAA CIC, was the cause for the need for *ex parte* relief. Orlando Decl.,

USAA CIC does not seek the requested relief for unreasonable delay or other improper purpose. USAA CIC assert that its request is warranted and *ex parte* relief

11

is needed under the circumstances caused by Plaintiff's filing of the FAC adding new defendants without leave to do so and without any adjustments being made to the case schedule. USAA CIC has certainly shown that the pretrial schedule's deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, Adv. Comm. Notes (1983 amendment)). Thus, *ex parte* relief is both necessary and warranted here.

## V.   *EX PARTE* NOTICE WAS PROPERLY PROVIDED

In compliance with Local Rule 7-19 and the Court's standing orders, notice of the substance of this *ex parte* application was provided to Plaintiff and the Defendants who have appeared in this case as follows by email on November 16 and 18, 2023 (Orlando Decl., ¶7):

John W. Sigler
JSIGLER@SWS-LLC.COM
13129 Stern Avenue
La Mirada, California 90638
Telephone: (714) 697-8576
*Plaintiff Pro Se*

Jeffrey M. Lenkov, Esq.
jeffrey.lenkov@manningkass.com
MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Imperial Body Shop, Inc.*

Jeet Sen, Esq.
Eran Scott Forster, Esq.
jsen@fwhb.com
eforster@fwhb.com
rbaptist@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
Telephone: (562) 983-2500
Facsimile: (562) 983-2555 Fax
*Attorneys for Defendants
Jorge Gonzalez and Interinsurance Exchange of Automobile Club*

The Parties were advised that they should inform the Court if they do not intend to oppose the *ex parte* application by email as stated on the Court's website and directed to the Court's order. *Id.*

## VI. THE PARTIES' POSITIONS ON THE *EX PARTE*

USAA CIC understands the positons of the parties as follows:

**Striking of the FAC**: Plaintiff does not agree that the FAC should be stricken with respect to the newly added defendants or otherwise. The other Defendants who have appeared (the Exchange, Jorge Gonzalez ("Gonzalez") and Imperial Body Shop, Inc.("Imperial")) agree with USAA CIC that the FAC should be stricken.

**Mediation**: although Plaintiff has agreed, the other Defendants who have appeared (the Exchange, Gonzalez, and Imperial) will not agree to excuse USAA CIC from participating in the mediation, but no party disputes that the mediation dates should be continued.

**Continuance of Dates**: The other Defendants who have appeared (the Exchange, Gonzalez, and Imperial) will agree to the continuance of the dates for 7-8 months. Plaintiff will not agree to allow a continuance at least as to the Exchange, Gonzalez, and Imperial. *See* Orlando Decl., ¶8.

## VII. CONCLUSION

While USAA CIC believes that the FAC should be stricken and the mediation should not proceed at this time, at a minimum it asks this Court to excuse it from participation in the mediation and to continue the dates as to it in this case if the Court does not otherwise strike Plaintiff's improper FAC.

//
//
//
//
//
//

13

| | | |
|---|---|---|
| Dated: November 20, 2023 | | MAYNARD NEXSEN LLP |
| | By: | /s/ Vivian I. Orlando |
| | | VIVIAN I. ORLANDO |
| | | ALISON J. SHILLING |
| | | Attorneys for Defendant |
| | | USAA Casualty Insurance Company |

# CERTIFICATE OF SERVICE

*John W. Sigler v. Jorge Gonzalez, USAA Casualty Insurance Company, et al.*
*Case No. 8:22-cv-02325-CJC-JDEx*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **November 20, 2023**, I served the document(s) entitled, DEFENDANT USAA CASUALTY INSURANCE COMPANY'S EX PARTE APPLICATION TO STRIKE PLAINTIFF JOHN W. SIGLER'S FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, CONTINUE THE MEDIATION AND DATES SET FORTH IN THE SCHEDULING ORDER IN THIS ACTION; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

and telephone number as stated.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein. I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **November 20, 2023**, at Los Angeles, California.

Lea Borys

1020793\304578071.v1

# SERVICE LIST

*John W. Sigler v. Jorge Gonzalez, USAA Casualty Insurance Company, et al.*
*Case No. 8:22-cv-02325-CJC-JDEx*

**VIA EMAIL AND MAIL**
John W. Sigler
13129 Stern Avenue
La Mirada, California 90638
Telephone: (714) 697-8576
Email: JSIGLER@SWS-LLC.COM
*Plaintiff In Propria Persona*

**VIA CM/ECF**
Jeffrey M. Lenkov, Esq.
jeffrey.lenkov@manningkass.com
tlp@ManningKass.com
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Imperial Body Shop, Inc.*

**VIA CM/ECF**
Jeet Sen, Esq.
Eran Scott Forster, Esq.
eforster@fwhb.com
rbaptist@fwhb.com
jsen@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR, LLP
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
(562) 983-2500 | (562) 983-2555 Fax
*Attorneys for Defendant, Interinsurance Exchange of Automobile Club of Southern California*