UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 22-02325-CJC (JDEx)                    Date:  November 21, 2023

Title: JOHN W. SIGLER v. JORGE GONZALEZ, *et al.*

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT USAA CASUALTY INSURANCE COMPANY'S *EX PARTE* MOTION [86]**

This case arises from the alleged mishandling of *pro se* Plaintiff John S. Sigler's insurance claim after his car was damaged in a two-car accident.  (*See* Dkt. 76 [First Am. Compl., hereinafter "FAC"] ¶¶ 1–6.)  In June 2023, Defendant USAA Casualty Insurance Company moved for judgment on the pleadings based on an arbitration provision in Plaintiff's insurance agreement.  (Dkt. 43.)  The Court granted USAA's motion and dismissed Plaintiff's claims against it without prejudice pending arbitration.  (Dkt. 52). On October 9, 2023, Plaintiff filed the FAC, which again names USAA as a defendant, and served it on USAA on November 2, 2023.  (*See* Dkt. 86 [*Ex Parte* Appl. to Strike FAC, hereinafter "App."] at 4.)[1]  On November 20, 2023—nearly three weeks after it was served—USAA filed an *ex parte* application to strike Plaintiff's FAC (among other requests) because Plaintiff and USAA have not yet completed arbitration.  (*Id.* at 1–4.)

To justify *ex parte* relief, a party must make two showings: (1) "the evidence must show that the moving party's cause will be *irreparably prejudiced* if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power*

---

[1] Presumably USAA's attorneys also received the electronic filing notification on October 9, 2023 when the FAC was filed since USAA and its counsel still appear as parties on the docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 22-02325-CJC (JDEx)            Date: November 21, 2023
                                                                                                                              Page 2

*Engineering Co v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (emphasis added). USAA has failed to make either showing.

       USAA seeks dismissal of the FAC in its entirety, and/or dismissal of the FAC as to USAA, and/or permission not to participate in the parties' upcoming mediation, and/or significant continuances of all dates in the Scheduling Order (Dkt. 22). (*See* App. at 2–3.) There is no evidence that USAA will be irreparably prejudiced by attending the mediation next week, even if it is ultimately dismissed from the case. Nor is there evidence that USAA cannot seek a reasonable continuance of any discovery deadlines per regular procedures, including through stipulation, should it not be able to complete any discovery desired according to the Scheduling Order.

       Moreover, any emergency is of USAA's own creation. *Ex parte* motions are "the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'" *Mission Power*, 883 F. Supp. at 492. In seeking *ex parte* relief, "[t]here had better be a fire." There is no fire here, and if there were, USAA set it. USAA received the FAC nearly three weeks ago, yet it articulates no reason for having waited until now to request emergency relief. If this relief was so necessary, USAA should have filed a noticed motion when it received the FAC to give all parties a chance to respond. Instead, USAA now seeks to cut in front of every other litigant—and to deny Plaintiff the opportunity to respond—to avoid a mediation, to dismiss the FAC as a whole or at least the claims against USAA in its entirety, or to receive an extremely lengthy discovery extension. *See Mission Power*, 883 F. Supp. at 492 (explaining that a party seeking *ex parte* relief "must show why [they] should be allowed to go to the head of the line in front of all other litigants and receive special treatment"). Without a strong showing in USAA's favor, such sweeping relief is not an appropriate objective of an *ex parte* motion. And USAA does not address the facts alleged in the FAC that, if true, would render Plaintiff's claims against it ripe for litigation in this Court. (*See, e.g.,* FAC ¶¶ 26–27, Ex. A.)

       Accordingly, USAA's application is **DENIED.**

lat
MINUTES FORM 11

CIVIL-GEN                                                                                                   Initials of Deputy Clerk RRP