Jeffrey M. Lenkov (State Bar No. 156478)
  *jeffrey.lenkov@manningkass.com*
Doris Youmara (State Bar No. 326211)
  *doris.youmara@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California  90017-3012
Telephone:  (213) 624-6900
Facsimile:   (213) 624-6999

*Attorneys for Defendant Imperial Body Shop, Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN W. SIGLER,<br><br>                        Plaintiff,<br><br>v.<br><br>JORGE GONZALES, USAA CASUALTY INSURANCE COMPANY, INTERINSURANCE EXCHANGE OF AUTORMOBILE CLUB OF SOUTHERN CALIFORNIA, IMPERIAL BODY SHOP, INC. ,<br><br>                        Defendant. | Case No. 8:22-cv-02325-CJC-JDE<br><br>**Notice of *Ex Parte* Application and Defendant Imperial Body Shop, Inc.'s *Ex Parte* Application to Modify the Scheduling Order; Memorandum of Points and Authorities in Support Thereof**<br><br>*Filed concurrently with the Declaration of Jeffrey M. Lenkov and [Proposed] Order* |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rules 7-19 and 16-14, Defendant Imperial Body Shop, Inc. ("IBS") hereby moves the Court, on an *ex parte* basis, to Modify the Scheduling Order by continuing the trial date and all of the related pre-trial dates by 4 months.

This *ex parte* application is made on the ground that the trial and pre-trial dates set forth in the Court's March 23, 2023 Scheduling Order (Dkt. No. 22)—including but not limited to the November 30, 2023 fact discovery cut-off—are unworkable in light Plaintiff's recent filing of a First Amended Complaint ("FAC") on October 9, 2023 (Dkt. No. 76), which asserts ten (10) causes of action against thirteen (13) defendants, some of whom have not yet been served, have not yet appeared, and/or have not yet responded to the FAC.  Nine (9) of the defendants were added for the first time in the FAC and have not yet appeared in the action.  Another defendant was previously dismissed and was re-added in the FAC without leave of Court.

Furthermore, good cause exists to modify the Scheduling Order to allow for the scheduling of Plaintiff's deposition, which, despite Defendant IBS's best efforts, has not yet been scheduled and which, in the interests of justice, cannot be scheduled until all of the newly-added defendants have made an appearance in the action.

This *ex parte* application is based on this notice of *ex parte* application, the attached memorandum of points and authorities, the declaration of Jeffrey M. Lenkov filed concurrently herewith, all of the pleadings, files, and records in this proceeding, and all other matters of which the Court may take judicial notice.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Court's procedures governing civil actions, this *ex parte* application will be submitted on the papers.  If the Court finds that a hearing is necessary, the parties will be notified and given a hearing date and time.  If any party does not intend to oppose the *ex parte* application, that party must inform the courtroom deputy by e-mail.

/ / /

| | | |
|---|---|---|
| 1 | DATED: November 21, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | **MANNING & KASS**<br>**ELLROD, RAMIREZ, TRESTER LLP** |
| 4 | | |
| 5 | | |
| 6 | | By:  */s/ Jeffrey M. Lenkov* |
| 7 | | Jeffrey M. Lenkov<br>*Attorneys for Defendant Imperial Body Shop, Inc.* |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Imperial Body Shop, Inc. ("IBS") moves, on an *ex parte* basis, for modification of the Court's March 23, 2023 Scheduling Order by continuing the trial and all of the related pre-trial dates by 4 months. As set forth in the recently-filed Defendant USAA Casualty Insurance Company's ("USAA") *ex parte* application (Dkt. No. 86)—which Defendant IBS joins in part—good cause exists to modify the Scheduling Order as a result of Plaintiff John W. Sigler's recent filing of a First Amended Complaint ("FAC") on October 9, 2023 (Dkt. No. 76), which asserts ten (10) causes of action against thirteen (13) defendants, some of whom have not yet been served, have not yet appeared, and/or have not yet responded to the FAC. Nine (9) of the defendants were added for the first time in the FAC and have not yet appeared in the action. Another defendant (USAA) was previously dismissed and was re-added in the FAC without leave of Court.

Furthermore, good cause exists to modify the Scheduling Order to allow for the scheduling of Plaintiff's deposition, which, despite Defendant IBS's best efforts, has not yet been scheduled and which, in the interests of justice, cannot be scheduled until all of the newly-added defendants have made an appearance in the action.

Defendant IBS's counsel advised all parties of this *ex parte* application by e-mails dated November 20, 2023. Based on e-mail correspondence between the parties, Defendant IBS's understanding is that (1) Plaintiff opposes the modification of the Scheduling Order as to Defendants IBS, Jorge Gonzalez ("Gonzalez"), and Interinsurance Exchange of Automobile Club of Southern California ("Exchange"); (2) Defendant USAA only supports the modification of the Scheduling Order if the dates are extended by 7 to 8 months; and (3) Defendants Gonzalez and Exchange do not oppose the modification of the Scheduling Order by at least 4 months.

For all the foregoing reasons, the Court should grant this *ex parte* application and continue the trial and all of the related pre-trial dates by 4 months.

## II. BACKGROUND

Plaintiff commenced this action on November 18, 2022. On July 3, 2023, the Court granted USAA's motion for judgment on the pleadings. Dkt. No. 52. Plaintiff filed the FAC, which is the operative complaint, on October 9, 2023. Dkt. No. 76.

The FAC asserts ten (10) causes of action against thirteen (13) defendants, some of whom have not yet been served, appeared in this action, and/or responded to the FAC. Nine (9) of the defendants (Pablo Galvez, Greg Taylor, Melissa Ordell, Danelle Bushnell, Amber Peterson, Kevin Karapogosian, James Syring, Randy Termeer, and John Boyle) were added for the first time in the FAC and have not yet appeared in the action. Another defendant (USAA) was previously dismissed and was re-added in the FAC without leave of Court.

Defendant IBS answered the FAC on October 23, 2023. Dkt. No. 78. Defendants Exchange and Gonzalez answered the FAC on October 24, 2023. Dkt. Nos. 79, 80. Defendant USAA's current deadline to respond to the FAC is November 27, 2023. *See* Dkt. No. 86-1 at ¶ 4. Three of the newly-added defendants have a response date of December 18, 2023. *See* Dkt. Nos. 83, 84, 85.

On March 23, 2023, the Court issued the Scheduling Order that, among other things, set November 30, 2023, as the fact discovery cut-off, and set the case for a jury trial on April 9, 2024, at 8:30 a.m. Dkt. No. 22.

On November 20, 2023, Defendant USAA filed an *ex part* application seeking to strike Plaintiff's FAC or, in the alternative, excuse USAA from participating in the November 29, 2023 mediation (or continue the mediation) and continue all of the other dates set forth in the Scheduling Order by 7 to 8 months. Dkt. No. 86. Defendant IBS joins USAA's alternative request for modification of the Scheduling Order.

## III. *EX PARTE* RELIEF REQUESTED AND NOTICE PROVIDED

By this *ex parte* application, Defendant IBS seeks to modify the Court's March 23, 2023 Scheduling Order (Dkt. No. 22) by continuing the trial and all of the related pre-trial deadlines by 4 months.

On November 20, 2023, Defendant IBS's counsel provided notice of this *ex parte* application to Plaintiff and counsel for the other Defendants by e-mail. Declaration of Jeffrey M. Lenkov ("Lenkov Decl.") ¶ 14. Counsel also provided notice to Plaintiff by telephone on November 20, 2023. *Id.* In addition, between November 16 and 20, 2023, Plaintiff and counsel for Defendants engaged in e-mail correspondence related to the modification of the Scheduling Order. *Id.* ¶ 15.

Based on the foregoing e-mail correspondence between the parties, Defendant IBS's understanding is that (1) Plaintiff opposes the modification of the Scheduling Order as to Defendants IBS, Gonzalez, and Exchange; (2) Defendant USAA only supports the modification of the Scheduling Order if the dates are extended by 7 to 8 months; and (3) Defendants Gonzalez and Exchange do not oppose the modification of the Scheduling Order by at least 4 months. *Id.* ¶ 16.

## IV. PARTY AND COUNSEL INFORMATION

Consistent with Local Rule 7-19, below is the contact information for Plaintiff (*pro se*) and counsel for the other Defendants that have appeared in this action:

> John W. Sigler
> 13129 Stern Avenue
> La Mirada, California  90638
> Telephone:  (714) 697-8576
> E-mail:  jsigler@sws-llc.com
> *Plaintiff* Pro Se
>
> Jeet Sen, Esq.
> Eran Scott Forster, Esq.
> FORD, WALKER, HAGGERTY & BEHAR
> One World Trade Center, 27th Floor
> Long Beach, California  90831-2700
> Telephone:  (562) 983-2500
> Facsimile:  (562) 983-2555
> E-mail:  jsen@fwhb.com
> eforster@fwhb.com
> *Attorneys for Defendants Jorge Gonzalez and*
> *Interinsurance Exchange of Automobile Club of Southern California*

Vivian I. Orlando, Esq.
Alison J. Shilling, Esq.
MAYNARD NEXSEN LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, California  90067
Telephone:  (310) 596-4500
E-mail:  vorlando@maynardcooper.com
ashilling@maynardcooper.com
*Attorneys for Defendant USAA Casualty Insurance Company*

## V.   ARGUMENT

The Court has "broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).[1]  A showing of "good cause" is necessary to modify a scheduling order.  FED. R. CIV. P. 16(b).  Good cause exists to modify the pretrial schedule where "it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (citing FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)).

Here, good cause to modify the Scheduling Order exists for two reasons.

*First*, as set forth in more detail in Defendant USAA's pending *ex parte* application, Plaintiff recently filed his FAC, which asserts 10 causes of action against 14 defendants, including 9 defendants who were only named for the first time in the FAC and one defendant (USAA) that was previously dismissed by the Court and re-added without leave of Court.  *See* Dkt. No. 76 (FAC); Dkt. No. 86-1 at ¶ 4 (declaration of Vivian Orlando in support of USAA's *ex parte* application).  Specifically, USAA was previously dismissed from this action and its deadline to respond to the FAC is November 27, 2023.  *See* Dkt. No. 86-1 at ¶¶ 2, 4.  Several of the newly-added defendants have not yet been served.  For those that have waived service, their current deadline to respond to the FAC is December 18, 2023.  *See* Dkt.

---

[1] Unless otherwise noted, all internal citations and quotation marks are omitted, and all emphasis is added.

Nos. 83, 84, 85.  The addition of these new defendants makes unworkable the current fact discovery cut-off of November 30, 2023.  Thus, good cause exists to extend the fact discovery cut-off and the other dates by at least four months to allow sufficient time **both** for the newly-added parties to conduct necessary discovery ***as well as for the existing parties to conduct any necessary discovery as to the new parties***.

In sum, given Plaintiff's unilateral choice to greatly expand this case on the eve of the close of fact discovery, good cause exists to modify the Scheduling Order by continuing the trial and all of the related pre-trial dates by four months.

*Second*, good cause exists because despite Defendant IBS's best efforts, the parties have not yet been able to schedule Plaintiff's deposition.  Plaintiff's deposition was first noticed for July 25, 2023, by Zoom.  Lenkov Decl. ¶ 9.  Although Plaintiff appeared for the deposition, the deposition had to be cancelled because Plaintiff was having technical difficulties, such that the court reporter and counsel could not see Plaintiff.  *Id.*  Thereafter, counsel for IBS and Plaintiff engaged in extensive meet-and-confer process in an attempt to re-schedule Plaintiff's deposition.  *Id.* ¶ 10.

Most recently, on November 8, 2023, IBS served a notice of deposition, setting Plaintiff's deposition to be in person on November 21, 2023, at the office of IBS's counsel, located at 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.  *Id.* ¶ 11.  Plaintiff served a response to the notice of deposition on November 9, 2023, objecting to the deposition due to Plaintiff's unavailability.  *Id.* ¶ 12.  Despite Defendant IBS's best efforts, the parties have not been able to agree on an alternative date for Plaintiff's in-person deposition in November.  *Id.* ¶ 13.

In sum, despite IBS's best efforts, the parties have not yet been able to agree on a mutually-agreeable date for Plaintiff's in-person deposition, given that Plaintiff lacks the ability to participate in a remote deposition.  Moreover, with the addition of new defendants in the FAC, it would be in the best interest of all parties and would conserve the parties' and the Court's resources to continue the fact discovery cut-off so that all of the defendants can participate in any deposition of Plaintiff once it is

scheduled. Thus, good cause exists to modify the Scheduling Order by continuing the trial and all of the related pre-trial dates by four months.

## VI. CONCLUSION

For all the foregoing reasons, Defendant IBS respectfully requests that the Court grant this *ex parte* application and modify the Scheduling Order by extending the trial date and all of the related pre-trial dates by four (4) months.

DATED: November 21, 2023          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:     */s/ Jeffrey M. Lenkov*
        Jeffrey M. Lenkov
        *Attorneys for Defendant Imperial Body Shop, Inc.*