UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 22-02325-CJC (JDEx)                    Date:  November 22, 2023

Title: <u>JOHN W. SIGLER v. JORGE GONZALEZ, *et al.*</u>

PRESENT:

### **HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Rolls Royce Paschal</u>                                    <u>     N/A     </u>
   Deputy Clerk                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   None Present                                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT
IMPERIAL BODY SHOP'S *EX PARTE* MOTION** [88]

On November 20, 2023, Defendant USAA Casualty Insurance Company filed an *ex parte* application to strike Plaintiff's First Amended Complaint (among other requests, including a 7-8 month extension of all deadlines in the Court's scheduling order).  (Dkt. 86.)  Yesterday, the Court denied that motion.  (Dkt. 87.)  Shortly thereafter, Defendant Imperial Body Shop, Inc. ("IBS") filed an *ex parte* application to modify the Scheduling Order.  (Dkt. 88 ["App."].)  Like USAA, IBS also fails to make the requisite showing for *ex parte* relief.

To justify *ex parte* relief, a party must make two showings: (1) "the evidence must show that the moving party's cause will be *irreparably prejudiced* if the underlying motion is heard according to regular noticed motion procedures," and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect."  *Mission Power Engineering Co v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (emphasis added).

IBS requests a four-month extension on all dates in the Scheduling Order.  (App. at 6.)  There is no evidence that IBS cannot seek a reasonable continuance of any discovery deadlines per regular procedures, including through stipulation, should it not be

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 22-02325-CJC (JDEx)                    Date: November 22, 2023
                                                     Page 2

able to complete any discovery desired according to the Scheduling Order.  Nor does IBS explain why it waited until today to request such an extension on an emergency basis.

     Any emergency is of IBS's own creation.  *Ex parte* motions are "the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'"  *Mission Power*, 883 F. Supp. at 492.  In seeking *ex parte* relief, "[t]here had better be a fire."  There is no fire here, and if there were, IBS (perhaps with USAA) set it.  Plaintiff filed his First Amended Complaint, upon which IBS bases its request for *ex parte* relief, on October 9, 2023— over six weeks ago.  (Dkt. 76 ["FAC"].)  If this relief was so necessary, IBS should have filed a noticed motion when it received the FAC to give all parties a chance to respond.  Instead, IBS now seeks to cut in front of every other litigant—and to deny Plaintiff the opportunity to respond—for an emergency, lengthy discovery extension.  *See Mission Power*, 883 F. Supp. at 492 (explaining that a party seeking *ex parte* relief "must show why [they] should be allowed to go to the head of the line in front of all other litigants and receive special treatment").  And with limited exception, IBS has not articulated what additional discovery it wishes to conduct and why that will require four months.

     Accordingly, IBS's application is **DENIED.**

lat
MINUTES FORM 11

CIVIL-GEN                                            Initials of Deputy Clerk RRP