1  VIVIAN I. ORLANDO (SBN 213833)
   VOrlando@maynardnexsen.com
2  ALISON J. SHILLING (SBN 340154)
   AShilling@maynardnexsen.com
3  Maynard Nexsen LLP
   10100 Santa Monica Boulevard, Suite 550
4  Los Angeles, CA 90067
   Telephone:  310.596.4500
5
   Attorneys for Defendant
6  USAA Casualty Insurance Company

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 JOHN W. SIGLER,                          Case No.  8:22-cv-02325-CJC-JDEx

12              Plaintiff,                   (Honorable Cormac J. Carney,
                                             Crtrm: 9B, Santa Ana)
13      v.

14 JORGE GONZALEZ, USAA                      **DEFENDANT USAA CASUALTY
   CASUALTY INSURANCE                        INSURANCE COMPANY'S
15 COMPANY, INTERINSURANCE                   ANSWER TO PLAINTIFF JOHN W.
   EXCHANGE OF AUTOMOBILE                    SIGLER'S FIRST AMENDED
16 CLUB, IMPERIAL BODY SHOP, INC.,           COMPLAINT**
   PABLO GALVEZ, GREG TAYLOR,
17 MELISSA ORDELL, DANELLE                   Discovery C/O:    Nov. 30, 2023
   BUSHNELL, AMBER PETERSON (aka             Motion C/O:       Jan. 29, 2024
18 AMBER PETERSON FORREST, aka               Trial Date:       April 9, 2024
   AMBER J. SCHNEIDER), KEVIN
19 KARAPOGOSIAN, JAMES SYRING,
   RANDY TERMEER, JOHN BOYLE                 Complaint Filed:  November 18, 2022
20 and DOES 1 to 99, inclusive,             Am. Comp. Filed: October 9, 2023

21              Defendants.

22

23

24

25

26

27

28

Defendant USAA Casualty Insurance Company ("USAA CIC") answers as follows the allegations set forth in Plaintiff John W. Sigler's ("Plaintiff") First Amended Complaint ("Complaint"):[1]

## ABSTRACT

1.     USAA CIC admits the allegations in paragraph 1 of the Complaint.

2.     USAA CIC admits that it provides automobile insurance to the Plaintiff, which includes coverage for underinsured drivers. USAA CIC also admits that it has paid monies on Alexander Sigler's personal injury claims and that Jorge Gonzalez was deemed 100% responsible for the car accident referenced in paragraph 1 of the Complaint. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. Except as so admitted, USAA CIC denies the allegations contained in paragraph 2 of the Complaint.

3.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations contained in paragraph 3 of the Complaint.

4.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations contained in paragraph 4 of the Complaint.

5.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations contained in paragraph 5 of the Complaint.

6.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations contained in paragraph 6 of the Complaint.

---

[1] To the extent that the First Amended Complaint asserts legal theories and conclusions, no response is required.  Further, as to the headings and/or other unnumbered paragraphs in the Complaint, any factual allegations are specifically hereby denied, as are any legal arguments.

**PARTIES**

7.     USAA CIC admits the allegations in paragraph 7 of the Complaint.

8.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. Paragraph 8 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA admits that Defendant Jorge Gonzalez ("Gonzalez") was the operator of the vehicle that rear-ended the car that Alexander Sigler was driving on February 28, 2020. USAA CIC is without sufficient information or knowledge to respond to whether Gonzalez owned the vehicle or resides in Santa Ana. Except as so admitted, USAA CIC denies the allegations contained in paragraph 8 of the Complaint.

9.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that it is a corporation organized and existing under the laws of the State of Texas with its principal place of business in San Antonio, Texas. USAA CIC further admits that it is in the business of providing auto insurance and that it issued automobile policy no. 00373 76 16C 7101 7 (the "Policy") to Plaintiff for the policy period February 27, 2020 to August 27, 2020 and that the Policy identified a 2013 Chevy Vehicle Identification Number 2G1WC5E3XD1155837 ("Subject Vehicle") as a vehicle on the Policy. Except as so admitted, USAA CIC denies the allegations contained in paragraph 9 of the Complaint.

10.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. Paragraph 10 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC admits that The Interinsurance Exchange of the Automobile Club (the "Exchange") provided auto insurance to Gonzalez, but is otherwise without sufficient information or knowledge to know the location of the headquarters for the Exchange. Except as so admitted, USAA CIC denies the allegations contained in paragraph 10 of the Complaint.

11.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. Paragraph 11 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC admits that Imperial Body Shop, Inc. ("IBS") is a member of USAA CIC's Direct Repair Program. USAA CIC admits that IBS is a business registered with the State of California and is located in La Habra, California. Except as so admitted, USAA CIC denies the allegations contained in paragraph 11 of the Complaint.

12.    Paragraph 12 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations contained in paragraph 12 of the Complaint.

13.    Paragraph 13 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations contained in paragraph 13 of the Complaint.

14.    Paragraph 14 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations contained in paragraph 14 of the Complaint.

15.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that Melissa Ordell is a Manager, Claims Operations for USAA CIC and that she interacted with Plaintiff. Except as so admitted, USAA CIC denies the allegations contained in paragraph 15 of the Complaint.

16.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that DaNelle Bushnell is a Senior Injury Adjuster for USAA CIC and that she interacted with Plaintiff. Except as so admitted, USAA CIC denies the allegations contained in paragraph 16 of the Complaint.

17.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that Randy Termeer is the

President of USAA Casualty and Property Group. Except as so admitted, USAA CIC denies the allegations contained in paragraph 17 of the Complaint.

18.   Paragraph 18 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations contained in paragraph 18 of the Complaint.

19.   Paragraph 19 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations contained in paragraph 19 of the Complaint.

## **VENUE AND JURISDICTION**

20.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 20 of the Complaint.

21.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA admits that the Court has federal question jurisdiction in this case. Except as so admitted, USAA CIC denies the allegations in paragraph 21 of the Complaint.

22.   USAA CIC admits that venue is proper. Except as so admitted, USAA CIC denies the allegations in paragraph 22 of the Complaint.

## **STATUTE OF LIMITATIONS**

23.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that the statues of limitations for RICO and the Clayton Act are both four (4) years. Except as so admitted, USAA CIC denies the allegations in paragraph 23 of the Complaint.

**STANDING AND PLAINTIFF'S RIGHT TO RELIEF**

24.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC is without sufficient information or knowledge to admit or deny that Plaintiff owns the vehicle identified, *infra*, paragraph 9 of this Answer and on that basis denies the allegation. To the extent a response is required, USAA CIC denies the allegations in paragraph 24 of the Complaint.

25.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 25 of the Complaint.

**ARBITRATION**

26.     USAA CIC admits that the Policy has an Appraisal Clause, which speaks for itself not otherwise. To the extent a response is required, USAA CIC denies the allegations in paragraph 26 of the Complaint.

27.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that Plaintiff has said that he no longer disputes USAA CIC's valuation. Except as so admitted, USAA CIC denies the allegations in paragraph 27 of the Complaint.

**FACTUAL BACKGROUND**

28.     USAA CIC admits that the Subject Vehicle was in a car accident on February 28, 2020 while Alexander Sigler was driving the Subject Vehicle and that Gonzalez is 100% at fault for the accident. USAA CIC further admits that the local police created a report regarding the accident, which speaks for itself and not otherwise. Except as so admitted, USAA CIC denies the allegations in paragraph 28 of the Complaint.

29.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that it issued the Policy, which identified the Subject Vehicle on the list of Vehicles. USAA CIC admits that it maintains claim notes for each claim when notified. Otherwise, the Policy and claim notes speak for themselves and not otherwise. Except as so admitted, USAA CIC denies the allegations in paragraph 29 of the Complaint.

30.    USAA CIC admits that the Policy has a $1,000 deductible, USAA CIC further admits that a USAA CIC representative spoke to Plaintiff on March 2, 2020 about accessing the Subject Vehicle to tow it to a Direct Repair Shop ("DRP"). Except as so admitted, USAA CIC denies the allegations in paragraph 30 of the Complaint.

31.    USAA CIC admits that during the March 2, 2020 conversation its representative had with the Plaintiff, they discussed the Policy's terms and the subrogation process. Except as so admitted, USAA CIC denies the allegations in paragraph 31 of the Complaint.

32.    USAA CIC is without sufficient information or knowledge to admit or deny the allegations in paragraph 32 and on that basis denies the allegations in paragraph 32 of the Complaint.

33.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that on March 9, 2020 USAA CIC ran a Market Valuation Report or Vehicle Valuation Report ("VVR") valuing the Subject Vehicle at $9,238.52. USAA CIC further admits that the March 9, 2020 VVR relied on Pablo Galvez's ("Galvez") appraisal and that the VVR did not reflect the Subject Vehicle's sunroof, metallic paint, or California emissions equipment. A revised VVR including these items  was subsequently provided later that month. Except as so admitted, USAA CIC denies the allegations in paragraph 33 of the Complaint.

34.     USAA CIC admits that it produced copies of photographs of the Subject Vehicle, two of which show a sunroof. Except as so admitted, USAA CIC denies the allegations in paragraph 34 of the Complaint.

35.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that on March 10, 2020, Galvez created an Estimate of Record ("Estimate") showing that the cost to repair the Subject Vehicle would be $9,775.68. Except as so admitted, USAA CIC denies the allegations in paragraph 35 of the Complaint.

36.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that DaNelle Bushnell ("Bushnell") sent a letter to Plaintiff on March 2, 2020 and that USAA CIC sent Plaintiff another letter on March 11, 2020. The March 2 and 11, 2020 letters, including any attachments, speak for themselves and not otherwise. Except as so admitted, USAA CIC denies the allegations in paragraph 36 of the Complaint.

37.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 37 of the Complaint.

38.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 38 of the Complaint.

39.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC vociferously denies that any documents have been "doctored." USAA CIC further avers that is without sufficient information or knowledge to know the rates that the Exchange receives from IBS and on that basis denies the allegations in paragraph 39 of the Complaint. To the extent a response is required, USAA CIC denies the allegations in paragraph 39 of the Complaint.

40.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC further avers that is without sufficient information or knowledge to know the rates that the Exchange receives from IBS and on that basis denies the allegations in paragraph 40 of the Complaint. To the extent a response is required, USAA CIC denies the allegations in paragraph 40 of the Complaint.

41.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC vociferously denies that any documents have been "doctored." USAA CIC admits that on March 9, 2020 USAA CIC ran a Market Valuation Report or Vehicle Valuation Report ("VVR"). USAA CIC further avers that is without sufficient information or knowledge to know the rates that the Exchange receives from IBS and on that basis denies the allegations in paragraph 41 of the Complaint. Except as so admitted, USAA CIC denies the allegations in paragraph 41 of the Complaint.

42.    USAA CIC admits that on March 23, 2020 it revised the VVR for the Subject Vehicle to include the sunroof and California emissions equipment. Except as so admitted, USAA CIC denies the allegations in paragraph 42 of the Complaint.

43.    USAA CIC denies the allegations in paragraph 43 of the Complaint.

44.    USAA CIC denies the allegations in paragraph 44 of the Complaint.

45.    USAA CIC admits that on March 31, 2020 it revised the VVR for the Subject Vehicle. Except as so admitted, USAA CIC denies the allegations in paragraph 45 of the Complaint.

46.    USAA CIC admits that Melissa Ordell called the Plaintiff on March 31, 2020. Except as so admitted, USAA CIC denies the allegations in paragraph 46 of the Complaint.

47.    To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 47 of the Complaint.

48.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 48 of the Complaint.

49.   USAA CIC admits that Bushnell spoke to Amy Peterson ("Peterson") by telephone on March 20, 2020. USAA CIC admits that on March 20, 2020 Peterson was understood by USAA CIC to be employed by the Exchange. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 49 of the Complaint.

50.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 50 of the Complaint.

51.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 51 of the Complaint.

52.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 52 of the Complaint.

53.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 53 of the Complaint.

54.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that USAA CIC filed a Declaration from Ordell, which speaks for itself and not otherwise. Except as so admitted, USAA CIC denies the allegations in paragraph 54 of the Complaint.

55.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 55 of the Complaint.

56.     USAA CIC denies the allegations in paragraph 56 of the Complaint.

57.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 57 of the Complaint.

58.     USAA CIC denies the allegations in paragraph 58 of the Complaint.

59.     USAA CIC denies the allegations in paragraph 59 of the Complaint.

60.     USAA CIC denies the allegations in paragraph 60 of the Complaint.

61.     USAA CIC denies the allegations in paragraph 61 of the Complaint.

62.     USAA CIC denies the allegations in paragraph 62 of the Complaint.

63.     USAA CIC denies the allegations in paragraph 63 of the Complaint.

64.     To the extent that this paragraph states legal arguments and/or conclusions, no response is required. The Policy speaks for itself and not otherwise. To the extent a response is required, USAA CIC denies the allegations in paragraph 64 of the Complaint.

65.     USAA CIC denies the allegations in paragraph 65 of the Complaint.

66.     USAA CIC denies the allegations in paragraph 66 of the Complaint.

67.     USAA CIC admits that it filed a motion for judgment on the pleadings, or in the alternative, to compel appraisal on June 1, 2023. The Policy speaks for itself and not otherwise. Except as so admitted, USAA CIC denies the allegations in paragraph 67 of the Complaint.

68.     USAA CIC denies the allegations in paragraph 68 of the Complaint.

69.     USAA CIC admits that its outside legal counsel sent a letter to Plaintiff on March 16, 2023, which speaks for itself and not otherwise. Except as so admitted, USAA CIC denies the allegations in paragraph 69 of the Complaint.

70.     USAA CIC denies the allegations in paragraph 70 of the Complaint.

71.     USAA CIC denies the allegations in paragraph 71 of the Complaint.

72.     Paragraph 72 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 72 of the Complaint.

73.     Paragraph 73 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 73 of the Complaint.

74.     Paragraph 74 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 74 of the Complaint.

75.     Paragraph 75 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 75 of the Complaint.

76.     Paragraph 76 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 76 of the Complaint.

77.     Paragraph 77 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 77 of the Complaint.

78.     Paragraph 78 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 78 of the Complaint.

79.     Paragraph 79 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 79 of the Complaint.

80.     Paragraph 80 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 80 of the Complaint.

81.     Paragraph 81 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 81 of the Complaint.

82.     Paragraph 82 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 82 of the Complaint.

83.     Paragraph 83 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 83 of the Complaint.

84.     Paragraph 84 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 84 of the Complaint.

85.     Paragraph 85 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 85 of the Complaint.

86.     Paragraph 86 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 86 of the Complaint.

87.     Paragraph 87 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 87 of the Complaint.

88.     Paragraph 88 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 88 of the Complaint.

89.     Paragraph 89 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 89 of the Complaint.

90.     Paragraph 90 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 90 of the Complaint.

91.     Paragraph 91 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 91 of the Complaint.

92.     USAA CIC denies the allegations in paragraph 92 of the Complaint.

93.     USAA CIC denies the allegations in paragraph 93 of the Complaint.

94.     USAA CIC denies the allegations in paragraph 94 of the Complaint.

95.     USAA CIC denies the allegations in paragraph 95 of the Complaint.

96.     USAA CIC denies the allegations in paragraph 96 of the Complaint.

97.     USAA CIC denies the allegations in paragraph 97 of the Complaint.

98.     USAA CIC denies the allegations in paragraph 98 of the Complaint.

99.     USAA CIC denies the allegations in paragraph 99 of the Complaint.

100.    USAA CIC denies the allegations in paragraph 100 of the Complaint.

101.    USAA CIC denies the allegations in paragraph 101 of the Complaint.

102.    USAA CIC denies the allegations in paragraph 102 of the Complaint.

**FIRST CAUSE OF ACTION**

**BY PLAINTIFF AGAINST JORGE GONZALEZ**

**NEGLIGENCE**

103.    USAA CIC incorporates by reference its response to each and every allegation contained above.

104.    Paragraph 104 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 104 of the Complaint.

105.   Paragraph 105 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 105 of the Complaint.

106.   Paragraph 106 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 106 of the Complaint.

107.   Paragraph 107 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 107 of the Complaint.

108.   Paragraph 108 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 108 of the Complaint.

109.   Paragraph 109 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 109 of the Complaint.

110.   Paragraph 110 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 110 of the Complaint.

## SECOND CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANTS IMPERIAL BODY SHOP, PABLO GALVEZ, USAA CIC, DANELLE BUSHNELL, MELISSA ORDELL, and DOEs 1-99
## (INTENTIONAL MISREPRESENTATION)

111.   USAA CIC incorporates by reference its response to each and every allegation contained above.

112.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 112 of the Complaint.

113.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 113 of the Complaint.

114.   USAA CIC denies the allegations in paragraph 114 of the Complaint.

115.   USAA CIC denies the allegations in paragraph 115 of the Complaint.

116.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 116 of the Complaint.

117.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 117 of the Complaint.

118.   USAA CIC denies the allegations in paragraph 118 of the Complaint.

119.   USAA CIC admits that Galvez created a repair estimate for the Subject Vehicle on March 10, 2020. Except as so admitted, USAA CIC denies the allegations in paragraph 119 of the Complaint.

120.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 120 of the Complaint.

121.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 121 of the Complaint.

122.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 122 of the Complaint.

123.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 123 of the Complaint.

124.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 124 of the Complaint.

125.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that Bushnell adjusted Plaintiff's property damage claim for the Subject Vehicle. Except as so admitted, USAA CIC denies the allegations in paragraph 125 of the Complaint.

126.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. USAA CIC admits that Ordell called Plaintiff on March 31, 2020. Except as so admitted, USAA CIC denies the allegations in paragraph 126 of the Complaint.

127.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 127 of the Complaint.

128.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 128 of the Complaint.

129.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 129 of the Complaint.

130.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 130 of the Complaint.

131.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 131 of the Complaint.

132.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 132 of the Complaint.

133.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 133 of the Complaint.

## THIRD CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANTS IMPERIAL BODY SHOP, GREG TAYLOR, THE EXCHANGE, AMBER PETERSON, and DOEs 1-99
## (INTENTIONAL MISREPRESENTATION)

134.   USAA CIC incorporates by reference its response to each and every allegation contained above.

135.   Paragraph 135 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 135 of the Complaint.

136.   Paragraph 136 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 136 of the Complaint.

137.   Paragraph 137 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 137 of the Complaint.

138. Paragraph 138 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 138 of the Complaint.

139. Paragraph 139 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 139 of the Complaint.

140. Paragraph 140 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 140 of the Complaint.

141. Paragraph 141 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 141 of the Complaint.

142. Paragraph 142 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 142 of the Complaint.

143. Paragraph 143 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 143 of the Complaint.

144. Paragraph 144 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 144 of the Complaint.

145. Paragraph 145 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 145 of the Complaint.

146. Paragraph 146 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 146 of the Complaint.

147.   Paragraph 147 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 147 of the Complaint.

148.   Paragraph 148 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 148 of the Complaint.

149.   Paragraph 149 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 149 of the Complaint.

150.   Paragraph 150 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 150 of the Complaint.

151.   Paragraph 151 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 151 of the Complaint.

152.   Paragraph 152 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 152 of the Complaint.

153.   Paragraph 153 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 153 of the Complaint.

154.   Paragraph 154 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 154 of the Complaint.

155.   Paragraph 155 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 155 of the Complaint.

156.   Paragraph 156 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 156 of the Complaint.

157.   Paragraph 157 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 157 of the Complaint.

158.   Paragraph 158 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 158 of the Complaint.

159.   Paragraph 159 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 159 of the Complaint.

**FOURTH CAUSE OF ACTION**
**BY PLAINTIFF AGAINST DEFENDANTS THE EXCHANGE, AMBER PETERSON, IMPERIAL BODY SHOP, GREG TAYLOR, AND DOES 1-99 (INTENTIONAL MISREPRESENTATION)**

160.   USAA CIC incorporates by reference its response to each and every allegation contained above.

161.   Paragraph 161 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 161 of the Complaint.

162.   Paragraph 162 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 162 of the Complaint.

163.   Paragraph 163 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 163 of the Complaint.

164. Paragraph 164 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 164 of the Complaint.

165. Paragraph 165 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 165 of the Complaint.

166. Paragraph 166 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 166 of the Complaint.

167. Paragraph 167 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 167 of the Complaint.

168. Paragraph 168 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 168 of the Complaint.

169. Paragraph 169 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 169 of the Complaint.

170. Paragraph 170 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 170 of the Complaint.

171. Paragraph 171 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 171 of the Complaint.

172. Paragraph 172 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 172 of the Complaint.

173.   Paragraph 173 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 173 of the Complaint.

174.   Paragraph 174 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 174 of the Complaint.

175.   Paragraph 175 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 175 of the Complaint.

176.   Paragraph 176 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 176 of the Complaint.

177.   Paragraph 177 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 177 of the Complaint.

178.   Paragraph 178 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 178 of the Complaint.

**FIFTH CAUSE OF ACTION**
**BY PLAINTIFF AGAINST DEFENDANTS THE EXCHANGE, AMBER PETERSON, USAA CIC, DANELLE BUSHNELL, IMPERIAL BODY SHOP, AND GREG TAYLOR**
**(CLAYTON ACT – SECTION 4 – 15 U.S.C. 15 SUITS BY PERSON INJURED, AND SHERMAN ACT – SECTION 1 – 15 U.S.C. 1.0 TRUSTS, ETC. IN RESTRAINT OF TRADE ILLEGALITY; PENALTY)**

179.   USAA CIC incorporates by reference its response to each and every allegation contained above.

180. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 180 of the Complaint.

181. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 181 of the Complaint.

182. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 182 of the Complaint.

183. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 183 of the Complaint.

184. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 184 of the Complaint.

185. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 185 of the Complaint.

186. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 186 of the Complaint.

187. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 187 of the Complaint.

188. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 188 of the Complaint.

189. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 189 of the Complaint.

190. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 190 of the Complaint.

191. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 191 of the Complaint.

192. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 192 of the Complaint.

## SIXTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANTS USAA CIC, DANELLE BUSHNELL MELISSA ORDELL, RANDY TERMEER, IMPERIAL BODY SHOP, KEVIN KARAPOGOSIAN, THE EXCHANGE, JOHN BOYLE, and DOEs 1-99

### (18 U.S.C. 1962(c) – RICO ACT – PROHIBITED ACTIVITIES)

193. USAA CIC incorporates by reference its response to each and every allegation contained above.

194. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 194 of the Complaint.

195. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 195 of the Complaint.

196.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 196 of the Complaint.

197.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 197 of the Complaint.

198.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 198 of the Complaint.

199.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 199 of the Complaint.

200.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 200 of the Complaint.

201.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 201 of the Complaint.

202.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 202 of the Complaint.

203.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 203 of the Complaint.

204.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 204 of the Complaint.

205. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 205 of the Complaint.

206. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 206 of the Complaint.

207. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 207 of the Complaint.

208. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 208 of the Complaint.

209. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 209 of the Complaint.

210. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 210 of the Complaint.

211. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 211 of the Complaint.

212. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 212 of the Complaint.

213. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 213 of the Complaint.

214. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 214 of the Complaint.

215. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 215 of the Complaint.

216. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 216 of the Complaint.

217. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 217 of the Complaint.

218. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 218 of the Complaint.

219. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 219 of the Complaint.

220. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 220 of the Complaint.

221. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 221 of the Complaint.

222. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 222 of the Complaint.

223.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 223 of the Complaint.

224.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 224 of the Complaint.

225.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 225 of the Complaint.

226.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 226 of the Complaint.

227.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 227 of the Complaint.

228.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 228 of the Complaint.

229.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 229 of the Complaint.

230.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 230 of the Complaint.

231.   To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 231 of the Complaint.

232. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 232 of the Complaint.

233. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 233 of the Complaint.

234. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 234 of the Complaint.

235. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 235 of the Complaint.

236. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 236 of the Complaint.

237. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 237 of the Complaint.

238. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 238 of the Complaint.

239. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 239 of the Complaint.

240. To the extent that this paragraph states legal arguments and/or conclusions, no response is required. To the extent a response is required, USAA CIC denies the allegations in paragraph 240 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT PABLO GALVEZ**

**(18 U.S.C. 1962(d) – CONSPIRACY TO VIOLATE 1962 (c))**

241.   USAA CIC incorporates by reference its response to each and every allegation contained above.

242.   Paragraph 242 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 242 of the Complaint.

243.   Paragraph 243 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 243 of the Complaint.

244.   Paragraph 244 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 244 of the Complaint.

**EIGHTH CAUSE OF ACTION**

**BY PLAINTIFF AGAINST DEFENDANT GREG TAYLOR**

**(18 U.S.C. 1962(d) – CONSPIRACY TO VIOLATE 1962 (c))**

245.   USAA CIC incorporates by reference its response to each and every allegation contained above.

246.   Paragraph 246 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 246 of the Complaint.

247.   Paragraph 247 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 247 of the Complaint.

248.   Paragraph 248 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 248 of the Complaint.

## NINTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT AMBER PETERSON
## (18 U.S.C. 1962(d) – CONSPIRACY TO VIOLATE 1962 (c))

249.   USAA CIC incorporates by reference its response to each and every allegation contained above.

250.   Paragraph 250 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 250 of the Complaint.

251.   Paragraph 251 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 251 of the Complaint.

252.   Paragraph 252 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 252 of the Complaint.

253.   Paragraph 253 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 253 of the Complaint.

## TENTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT DANELLE BUSHNELL
## (18 U.S.C. 1962(d) – CONSPIRACY TO VIOLATE 1962 (c))

254.   USAA CIC incorporates by reference its response to each and every allegation contained above.

255.   Paragraph 255 is not directed at USAA CIC and thus no response is

required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 255 of the Complaint.

256.   Paragraph 256 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 256 of the Complaint.

257.   Paragraph 257 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 257 of the Complaint.

### ELEVENTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT MELISSA ORDELL
### (18 U.S.C. 1962(d) – CONSPIRACY TO VIOLATE 1962 (c))

258.   USAA CIC incorporates by reference its response to each and every allegation contained above.

259.   Paragraph 259 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 259 of the Complaint.

260.   Paragraph 260 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 260 of the Complaint.

### TWELFTH CAUSE OF ACTION
### BY PLAINTIFF AGAINST DEFENDANT JORGE GONZALEZ
### (18 U.S.C. 1962(d) – CONSPIRACY TO VIOLATE 1962 (c))

261.   USAA CIC incorporates by reference its response to each and every allegation contained above.

262.   Paragraph 262 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the

allegations in paragraph 262 of the Complaint.

263.   Paragraph 263 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 263 of the Complaint.

264.   Paragraph 264 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 264 of the Complaint.

## THIRTEENTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT IMPERIAL BODY SHOP
## (18 U.S.C. 1962(d) – CONSPIRACY TO VIOLATE 1962 (c))

265.   USAA CIC incorporates by reference its response to each and every allegation contained above.

266.   Paragraph 266 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 266 of the Complaint.

267.   Paragraph 267 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 267 of the Complaint.

268.   Paragraph 268 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 268 of the Complaint.

## FOURTEENTH CAUSE OF ACTION
## BY PLAINTIFF AGAINST DEFENDANT KEVIN KARAPOGOSIAN
## (18 U.S.C. 1962(d) – CONSPIRACY TO VIOLATE 1962 (c))

269.   USAA CIC incorporates by reference its response to each and every allegation contained above.

270.   Paragraph 270 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 270 of the Complaint.

271.   Paragraph 271 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 271 of the Complaint.

272.   Paragraph 272 is not directed at USAA CIC and thus no response is required, but to the extent that a response is required, USAA CIC denies the allegations in paragraph 272 of the Complaint.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, USAA CIC asserts the following defenses. The denomination of any matter below as a defense is not an admission that USAA CIC bears the burden of persuasion, burden of proof, or burden of producing evidence with respect to any such matter.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

The Complaint and each cause of action therein fail to state facts sufficient to constitute a cause of action against USAA CIC.

### SECOND AFFIRMATIVE DEFENSE
### (Claims Barred by Policy's Provisions)

The Complaint, and each cause of action therein, are barred and precluded by the relevant insurance policy's or policies' provisions, terms, exclusions, exceptions and limitations and any endorsements or amendments thereto.

### THIRD AFFIRMATIVE DEFENSE
### (Policy's Appraisal Clause)

Plaintiff's Complaint fails to state a claim upon which relief can be granted because under the plain terms of the USAA CIC Policy, either party has the right to submit any dispute regarding the actual cash value of a covered loss and/or the amount of a covered loss to an appraisal process. This provision is a condition precedent for payment of a disputed covered loss because USAA CIC has demanded appraisal. Because Plaintiff has refused to participate in appraisal, Plaintiff's claims are at best premature.  Loss is defined to include total loss, as well as the cost to repair or replace.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff has failed, refused, and/or neglected to take reasonable and/or necessary steps to mitigate any damages allegedly incurred as a result of USAA CIC's alleged conduct, thus barring, or at least reducing, any recovery in this action.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's Complaint is barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff, by his acts and conduct and/or the acts and conduct of third parties, is estopped from alleging any and all claims asserted in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

USAA CIC is informed and believes, and on that basis alleges, that the equitable doctrine of unclean hands precludes Plaintiff from recovering the relief requested.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

USAA CIC alleges that Plaintiff's Complaint is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Ripeness/Mootness)

Plaintiff's claims fail, in whole or in part, because they are not ripe and/or are moot and, further, no recoverable damage, if any, has resulted from any conduct of USAA CIC.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to assert some or all of the causes of action in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The Complaint as a whole, each and every claim for relief alleged therein, and the damages alleged are fatally uncertain and speculative.

## TWELFTH AFFIRMATIVE DEFENSE

### (Specificity or Particularity in Pleading Fraud)

Plaintiff has failed to plead fraud and/or intentional misrepresentations with the requisite level of specificity or particularity as established by the governing authority.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Specificity or Particularity in Pleading RICO)

Plaintiff has failed to plead a cause of action for Civil RICO with the requisite level of specificity or particularity as established by the governing authority.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Specificity or Particularity)

Plaintiff has failed to plead all his causes of action with the requisite level of specificity or particularity as established by the governing authority.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Justifiable Reliance)

Plaintiff did not rely on any of the purported representations made by USAA CIC that allegedly constitute fraud, and any reliance by Plaintiff on the alleged representations of USAA CIC was unreasonable as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

Plaintiff's causes of action and/or claims for damages are barred in whole or in part by the economic loss doctrine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 312, 338(d), 339(1) and any applicable contractual limitations period or applicable common and statutory law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

Plaintiff is barred from alleging USAA CIC has liability for any claims arising from statements, communications, or publications made during the course of litigation pursuant to the Litigation Privilege, which is absolute in California, under Cal. Civ. Code section 47, subdivision (b).

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Antitrust Standing)

Plaintiff's Sherman Act and Clayton Act claims fail because he lacks Antitrust standing as an inefficient enforcer, indirect purchaser, or both.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

The plaintiff suffered no antitrust injury, *i.e.*, a type of injury that the Sherman Act and Clayton Act were intended to prevent.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (McCarran-Ferguson Act Exemption)

USAA CIC, as an insurer, is exempt from the Sherman Act and the Clayton Act pursuant to 15 U.S.C §1012(b) and/or other applicable federal/state laws that

preclude such claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Single Entity Doctrine)

USAA CIC and its officers, directors, and employees are incapable of conspiring with one another because they are considered a single entity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Legitimate Business Justifications)

The actions on which Plaintiff bases his claims are procompetitive and have legitimate business justifications.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Nexus to Interstate Commerce)

Plaintiff has not alleged conduct amounting to Interstate Commerce.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Ratification by Plaintiff)

Plaintiff is barred from obtaining the relief sought in the Complaint because Plaintiff, by his acts or words and/or the acts of other third parties, consented to and/or ratified the conduct in connection with the matters alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Losses Caused by Plaintiff)

USAA CIC alleges that Plaintiff's losses, injuries or damages (if there were any losses, injuries or damages) were proximately caused by Plaintiff, constituting an intervening or superseding cause, and precluding liability of USAA CIC.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Losses Caused by Third Parties)

USAA CIC alleges that Plaintiff's losses, injuries or damages (if there were any losses, injuries or damages) were proximately caused by third parties, constituting an intervening or superseding cause, and precluding any liability on the part of USAA CIC.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Any damage or loss, if any, was the result of the negligence or the acts or omissions of persons over which USAA CIC exercised no control, including Plaintiff and/or third parties and those who acted on their behalf. Accordingly, USAA CIC's liability, if any, is limited in direct proportion to the percentage of fault actually attributable to USAA CIC.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Policy's Conditions)

Plaintiff did not comply with one or more conditions precedent, current, and/or subsequent under the Policy, and therefore, Plaintiff is barred from the recovery sought in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Ratification by USAA CIC)

USAA CIC has not authorized or ratified with full knowledge of all material facts any unauthorized acts of its agents or employees.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Liability for Acts Exceeding Scope of Authority or Agency or Employment)

USAA CIC alleges that if Plaintiff suffered or sustained any damages as alleged in the Complaint and those damages were proximately caused and contributed to by agents or employees of USAA CIC, those persons were acting outside of the scope of their agency or employment with USAA CIC, and those acts were not authorized, ratified, consented to or approved.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff's Comparative Fault)

Plaintiff was at fault in how he conducted his affairs relative to the incidents described in the Complaint. Such fault caused or contributed to the damages, if any, complained of in this case.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault of Third Parties)

If Plaintiff suffered any damage, third parties other than USAA CIC caused or contributed to those damages. Therefore, any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity/Contribution)

To the extent that it is held liable for the actions of other parties, known or unknown (which is denied and merely stated for purposes of this defense), USAA CIC is entitled to indemnification and/or contribution from other such parties who engaged in the alleged wrongful conduct, if any.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Insufficient Allegations of Damages)

Plaintiff's Complaint fails to state facts sufficient to allow Plaintiff to recover an award of general, special, punitive or exemplary damages against USAA CIC.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff has not suffered any damages on which he can base any claim for relief.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonableness, Good Faith and No Fraud, Malice, Outrageousness, or Despicableness)

USAA CIC alleges that, at all relevant times herein, it acted honestly, in good faith and reasonably under the facts and circumstances known to it, and in a manner that was not reckless, oppressive, fraudulent, malicious, outrageous, or despicable. Therefore, Plaintiff is not entitled to compensatory, emotional distress, punitive or exemplary damages.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Constitutional and Public Policy Violation)

Plaintiff's request for exemplary, punitive and/or treble damages from USAA CIC violates USAA CIC's right to substantive and procedural due process and violates USA-CIC's right of protection against "excessive fines," as provided in the Eighth and Fourteenth Amendments of the United States Constitution and/or the California State Constitution, and thereby fails to state a claim upon which such damages can be awarded.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

Plaintiff is not entitled to attorneys' fees for claims that do not provide for such recovery and because Plaintiff is not an attorney. Rather, Plaintiff is representing himself *in proprio persona*.

## FORTIETH AFFIRMATIVE DEFENSE

### (No Prejudgment Interest)

Plaintiff is not entitled to any award of prejudgment interest.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

Any damages awarded to Plaintiff and/or any benefits due under the Policy is subject to offset with respect to unpaid premiums due and/or other deductions or adjustments in accordance with the terms of the Policy.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk)

At all times herein mentioned, Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon his conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

The Complaint does not describe the claims made against USAA CIC with sufficient particularity to enable USAA CIC to determine if additional defenses exist in response to Plaintiff's claims. USAA CIC therefore reserves its right to raise

additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims and upon further investigation.

WHEREFORE, USAA CIC prays for judgment as follows:

1. That Plaintiff be granted no relief in this action;

2. That judgment be entered against Plaintiff and in favor of USAA CIC;

3. For costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by case or statutory authorities and/or agreement of the parties; and

4. For such other and further relief as this Court may deem just and proper.

Dated:  November 27, 2023                MAYNARD NEXSEN LLP


By:  */s/  Vivian I. Orlando*
VIVIAN I. ORLANDO
ALISON J. SHILLING
Attorneys for Defendant
USAA Casualty Insurance Company

# CERTIFICATE OF SERVICE

***John W. Sigler v. Jorge Gonzalez, USAA Casualty Insurance Company, et al.***
***Case No. 8:22-cv-02325-CJC-JDEx***

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **November 27, 2023**, I served the document(s) entitled, DEFENDANT USAA CASUALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF JOHN W. SIGLER'S FIRST AMENDED COMPLAINT on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

and telephone number as stated.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein. I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **November 27, 2023**, at Los Angeles, California.

_____
Lea Borys

## SERVICE LIST

***John W. Sigler v. Jorge Gonzalez, USAA Casualty Insurance Company, et al.***
***Case No. 8:22-cv-02325-CJC-JDEx***

**VIA EMAIL AND MAIL**
John W. Sigler
13129 Stern Avenue
La Mirada, California 90638
Telephone: (714) 697-8576
Email: JSIGLER@SWS-LLC.COM
*Plaintiff In Propria Persona*

**VIA  CM/ECF**
Jeffrey M. Lenkov, Esq.
jeffrey.lenkov@manningkass.com
tlp@ManningKass.com
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Imperial Body Shop, Inc.*

**VIA CM/ECF**
Jeet Sen, Esq.
Eran Scott Forster, Esq.
eforster@fwhb.com
 rbaptist@fwhb.com
jsen@fwhb.com
FORD, WALKER, HAGGERTY &
BEHAR, LLP
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
(562) 983-2500 | (562) 983-2555 Fax
*Attorneys for Defendant,*
*Interinsurance Exchange of Automobile*
*Club of Southern California*