VIVIAN I. ORLANDO (SBN 213833)
VOrlando@maynardnexsen.coms
Maynard Nexsen LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone: 310.596.4500

Attorneys for Defendant
USAA Casualty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. SIGLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JORGE GONZALEZ, USAA CASUALTY INSURANCE COMPANY, INTERINSURANCE EXCHANGE OF AUTOMOBILE CLUB, IMPERIAL BODY SHOP, INC., PABLO GALVEZ, GREG TAYLOR, MELISSA ORDELL, DANELLE BUSHNELL, AMBER PETERSON (aka AMBER PETERSON FORREST, aka AMBER J. SCHNEIDER), KEVIN KARAPOGOSIAN, JAMES SYRING, RANDY TERMEER, JOHN BOYLE and DOES 1 to 99, inclusive,<br><br>　　　　Defendants. | Case No. 8:22-cv-02325-CJC-JDEx<br><br>(Honorable Cormac J. Carney)<br><br>**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT**<br><br>[F.R.C.P. 16(b)(4)]<br><br>[Filed concurrently with Declaration of Vivian I. Orlando and [Proposed] Order]<br><br>**Hearing**:<br>Date:　　　January 8, 2024<br>Time:　　　1:30 p.m.<br>Courtroom: 9 B<br><br>Discovery C/O:　Nov. 30, 2023<br>Motion C/O:　　Jan. 29, 2024<br>Trial Date:　　　April 9, 2024<br><br>First Am. Comp. Filed: October 9, 2023 |

1

**TO THE COURT, TO PLAINTIFF, AND ALL OTHER PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** on January 8, 2024, at 1:30 p.m. in Courtroom 9 B of the above-entitled court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant USAA Casualty Insurance Company ("USAA CIC") will move for an order modifying this Court's March 23, 2023 Scheduling Order [ECF No. 22] in the case as follows:

- Discovery Cut-off continued from November 30, 2023 to **June 28, 2024** as to at least USAA CIC or another date as the Court may order;
- Motion Cut-off continued from January 29, 2024 to **August 29, 2024** or another date as the Court may order;
- Pre-trial Conference continued from April 1, 2024 to **November 1, 2024** or another date as the Court may order; and
- Trial continued from April 9, 2024 to **November 11, 2024** or another date as the Court may order.

This Motion is made pursuant to Federal Rule of Civil Procedure ("FRCP"), Rule 16 on the grounds that USAA CIC has behaved diligently in this case, and that good cause exists for the relief USAA CIC seeks because among other things USAA CIC did not have the opportunity to conduct discovery in this case prior to its previous dismissal on July 3, 2023 and cannot conduct discovery now since the discovery cut-off passed (it expired less than 30 days after USAA CIC was served with the Summons and First Amended Complaint ("FAC")), it was not responsible for the failure of Plaintiff John M. Sigler ("Plaintiff") to complete the mandatory appraisal process (or his delay in filing a FAC), and the FAC asserts new factual claims and/or theories (including a new antitrust claim and newly manufactured claims for fraud and RICO violations) and names nine (9) new individual defendants for which discovery and motion practice is appropriately equitably permitted. A

seven (7) month continuance (or such other time as the Court may allow) is sought at this time because this Motion can only be heard on regular notice per the Court's prior denial of this request on an *ex parte* basis [ECF No. 87] and in light of this, assuming a decision on this Motion in January 2023, USAA CIC will have only approximately six (6) months to complete all discovery, including expert discovery and any discovery motions, and the other deadlines were simply continued by seven (7) months accordingly. *See* concurrently filed Declaration of Vivian I. Orlando ("Orlando Declaration"), at ¶¶2-8 and exhibits thereto.

      This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Orlando Declaration, the pleadings filed in this action, the records of this Court, and such other matters as may be raised before or during oral argument at the hearing of this Motion.

      *This motion follows the exhaustion of the meet and confer process (including as specifically required under Local Rule 7-3) as detailed in the concurrently filed Orlando Declaration and in the attached Memorandum of Points and Authorities. USAA CIC in good faith sought to stipulate to continue the dates, but Plaintiff ultimately withdrew any offer.*

Dated: December 6, 2023        MAYNARD NEXSEN LLP

        By:  */s/ Vivian I. Orlando*
             VIVIAN I. ORLANDO
             Attorneys for Defendant
             USAA Casualty Insurance Company

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. PROCEDURAL HISTORY AND FACTUAL STATEMENT ...................... 3

    A. The Court's Order on Appraisal and Plaintiff's Failure to Participate in the Appraisal Process .......................................................... 4

    B. Plaintiff's Delay in Service, Failure to Advise of Key Deadlines and His Refusal to Stipulate to Continue Any Deadlines ..................................................................................................... 6

III. THIS COURT SHOULD MODIFY THE SCHEDULING ORDER TO PERMIT USAA CIC TO CONDUCT DISCOVERY AND MOTION PRACTICE AS TO PLAINTIFF'S CLAIMS .............................. 7

    A. The Court May Modify the Scheduling Order for Good Cause, and Good Cause Exists Here ........................................................ 7

    B. No Party Will Be Unduly Prejudiced and Indeed It Would Be Inequitable Not to Grant the Relief Requested .............................. 9

IV. CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmeriPOD, LLC v. davisREED Constr., Inc.*,
  2018 U.S. Dist. LEXIS 165630 (S.D. Cal. Sept. 26, 2018)...................................7

*Brosnan v. Alki Mortgage Co.*,
  2008 WL 895695 (N.D. Cal. Mar. 31, 2008) .........................................................1

*City of Pomona v. SQMN. Am. Corp.*,
  866 F.3d 1060 (9th Cir. 2017) ................................................................................8

*Glus v. Brooklyn*,
  359 U.S. 231, 79 S. Ct. 760 (1959)..........................................................................1

*Noyes v. Kelly Servs.*,
  488 F.3d 1163, fn. 6 (9th Cir. 2007).........................................................................7

*O'Campo v. Ghoman*,
  2011 U.S. Dist. LEXIS 130614 (E.D. Cal. Nov. 10, 2011)....................................7

**Rules**

Fed. R. Civ. P. 15......................................................................................................1

Fed. R. Civ. P. 16..............................................................................................*passim*

Fed. R. Civ. P. 16(b)(4) .......................................................................................1, 7

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

"Deeply rooted in our jurisprudence" is the principle that "[n]o man may take advantage of his own wrong." *Glus v. Brooklyn*, 359 U.S. 231, 232, 79 S. Ct. 760 (1959). In indicating his intent to oppose this Motion, Plaintiff John M. Sigler ("Plaintiff") seeks to take advantage of his own improper conduct. Having failed to properly seek leave to amend his complaint to add Defendant USAA Casualty Insurance Company ("USAA CIC") as a defendant to the case after it was dismissed back in July 2023 due to the appraisal requirement in Plaintiff's automobile policy at issue [ECF No. 52], and now also refusing to agree to stipulate to allow USAA CIC time for discovery and motion practice, Plaintiff seeks to unfairly keep USAA CIC from fully defending itself (including conducting any written discovery as to Plaintiff to further understand his claims and purported damages, and the taking of Plaintiff's deposition) and effectively thwart the filing of any evidentiary dispositive motions. This should not be permitted and a continuance of the case deadlines are warranted.[1]

Specifically, under Federal Rule of Civil Procedure ("FRCP") 16(b)(4), modification of the scheduling order dates should be permitted because USAA has been diligent and good cause exists. Indeed, equity requires this result here. As

---

[1] It is well-established, that a party is bound by the scope of leave given, and absent obtaining leave to add new parties, a Plaintiff may not simply do so. *See, e.g., Brosnan v. Alki Mortgage Co.*, 2008 WL 895695 (N.D. Cal. Mar. 31, 2008) (finding that the Plaintiff failed to comply with the Court's order of dismissal with leave to amend and that Plaintiff improperly attempted to add 55 defendants "to his complaint, without leave of court, in violation of Rule 15, Federal Rules of Civil Procedure"). Requiring Plaintiff to seek leave to add defendants to the action following the Court Order Granting Defendant Interinsurance Exchange of the Automobile Club's (the "Exchange") Motion to Dismiss [ECF No. 73] would have been particularly important as it would have required Plaintiff to articulate the need for amendment to add 10 defendants, the reasons for delay, and allowed this Court to review and evaluate the legitimacy of the reasons for which Plaintiff believes these parties (including presidents of insurers and formerly dismissed defendants) should be added to this case. It would have also highlighted the obvious problems with allowing this and other amendments in light of the dates that were already set in this case.

1

discussed below, USAA CIC did not have the opportunity to conduct discovery in this case prior to its previous dismissal on July 3, 2023, and cannot conduct discovery now since the discovery cut-off passed (this deadline passed less than 30 days after USAA CIC was served with the Summons and First Amended Complaint ("FAC") on November 2, 2023).[2] Further, USAA CIC was not responsible for Plaintiff's failure to complete the mandatory appraisal process following this Court's July 3, 2023 dismissal (indeed, USAA CIC timely agreed in July 2023 to participate in the appraisal and appointed an appropriate appraiser, while Plaintiff continued to refuse to fairly participate) or Plaintiff's delays in taking efforts to file any amended complaint if he believed (counter to the Court's order) he did not need to participate. And the FAC itself asserts new factual claims and/or theories (including a new antitrust claim and newly manufactured claims for fraud and RICO violations) and names nine (9) new individual defendants for which discovery and motion practice is appropriately permitted and a continuance of the deadlines in this case is warranted. *See* concurrently filed Declaration of Vivian I. Orlando ("Orlando Declaration"), at ¶¶2-8 and exhibits thereto.

A seven month continuance (or such other time as the Court may allow) is sought at this time because this Motion can only be heard on regular notice per the Court's prior denial of this request on an *ex parte* basis [ECF No. 87] and in light of this, assuming a decision on this Motion in January 2023, USAA CIC will have less than six (6) months to complete all discovery, including expert discovery and any discovery motions, and the other deadlines were simply continued by seven (7) months from the original deadlines accordingly, which USAA CIC contends is fair and reasonable in light of the claims Plaintiff has asserted in this case. No prior continuances of deadlines have been granted in this case. *Id.*

Therefore, USAA CIC respectfully requests that this Court grant this Motion.

---

[2] Pursuant to the Court's currently effective Scheduling Order issued in March 2023 [ECF No. 22], the discovery cut-off is November 30, 2023.

2

## II. PROCEDURAL HISTORY AND FACTUAL STATEMENT

On March 23, 2023, the Court issued its Scheduling Order. [ECF No. 22.] Pursuant to the Scheduling Order, the discovery cut-off is November 30, 2023; mediation must be completed by December 14, 2023; the motion deadline is January 29, 2024; the pre-trial conference is set for April 1, 2024; and trial is to begin on April 9, 2024.

On July 3, 2023, the Court granted USAA CIC's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Compel Appraisal and dismissed USAA CIC from the case. [ECF No. 52.]

On September 18, 2023, the Court issued its Order Granting the Exchange's Motion to Dismiss with Leave for Plaintiff to Amend his Complaint. [ECF No. 73.]

On October 9, 2023, Plaintiff filed his First Amended Complaint ("FAC"). [ECF No. 76.] The FAC added certain new theories and claims for relief including a new claim under the Clayton (Antitrust) Act, and also added ten (10) defendants to the action (including USAA CIC—which, as noted above, was previously dismissed from the action on July 3, 2023 [ECF No. 52]—and nine (9) other previously unnamed individual defendants). ***The FAC is 175 pages long and contains over 272 paragraphs.*** USAA CIC along with 9 other individual defendants were improperly named as defendants to this case by way of Plaintiff's FAC [ECF No. 76][3] without Plaintiff being granted leave by this Court to do so [ECF No. 73, which makes no mention of Plaintiff having permission to add 10 defendants].

USAA CIC intends on ultimately seeking dismissal on the grounds that Plaintiff failed to obtain permission from the Court to file a FAC that re-named USAA CIC as a defendant, compelling appraisal which Plaintiff again refused in good faith to participate in, and seeking dismissal due to numerous other deficiencies

---

[3] The new individual defendants include not only alleged employees of the entity defendants, but also the president of each insurer. And, in fact, at least one of the new individual defendants does not even seem to have a claim asserted against him.

3

with the merits of Plaintiff's claims. *See* Orlando Decl., ¶2. Nevertheless, for purposes of this Motion, USAA CIC contends that if the Court does not *sua sponte* strike Plaintiff's improper FAC as to USAA CIC, USAA CIC is entitled to a continuance of all dates in this case as to it (except the mediation deadline) for approximately 7 months from the deadlines set in ECF No. 22 as it cannot reasonably comply with the current deadlines (indeed, as of now it cannot even conduct any discovery as to Plaintiff's claims and damages or depose Plaintiff as the discovery cut-off date has passed) and it would be inequitable and unfairly prejudicial for USAA CIC if it is not allowed to do so. *Id.* And, given this Court's prior decision denying USAA CIC's *ex parte* request to continue dates and some of the statements made therein [ECF No. 87], USAA CIC seeks to provide the Court with additional details explaining the basis of this continuance request, the meet and confer efforts undertaken to obtain a stipulation to continue dates and what occurred as to the Court-ordered appraisal.

     **A.**    <u>**The Court's Order on Appraisal and Plaintiff's Failure to Participate in the Appraisal Process**</u>

By way of background, USAA CIC was dismissed from this case by the Court following USAA CIC's motion to compel appraisal and/or for judgment on the pleadings on **July 3, 2023.** [ECF No. 52.] In its order, the Court required the parties to participate in appraisal prior to Plaintiff being able to potentially bring suit again against USAA CIC. This dismissal occurred prior to USAA CIC conducting discovery in the case. *See* Orlando Decl., ¶3. The Court's July 2023 Order dismissing the action as to USAA CIC cautioned Plaintiff that:

> "[U]ntil an appraisal is completed, it is impossible to know whether USAA CIC has fraudulently undervalued, or used a fraudulent process to undervalue, the vehicle. ***Nor will the Court allow Sigler to skirt the terms of his agreement with USAA CIC through a too-clever-by-half pleading of fraud and RICO claims***

*in what appears to be at its core a coverage dispute.*"
*See* ECF No. 52 at p. 6 (internal alterations, quotation marks and citations omitted) (emphasis added).

On July 11, 2023, contrary to Plaintiff's implication in his FAC (¶27), USAA CIC identified an independent company it intended to use for the appraisal, SCA, along with a website link for the company. *See* Orlando Decl., ¶4, Ex. A. While the Policy assumes that each party will designate a competent appraiser independent of that party (*id.*, Ex. B at USAA-SIGLER_000053), Plaintiff refused to identify an appraiser other than himself, which did not comply with the mandatory initial first step of the appraisal process. *Id.* ¶4, Ex. A. On July 14, 2023, USAA CIC again offered to proceed with the appraisal if Plaintiff wished to identify someone other than himself as the appraiser, but Plaintiff did not do so, and was not heard from again until October 6, 2023. *Id.* At that point, on October 6, 2023, Plaintiff asserted that he was no longer contesting the "amount of loss" and therefore did not need to participate in the appraisal process and could file suit. Orlando Decl., ¶5, Ex. C.

USAA CIC does not agree with Plaintiff's assertions on appraisal because, among other things, it is clear from the FAC that he continues to dispute whether the appraisals were fraudulent and now claims the vehicle's repair costs were inflated and disputes whether his vehicle was a total loss at all, and the valuation/total loss and repair estimates are included within the definition of "loss" and fall squarely within the appraisal provisions of the policy (*e.g.,* FAC, ¶¶5, 36-43; Orlando Decl., ¶¶4,5, Ex. B at USAA-SIGLER_000048, 000050, 000053). Nevertheless, as noted above, Plaintiff sued USAA CIC (and nine other previously unnamed individual defendants), without leave of court and without having the Court consider the propriety of the new theories and claims (including a new antitrust claim) he was asserting (or the impact of the scope of amendment on the dates in the case). *Id.*[4]

---

[4] Plaintiff is still playing his "too-clever-by-half" game of trying to hide a coverage dispute in his redesigned fraud, RICO and now antitrust claims. But his case is premised on: (i) the valuation of Plaintiff's Vehicle, and (ii) the determination of

### B. Plaintiff's Delay in Service, Failure to Advise of Key Deadlines and His Refusal to Stipulate to Continue Any Deadlines

After filing the FAC on October 9, 2023, Plaintiff then waited several weeks to personally serve USAA CIC's agent for service of process (not served until November 2, 2023) (despite an offer to accept service with a waiver of summons) and failed to serve the case schedule or other documents in the case. Orlando Decl., ¶5. Given the date of service and the November 30, 2023 discovery cut-off, USAA CIC could not have timely served discovery in this case even if it did so on the date it was served. *Id.*

USAA CIC's counsel did not become aware of the actual personal service until November 13, 2023, and, upon review of the docket and issues, USAA CIC's counsel began the meet and confer process on November 16, 2023 to discuss at least a continuance of dates, and that process, which involved multiple counsel, continued until November 20, 2023 at which point the other defendants agreed to the proposed continuance, but Plaintiff refused to agree to allow the current defendants (other than USAA CIC) to do any discovery and thus USAA CIC's *ex parte* request was brought on November 20, 2023 as the other defendants were not in agreement with this limitation. Orlando Decl., ¶6, Exs. D, E.

Despite repeated efforts after the Court's denial of the *ex parte* requests for continuances [ECF Nos. 87 and 89] to stipulate to a continuance of the deadlines, on November 28 and 29, 2023 (during the meet and confer communications and call), Plaintiff flatly refused to stipulate to continue the dates at all in this case as to any defendants, including as to USAA CIC, claiming concerns over affirmative defenses relating to Plaintiff's damages being limited by his own conduct. Orlando Decl., ¶7, Ex. F. USAA CIC could not withdraw this defense as it is valid given, among other things, Plaintiff's extensive and repeated failure to mitigate alleged damages (if any)

---

the loss or the cost of the repair versus the valuation and salvage. As to USAA CIC, as the Court recognized in its July 2023 Order, both of these issues are squarely within the purview of the appraisal clause.

and his refusal to participate in the appraisal process both pre and post litigation. This Motion follows the exhaustion of the meet and confer process (including as specifically required under Local Rule 7-3) as noted above. *Id.*

## III. THIS COURT SHOULD MODIFY THE SCHEDULING ORDER TO PERMIT USAA CIC TO CONDUCT DISCOVERY AND MOTION PRACTICE AS TO PLAINTIFF'S CLAIMS

### A. The Court May Modify the Scheduling Order for Good Cause, and Good Cause Exists Here

FRCP 16(b)(4) provides that a scheduling order may be modified "for good cause and with the judge's consent." As the Ninth Circuit has explained, "good cause" involves "an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 fn. 6 (9th Cir. 2007) (finding district court's failure to modify scheduling order an abuse of discretion where moving party was diligent). A court may modify the operative discovery and pre-trial scheduling order "if [a deadline] cannot reasonably be met despite the diligence of the party seeking the extension." FRCP 16, Advisory Committee's Notes (1983 Amendment).

"'[T]he focus of the inquiry is upon the moving party's reasons for seeking modification' and their diligence in doing so." *O'Campo v. Ghoman*, 2011 U.S. Dist. LEXIS 130614, *4, (E.D. Cal. Nov. 10, 2011) (citations omitted). Relief is appropriate where the moving party shows that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference." *AmeriPOD, LLC v. davisREED Constr., Inc.*, 2018 U.S. Dist. LEXIS 165630, *4, (S.D. Cal. Sept. 26, 2018) (emphasis added; citation omitted). Finally, the Court may consider other factors, such as whether the non-moving party will be prejudiced, and

the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQMN. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Under this standard, and as the facts demonstrate, USAA CIC has been diligent and plainly has the right to conduct relevant discovery on the nature, scope and any evidence of Plaintiff's claims and alleged damages prior to engaging in summary judgment motion practice and to overall defend itself in this case. The length of the extension (approximately seven (7) months, which will ultimately correspond to less than a six (6) month continuance if granted in January) is reasonable. If this Motion is not granted, USAA CIC will be deprived of the ability to conduct any discovery in this case or file a dispositive evidentiary motion through no fault of its own and due to Plaintiff's improper conduct. Thus, equity compels granting this Motion.

USAA CIC further could not have reasonably foreseen or anticipated the need to alter the Scheduling Order when it was originally set and it was already barred by the time it was served with the FAC from doing any discovery. It fairly sought from the parties a stipulation to obtain a continuance and Plaintiff ultimately refused to agree to any continuance at all. This Motion timely follows the L.R. 7-3 meet and confer.

Accordingly, in light of the good cause shown above, USAA CIC requests that the Court continue the dates as follow:

- Discovery Cut-off continued from November 30, 2023 to **June 28, 2024** as to at least USAA CIC or another date as the Court may order;
- Motion Cut-off continued from January 29, 2024 to **August 29, 2024** or another date as the Court may order**;**
- Pre-trial Conference continued from April 1, 2024 to **November 1, 2024** or another date as the Court may order; and
- Trial continued from April 9, 2024 to **November 11, 2024** or another date as the Court may order.

### B. No Party Will Be Unduly Prejudiced and Indeed It Would Be Inequitable Not to Grant the Relief Requested

No party will be unduly prejudiced by permitting an extension of the dates in this case, and Plaintiff will get his day in court. More importantly, it would the height of temerity for Plaintiff to claim that he is unduly prejudiced when the need for the extension grows out of the fact that Plaintiff failed to timely and properly act here. Indeed, had Plaintiff timely participated in the appraisal process or sought to timely add parties or claims or fairly agreed to extend the deadlines by stipulation, this Motion would not even have been necessary.

## IV. CONCLUSION

For the foregoing reasons, USAA CIC respectfully requests that the Court grant its Motion.

Dated:  December 6, 2023            MAYNARD NEXSEN LLP

By:  /s/ Vivian I. Orlando
VIVIAN I. ORLANDO
Attorneys for Defendant
USAA Casualty Insurance Company

9

# CERTIFICATE OF SERVICE

*John W. Sigler v. Jorge Gonzalez, USAA Casualty Insurance Company, et al.*
*Case No. 8:22-cv-02325-CJC-JDEx*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **December 6, 2023**, I served the document(s) entitled, **DEFENDANT USAA CASUALTY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO MODIFY THE COURT'S SCHEDULING ORDER; MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

and telephone number as stated.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein. I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **December 6, 2023**, at Los Angeles, California.

Lea Borys

# SERVICE LIST

*John W. Sigler v. Jorge Gonzalez, USAA Casualty Insurance Company, et al.*
*Case No. 8:22-cv-02325-CJC-JDEx*

**VIA EMAIL AND MAIL**
John W. Sigler
13129 Stern Avenue
La Mirada, California 90638
Telephone: (714) 697-8576
Email: JSIGLER@SWS-LLC.COM
*Plaintiff In Propria Persona*

**VIA CM/ECF**
Jeffrey M. Lenkov, Esq.
jeffrey.lenkov@manningkass.com
tlp@ManningKass.com
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Imperial Body Shop, Inc.*

**VIA CM/ECF**
Jeet Sen, Esq.
Eran Scott Forster, Esq.
eforster@fwhb.com
rbaptist@fwhb.com
jsen@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR, LLP
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
(562) 983-2500 | (562) 983-2555 Fax
*Attorneys for Defendant, Interinsurance Exchange of Automobile Club of Southern California*