# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. SIGLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JORGE GONZALEZ, USAA CASUALTY INSURANCE COMPANY, INTERINSURANCE EXCHANGE OF AUTOMOBILE CLUB, IMPERIAL BODY SHOP, INC., PABLO GALVEZ, GREG TAYLOR, MELISSA ORDELL, DANELLE BUSHNELL, AMBER PETERSON (aka AMBER PETERSON FORREST, aka AMBER J. SCHNEIDER), KEVIN KARAPOGOSIAN, JAMES SYRING, RANDY TERMEER, JOHN BOYLE and DOES 1–99,<br><br>　　　　Defendants. | Case No.: SACV 22-02325-CJC(JDEx)<br><br>**ORDER GRANTING USAA CASUALTY INSURANCE COMPANY'S MOTION TO MODIFY THE SCHEDULING ORDER [Dkt. 99]** |

This case arises from the alleged mishandling of *pro se* Plaintiff John S. Sigler's insurance claim after his car was damaged in a two-car accident.  (*See* Dkt. 76 [First Am. Compl., hereinafter "FAC"] ¶¶ 1–6.)  In June 2023, Defendant USAA Casualty Insurance Company moved for judgment on the pleadings based on an arbitration provision in Plaintiff's insurance agreement.  (Dkt. 43.)  The Court granted USAA's motion and dismissed Plaintiff's claims against it without prejudice pending arbitration.  (Dkt. 52).  On October 9, 2023, Plaintiff filed the FAC, which again names USAA as a defendant, and served it on USAA on November 2, 2023.  (*See* Dkt. 86 [*Ex Parte* Appl. to Strike FAC, hereinafter "App."] at 4.)[1]  Plaintiff also named several additional individual defendants.  (*See* FAC.)  On November 20, 2023, USAA filed an *ex parte* application to strike Plaintiff's FAC and alternatively requested a 7–8-month continuance of all dates in the Scheduling Order.  (App. at 1–4.)  The Court denied USAA's application for a number of reasons, among them USAA's lack of justification for filing an emergency request for relief based on its appearance in the FAC when it had been served with the FAC nearly three weeks earlier.  (Dkt. 87.)  The discovery period in this case then expired on November 30, 2023.  (*See* Dkt. 22 ["Scheduling Order"].)

Now before the Court is USAA's unopposed motion to extend discovery based on Plaintiff's naming of multiple new individual defendants and USAA's reentry into this case.  (Dkt. 99 ["Mot."].)  "The district court is given broad discretion in supervising the pretrial phase of litigation."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  Under Federal Rule of Civil Procedure 16, once a scheduling order has been entered, it may not be modified except upon a showing of "good cause" and by leave of the Court.  Fed. R. Civ. P. 16(b)(4); *see also* Local Rule 16-14.  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause'

---

[1] Presumably USAA's attorneys also received the electronic filing notification on October 9, 2023 when the FAC was filed since USAA and its counsel still appear as parties on the docket.

standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Thus, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*  "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087.  Other factors courts consider when determining whether to grant a motion to modify a scheduling order include whether trial is imminent, whether the request is opposed, whether the non-moving party would be prejudiced, whether the moving party was diligent in obtaining discovery within the guidelines established by the court, the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and the likelihood that the discovery will lead to relevant evidence.  *U.S. ex rel Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997).

USAA's motion is **GRANTED IN SUBSTANTIAL PART**.[2]  USAA seeks to extend all dates in the Scheduling Order by approximately seven months, explaining that since it was previously dismissed from the case on July 3, 2023, it did not have the opportunity to conduct discovery.  (Mot. at 2.)  Good cause exists to extend the discovery cutoff and subsequent pretrial deadlines because USAA did not anticipate having further involvement in this litigation, and Plaintiff has added significant new claims and additional defendants in the FAC.  (Dkt. 99-1 [Decl. of Vivian I. Orlando] ¶¶ 2–3.)  Although Plaintiff's case will not proceed to trial as soon as anticipated, there is no evidence that he will be materially prejudiced by a short extension of the Scheduling Order's deadlines.  Certainly, any prejudice to Plaintiff is outweighed by the severe

---

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for January 8, 2024 at 1:30 p.m. is hereby vacated and off calendar.

prejudice that USAA would suffer from not having the opportunity to conduct discovery. And Plaintiff did not oppose USAA's motion. *See* C.D. Cal. L.R. 7-9 ("Each opposing party shall … not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion."); C.D. Cal. L.R. 7-12 (stating that "the failure to file [an opposition] within the deadline[] may be deemed consent to granting … the motion[.]"

However, the Court is not persuaded that a seven-month extension is justified. Instead, the Court will extend the Scheduling Order deadlines by approximately five months to account for the time that has passed since the discovery period closed on November 30, 2023 and the time between July 3, 2023 (when USAA was dismissed) and November 2, 2023 (when Plaintiff served it with the FAC), during which USAA was not a party to this case and thus did not have the opportunity to conduct discovery. The Court will extend these deadlines as to all parties and will docket an amended Scheduling Order.

DATED:   December 19, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE