Jeet Sen, Esq., SBN. 224248
jsen@fwhb.com
Eran S. Forster, Esq., SBN. 269711
eforster@fwhb.com
FORD, WALKER, HAGGERTY & BEHAR
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
(562) 983-2500 | (562) 983-2555 Fax

Attorneys for Defendants,
*Interinsurance Exchange of the Automobile Club and Jorge Gonzalez*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. SIGLER,<br><br>　　Plaintiff,<br><br>vs.<br><br>JORGE GONZALEZ, USAA CASUALTY INSURANCE COMPANY, INTERINSURANCE EXCHANGE OF AUTOMOBILE CLUB, IMPERIAL BODY SHOP, INC., PABLO GALVEZ, GREG TAYLOR, MELISSA ORDELL, DANELLE BUSHNELL, AMBER PETERSON (AKA AMBER PETERSON FORREST, AKA AMBER J. SCHNEIDER), KEVIN KARAPOGOSIAN, JAMES SYRING, RANDY TERMEER, JOHN BOYLE AND DOES 1 TO 99, INCLUSIVE;<br><br>　　Defendants. | Case No. 8:22-cv-2325-CJC-JDE<br><br>**REPLY OF DEFENDANTS INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB AND JORGE GONZALEZ TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**HEARING DATE**:  January 22, 2024<br><br>**HEARING TIME:**  1:30 p.m.<br><br>Honorable Cormac J. Carney |

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. THE FIRST AMENDED COMPLAINT FAILS TO ALLEGE FACTS ACTIONABLE AGAINST THE EXCHANGE AS AN INTENTIONAL MISREPRESENTATION

Plaintiff's Opposition engages in conclusory arguments and pontification about the business model of the insurance industry, including theorical incentives to undervalue claims of unrepresented claimants.  None of it justifies the causes of action attempted against the moving parties.  Plaintiff's allegations and opposition arguments are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See Rodriguez v. JP Morgan Chase & Co.,* 809 F. Supp. 2d 1291, 1296 (S.D. Cal. 2011). However, upon piercing through the tapestry of plaintiff's conclusory and hyperbolic allegations, the actual material facts at their core are unremarkable.  Plaintiff has a property damage claim against defendant Gonzalez for damaging plaintiff's car in an auto accident. Mr. Gonzalez's auto liability insurer, the Exchange, made a number of offers to settle plaintiff's property damage claim against Mr. Gonzalez.  In doing so, the Exchange sought to indemnify and protect its own insured, Mr. Gonzalez, from a potential property damage lawsuit against him.  Plaintiff did not accept any of the Exchange's offers, believing they were not enough.  Instead, plaintiff filed a lawsuit against Mr. Gonzalez to recover for property damage in court – which is plaintiff's right, one that he was never deprived of.

However, what plaintiff cannot do is directly sue the Exchange for making settlement offers that plaintiff deemed were too low, based upon grand legal theories that simply do not apply to these facts.  Fraud, for instance, cannot apply because the Exchange is free to take the position that the proper method of calculating plaintiff's damages is fair market value of the vehicle instead of cost of repairs (which plaintiff repeatedly characterizes as "non-repairable").  In other words, the Exchange, in negotiations with its insured's opponent, can take the position that it is more economical to pay a vehicle damage claim as a total loss (fair market value) versus cost to repair, and make settlement offers on that basis.  Plaintiff's opposition is silent about the increasing nature of the Exchange's

1

The Interinsurance Exchange of the Automobile Club:                                       Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

offers to plaintiff.  Nevertheless, the Exchange is free to make settlement offers to plaintiff that are less than plaintiff's expectations.  These are <u>not</u> material misrepresentations; they are settlement offers.  Plaintiff is free to reject those calculations and offers as wrong and opt to sue Mr. Gonzalez instead, which plaintiff did.

However, plaintiff cannot sue the Exchange for Fraud by characterizing the Exchange's settlement offers, and its adjuster's indication of making fair offers, as actionable misrepresentations.  Indeed, the Exchange had no obligation to plaintiff to engage in any negotiations with him at all.  The Exchange has no contractual or fiduciary relationship with plaintiff.  The Exchange's job is to defend and indemnify Mr. Gonzalez, not to represent plaintiff's best interests.

That the plaintiff rejected the Exchange's offers and opted to file suit against Mr. Gonzalez categorically demonstrates that plaintiff did not actually nor justifiably rely on any offers or representations by the Exchange.  Plaintiff's argument at page 6 of his opposition that he *"was induced by Peterson's statement to go down the path of disputing valuation when repair of his vehicle was a legally available and better option"* is both unintelligible and unconvincing.  It means plaintiff cannot come close to satisfying the element of actual and justifiable reliance.  No one lied or tricked plaintiff into accepting a bad offer and signing a release that gave up his right to sue Mr. Gonzalez.  That did not happen.  That alone renders the Fraud causes of action as fatally flawed.

For the same reason, plaintiff cannot show any resulting damage.  His remedy for the Exchange making unsatisfactory settlement offers is to file a lawsuit against Mr. Gonzales, which plaintiff did. Plaintiff's arguments of "resulting damage" at page 7 of his opposition – i.e., that he has not had his vehicle repaired, he suffered loss of use and storage, and has not received fair market value for his vehicle – all stem from the accident itself. The appropriate place to seek recovery of such claimed damages is a property damage lawsuit against the party allegedly at fault for the accident – not via a lawsuit against that party's liability insurer.

2

The Interinsurance Exchange of the Automobile Club:                                              Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

### B. THE EXCHANGE'S POSITION THAT PLAINTIFF'S VEHICLE WAS NON-REPAIRABLE IS NOT ACTIONABLE AS AN INTENTIONAL MISREPRESENTATION

The First Amended Complaint (hereinafter, "FAC") alleges in its third cause of action that the Exchange made an intentional misrepresentation to plaintiff by stating "Your vehicle is non repairable." (FAC, ¶ 136.) The FAC alleges that this statement was false because the cost to repair the vehicle did not exceed the vehicle's fair market value. (FAC, ¶¶ 75, 136, 137, 152.) The FAC explains that a vehicle is not repairable, or a total loss, when the amount to repair the vehicle exceeds the value of the vehicle. (Id.; concisely stated at ¶ 136.)

Under this definition, the FAC alleges that the Exchange took the position that the vehicle was not reparable because it had a vehicle appraisal for $8,437, before taxes, or $9,238.52 after taxes. (¶¶ 75, 136-140.) The Exchange's representation, even if false, is not actionable as fraud because the statement was not material to any transaction, nor was it relied upon causing plaintiff damages.

Specifically, no transaction took place. Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction. (Spinks v. Clark (1905) 147 Cal. 439, 444, 82 P. 45)

Here, plaintiff theorizes that the Exchange made misrepresentations to induce plaintiff to accept an offer for the value of his vehicle based on incorrect information. However, plaintiff never accepted any offer, nor entered into a contract or transaction for the value of his vehicle[1].

Consequently, the FAC fails to plead causation or damages in its third cause of action. Plaintiff could not have suffered damages caused by entering a contract or

---

[1] As argued in Defendant's 12(b) motion, plaintiff did not enter into an agreement to resolve his property damage claims against defendant Gonzalez because plaintiff did not rely on the stated value of his vehicle found in the appraisals prepared by Imperial Body Shop and convinced the Exchange to raise the appraised value to an amount exceeding the amount to repair the vehicle.

3

The Interinsurance Exchange of the Automobile Club:                                    Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

transaction with the Exchange to resolve his property damage claims because no such contract or transaction ever occurred.

Furthermore, the Exchange's statements are not actionable to the extent that plaintiff applied the literal meaning to the statement "[y]our vehicle is non repairable." Likewise, the statement would not have caused plaintiff damages because plaintiff did not enter a different transaction with the Exchange relying on the representation that his vehicle could not be repaired.

### C. ANY REPRESENTATION BY THE EXCHANGE THAT WOULD PROVIDE A "FAIR AND HONEST" SETTLEMENT IS ALSO NOT ACTIONABLE AS FRAUD.

Plaintiff argues that, instead of being fair and honest, the Exchange allegedly provided plaintiff with intentionally low offers for his "loss of use" claims, omitted fees in its valuation for a rental vehicle, and engaged in price fixing. Even if true, which the Exchange denies, the fourth cause of action fails to plead with specificity and fails to establish causation or damages. The FAC fails to plead any specific damages caused by this alleged misrepresentation.

Plaintiff argues that the Exchange failed to address the other misrepresentations including the omission of taxes and fees in their first loss of use offer and using COVID discounted rates that were no longer available. Again, those statements would not be actionable and the FAC fails to plead with specificity to survive this motion. Plaintiff did not accept any of those offers. Consequently, plaintiff did could not lose money because he did not enter any resulting transaction or contract; or rent any vehicle believing that the COVID discounted rate would apply. Instead, plaintiff disputed these "representations" and convinced the Exchange to increase its offer for loss use, which plaintiff still rejected[1].

Plaintiff's opposition raises other issues regarding fraud, including spoilation of evidence and potentially piggybacking his property damage claims with his son's personal injury claims. The FAC does not mention potential piggy backing and this contention

---

[1] Furthermore, as argued in the Exchange's motion, it appears that plaintiff would have been in a better position if he accepted the Exchange's offer after convincing the Exchange to raise the amount on two separate occasions.

4

The Interinsurance Exchange of the Automobile Club:                                    Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

cannot be argued. As to spoilation, that is a smoke screen and not raised in the FAC's fourth cause of action. Even if spoilation occurred, which the Exchange denies, it would not change the facts that plaintiff's FAC does not plead its fourth cause of action with the required specificity or allege facts sufficient to establish a *prima facie* action against the Exchange for fraud.

    **D. PLAINTIFF'S SIXTH CAUSE OF ACTION MUST BE DISMISSED AS A MATTER OF LAW BECAUSE THE FAC FAILS TO ALLEGE PREDICATE ACTS THAT ARE SUFFICIENTLY CONTINUOUS UNDER RICO.**

Plaintiff's FAC alleges almost identical facts against the Exchange under RICO that plaintiff alleged in his initial complaint. This included an alleged involvement in preparing at least one fraudulent appraisal and at least two attempts to settle this matter by inducing plaintiff to accept a compromise for an amount that would not fully compensate him.

Plaintiff's FAC adds an **additional allegation** of "**witness tampering**" occurring in April – June 2023 timeframe by the Exchange **allegedly destroying an audio recording** of a telephone conversation between plaintiff's son and Amber Peterson. (Emphasis added.) This was allegedly done after the Exchange received notice that the audio recording may be relevant to the instant action. **Plaintiff alleges that this particular conduct is a predicate act** of racketeering activities sufficient to satisfy the element of close-ended continuity. (emphasis added.)

However, the FAC does not allege any new predicate acts that were not already decided by this Court. As a preliminary matter, the new facts alleged do not constitute witness tampering. Instead, the conduct alleged in the FAC is an allegation of "willful spoilation." *See United States v. Kitsap Physicians Serv*., 314 F.3d 995, 1001 (9th Cir.2002) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'")

However, alleged spoilation is not a predicate act under RICO. For example, 18 U.S. Code § 1961 defines "racketeering activity" and excludes any reference to willful

5

The Interinsurance Exchange of the Automobile Club:      Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

spoilation. Furthermore, the FAC does not articulate any pattern of activity related to spoilation of evidence.

Consequently, the FAC does not allege any new facts against the Exchange under RICO that were not contained in its original complaint. This Court has already found that the same facts alleged against the Exchange do not constitute a continuous pattern of racketeering activity under RICO. (*See* Dkts. 73.) The allegations articulated in the FAC, at most, describe a single purported effort to pay plaintiff's vehicle damage claim for below full value. These few acts, committed over a course of a few weeks, constitute the entire scheme and do not form a continuous pattern.

**E.  THE EXCHANGE OBJECTS TO PLAINTIFF'S ALLEGATIONS CONTAINED IN HIS OPPOSITION TO DISMISS THE FAC'S TWELFTH CAUSE OF ACTION THAT ARE OUTSIDE THE FOUR CORNERS OF THE FAC AND WERE NOT INCORPORATED INTO THE COMPLAINT BY REFERENCE.**

Plaintiff raises new allegations in his opposition that are not contained in the FAC's Twelfth Cause of Action or found in the 175-page amended pleading. These allegations are outside the four-corners of an extremely long and voluminous pleading and these allegations should not be considered by the court.

Although the Court generally may not consider any material beyond the pleadings in ruling on a 12(c) motion without converting the motion into one for summary judgment, *see* Fed.R.Civ.P. 12(c), the Court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *GE Engine Services UNC Holding I, Inc. v. Century Indem. Co.*, 250 F. Supp. 2d 1237, 1240 (C.D. Cal. 2001), aff'd, 53 Fed. Appx. 812 (9th Cir. 2002) (quoting *Branch v. Tunnell*, 14 F.3d 449 (9th Cir.1994)).

Here, plaintiff's opposition makes representations not contained in the FAC. The allegations in the FAC's twelfth cause of action that are relevant here are contained between pages 97 to 98 of the 175 page pleading and a brief reference of an "enterprise" defined in the Sixth Cause of Action. (Dkts. 76.)

6

The Interinsurance Exchange of the Automobile Club:   Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

In contrast, the Exchange referenced information in the subject 12(c) motion contained in the District Court's Case Management / Electronic Court Files (CM/ECF) filed on April 23, 2023 as Dkts No. 30. The difference here is that the FAC's twelfth cause of action is entirely dependent on, and incorporates by reference, Dkts 30.

Therefore, the Exchange respectfully requests that Dkts No. 30 is considered by the court but the statements made in plaintiff's opposition that are not contained in plaintiff's FAC be disregarded.

### F. THE FAC FAILS TO SUFFICIENTLY PLEAD A CAUSE OF ACTION AGAINST GONZALEZ FOR A CONSPIRACY TO COMMIT A CIVIL RICO VIOLATION.

The FAC fails to sufficiently allege crucial elements of a RICO Conspiracy claim under 18 U.S.C. § 1962(d), against Gonzalez.

Section 1962(d) provides: "It shall be unlawful for any person to conspire to violate any of the [other RICO] provisions." 18 U.S.C. § 1962(d). To establish a conspiracy in violation of § 1962(d), Plaintiffs must plead "either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participate in, a violation of two predicate offenses." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000). A defendant must also have been "aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993). However, "it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy."

The FAC does not provide sufficient facts that Gonzalez was aware of the essential nature and scope of the enterprise between the Exchange, USAA and IBS. The FAC also does not provide facts or conduct supporting the FAC's allegation that Gonzalez intended to participate in the enterprise. Furthermore, the FAC only contains barebone recitals of plaintiff entering an agreement to violate the substantive provisions of RICO by allegedly agreeing to impede the due administration of justice in violation of 18 U.SC. 1503. (FAC, at 264.) Specifically, it does not allege or support these contentions with facts, that taken

7

The Interinsurance Exchange of the Automobile Club:   Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

as true, support a reasonable inference that Gonzalez and his attorney were agreeing to commit substantive violations of RICO.

In contrast, plaintiff incorporates by reference Dkts 30, the document allegedly impeding the interest of justice. Defendant Gonzalez does not dispute that his attorney filed this document and does not contest authentication. Instead, Defendant Gonzalez contends that the filing of Dkts 30 cannot reasonably be a violation of 18 U.S.C. 1503 even after accepting all facts and reasonable inferences as true.

Defendant Gonzalez is mindful that the allegations contained in the FAC must be viewed in the light most favorable to plaintiff, even if defendant Gonzalez disputes the allegations in plaintiff's twelfth cause of action. Those disputes are not before the court on a 12(c) motion. However, the court is not required to take *all* allegations as true in the FAC. The court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, **or unreasonable inferences**." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (emphasis added). Nor must it accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, the FAC alleges that a Waiver of Service of Summons was mailed to Gonzalez on March 17, 2023. (FAC, at 264.) The FAC alleges that, five days later, Gonzalez had his attorney of record created an allegedly forged copy of the waiver and then asserts a legal conclusion that this is in violation of 18 U.SC. 1503. (*Id.*) The FAC states that Gonzalez knew the waiver was not valid "since [Gonzalez] had not signed the waiver [of service] **prior to Gonzalez's attorney being served** [with the summons and complaint] in person." (FAC, para. 264, pg. 98:8-11.) The alleged purpose of filing the waiver of service was to provide Gonzalez with additional time to file an answer. (*FAC,* 264.)

It is alleged in the FAC that plaintiff sent a Waiver of Service directly to Gonzalez on March 17, 2023. The FAC is silent to whether Gonzalez was represented by counsel when the waiver was allegedly mailed to Gonzalez. However, the FAC admits that plaintiff knew Gonzalez was represented by counsel **5 days later** when he attempted to serve Eran

8

The Interinsurance Exchange of the Automobile Club:                                        Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

S. Forster in-person with a copy of the summons and complaint on **March 22, 2023**, **on behalf of Mr. Gonzalez**. Coincidentally, plaintiff attempted to serve Gonzalez's counsel the same day that his counsel allegedly forged a waiver of service stating that he received the summons and complaint.

According to the waiver of service, it is printed on a standardized U.S. Federal Court form CV-108 (06/98). Defendant Gonzalez requests the court take judicial notice that this form is available on the United States District Court's website and is offered to the public for download.

The FAC does not provide any specificity about the forgery other than the date of service being inaccurate because the document states that receipt occurred on March 22, 2023. **Yet, the FAC also alleges that Gonzalez's attorney was served** with the summons and complaint "**in-person**" **on March 22, 2023**. The receiving party on the waiver is listed as Gonzalez's attorney, Eran S. Forster. The document further states that Eran Forster received the summons and complaint on March 22, 2023, at the same address in Long Beach that the FAC alleges the complaint was sent to Mr. Forster.

Accepting these allegations contained in the FAC as true, and after viewing the waiver of service identified as Dkts 30, it is clear that the filing of the waiver of service by Mr. Forster, or any service of pleadings issue, does not arise to a criminal RICO violation.

### G. CONCLUSION

Plaintiff's FAC must be dismissed against the Exchange and the RICO conspiracy claim dismissed against Gonzalez. The Exchange and Gonzalez respectfully request that this Court enter a judgment in favor of the Exchange regarding all causes of action alleged against it and in favor of Gonzalez dismissing the twelfth cause of action against him. Moving parties also ask that plaintiff not be given any further leave to amend because the nature of the dispute shows that plaintiff cannot maintain these causes of action as a matter of law.

9

The Interinsurance Exchange of the Automobile Club:  Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings

Respectfully submitted.

Dated: January 8, 2024

               FORD, WALKER, HAGGERTY & BEHAR

BY: _____
   JEET SEN
   ERAN S. FORSTER
   Attorneys for Defendants,
   *The Interinsurance Exchange of the*
   *Automobile Club and Jorge Gonzalez*

## **CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1**

The undersigned, counsel of record for the Defendant Interinsurance Exchange of the Automobile Club, certifies that this brief contains 3,396 words (including the caption, any table of contents, any table of authorities, the signature block, this certification, and any indices and exhibits), which complies with the 7,000 word limit of Local Rule 11-6.1.

Dated: January 8, 2024

               FORD, WALKER, HAGGERTY & BEHAR

BY: _____
   JEET SEN
   ERAN S. FORSTER
   Attorneys for Defendant,
   *The Interinsurance Exchange of the*
   *Automobile Club and Jorge Gonzalez*

10

The Interinsurance Exchange of the Automobile Club:        Case No. 8:22-cv-2325
Reply Memorandum of Points & Authorities in Support of Motion for Judgment on the Pleadings