VIVIAN I. ORLANDO (SBN 213833)
VOrlando@maynardnexsen.com
Maynard Nexsen LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone:  310.596.4500

Attorneys for Defendant
USAA Casualty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. SIGLER,<br><br>Plaintiff,<br><br>v.<br><br>JORGE GONZALEZ, USAA CASUALTY INSURANCE COMPANY, INTERINSURANCE EXCHANGE OF AUTOMOBILE CLUB, IMPERIAL BODY SHOP, INC., PABLO GALVEZ, GREG TAYLOR, MELISSA ORDELL, DANELLE BUSHNELL, AMBER PETERSON (aka AMBER PETERSON FORREST, aka AMBER J. SCHNEIDER), KEVIN KARAPOGOSIAN, JAMES SYRING, RANDY TERMEER, JOHN BOYLE and DOES 1 to 99, inclusive,<br><br>Defendants. | Case No.  8:22-cv-02325-CJC-JDEx<br><br>(Honorable Cormac J. Carney)<br><br>**DECLARATION OF VIVIAN I. ORLANDO IN SUPPORT OF DEFENDANT USAA CASUALTY INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO COMPEL APPRAISAL**<br><br>[Filed Concurrently with (i) Defendant's Motion for Judgment on the Pleadings; (ii) Declaration of Melissa Ordell; and (iii) [Proposed] Order]<br><br>**Hearing**:<br>Date:         February 26, 2024<br>Time:         1:30 p.m.<br>Courtroom:   9 B<br><br>Discovery C/O:   April 22, 2024<br>Motion C/O:      June 17, 2024<br>Trial Date:      August 27, 2024<br><br>Am. Comp. Filed: October 9, 2023 |

1

## <u>DECLARATION OF VIVIAN I. ORLANDO</u>

I, VIVIAN I. ORLANDO, hereby declare as follows:

1.     I am an attorney licensed to practice in all the courts in the State of California and a partner at Maynard Nexsen LLP, attorneys for Defendant USAA Casualty Insurance Company ("USAA CIC").   I am one of the attorneys with primary responsibility for the handling of this matter. I have personal knowledge of the facts declared herein and if called upon to testify can and will testify competently thereto.

2.     Plaintiff John W. Sigler's ("Plaintiff") First Amended Complaint pertains to a claim made with respect to a 2013 Chevrolet Impala ("the Vehicle") that was insured under an insurance policy issued by USAA CIC to Plaintiff.  A true and correct copy of the Policy at issue is attached to the concurrently filed Declaration of Melissa Ordell ("Ordell Decl.") as Exhibit A (the "Policy").  As reflected in the Policy, any disputes regarding the amount of loss (including total loss and repair) are subject to appraisal upon a demand by either party.

3.     Plaintiff made an insurance claim to USAA CIC on or about March 10, 2020 and, following an investigation, USAA CIC ultimately determined the Vehicle to have an actual cash value of $8,990.00, which Plaintiff disputed.  A true and correct copy of Plaintiff's May 27, 2021 email is attached hereto as **Exhibit 1.**

4.     As a result of that disagreement, and because of the Complaint filed in this action, USAA CIC through its counsel in this action, sent a letter to Plaintiff on March 16, 2023 invoking the Policy's appraisal provision.  In my letter, I quoted and directed Plaintiff to both the "Appraisal" and "Legal Action Against Us" paragraphs in the Policy.  A true and correct copy of my March 16, 2023 correspondence is attached hereto as **Exhibit 2**.

5.     By response letter dated March 30, 2023, Plaintiff stated his refusal to participate in appraisal.  A true and correct copy of Plaintiff's March 30, 2023 correspondence is attached hereto as **Exhibit 3**.

6.      On June 1, 2023, USAA CIC filed a Motion for Judgment on the Pleadings, or in the Alternative, Motion to Compel Appraisal given Plaintiff's continued refusal to participate in the appraisal process.  [ECF No. 43.]

7.      On July 3, 2023, the Court granted USAA CIC's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Compel Appraisal and dismissed USAA CIC from the case.  [ECF No. 52.]

8.      Subsequently, on September 18, 2023, the Court issued its Order Granting the Exchange's Motion to Dismiss with Leave for Plaintiff to Amend his Complaint.  [ECF No. 73.]  Thereafter, on October 9, 2023, Plaintiff filed his First Amended Complaint ("FAC").  [ECF No. 76.]  The FAC added certain new theories and claims for relief including a new claim under the Clayton (Antitrust) Act, and also added ten (10) defendants to the action (including USAA CIC—which, as noted above, was previously dismissed from the action on July 3, 2023 [ECF No. 52]— and nine (9) other previously unnamed individual defendants). ***The FAC is 175 pages long and contains over 272 paragraphs.***  USAA CIC along with 9 other individual defendants were improperly named as defendants to this case by way of Plaintiff's FAC [ECF No. 76] without Plaintiff being granted leave by this Court to do so [ECF No. 73 makes no mention of Plaintiff having permission to add 10 defendants].

***The Court's Order on Appraisal and Plaintiff's Failure to Participate in the Appraisal Process:***

9.      As noted above, USAA CIC was dismissed from this case by the Court following USAA CIC's motion to compel appraisal and/or for judgment on the pleadings on **July 3, 2023.**  [ECF No. 52.]  In its order, the Court required the parties to participate in appraisal prior to Plaintiff being able to potentially bring suit again against USAA CIC.  Given the timing of events and issues, this dismissal occurred prior to USAA CIC conducting discovery in the case.  The Court's July 2023 Order dismissing the action as to USAA CIC cautioned Plaintiff that:

"[U]ntil an appraisal is completed, it is impossible to know whether USAA CIC has fraudulently undervalued, or used a fraudulent process to undervalue, the vehicle. ***Nor will the Court allow Sigler to skirt the terms of his agreement with USAA CIC through a too-clever-by-half pleading of fraud and RICO claims in what appears to be at its core a coverage dispute.***"

*See* ECF No. 52 at p. 6 (internal alterations, quotation marks and citations omitted) (emphasis added).

10.     On July 11, 2023, contrary to Plaintiff's implication in his FAC (¶27), USAA CIC identified an independent company it intended to use for the appraisal, SCA, along with a website link for the company. **Exhibit 4** hereto includes a true and correct copy of my July 11, 2023 email to Plaintiff providing this information. While the USAA CIC Policy at issue in the case assumes that each party will designate a competent appraiser independent of that party (Exhibit A to the concurrently filed Ordell Decl., includes a true and correct copy of excerpts of the USAA CIC Policy at issue (*see* USAA-SIGLER_000053)), Plaintiff refused to identify an appraiser other than himself, which did not comply with the mandatory initial first step of the appraisal process. *See* **Exhibit 4** (true and correct copies of Plaintiff's July 6, 2023 and July 11, 2023 emails). On July 14, 2023, I, on behalf of USAA CIC, again offered to proceed with the appraisal if Plaintiff wished to identify someone other than himself as the appraiser, but Plaintiff did not do so, and he was not heard from again until October 6, 2023. A true and correct copy of my email to Plaintiff dated July 14, 2023 stating this offer is included as part of **Exhibit 4** hereto.

11.     On October 6, 2023, Plaintiff asserted that he was no longer contesting the "amount of loss" and therefore did not need to participate in the appraisal process and could file suit. A true and correct copy of Plaintiff's October 6, 2023 email to me is attached hereto as **Exhibit 5**. While USAA CIC believes this consession and agreement is fatal to Plaintiff's case against USAA CIC, it is clear that Plaintiff's

4

FAC continues to dispute whether the valuations were fraudulent, and FAC claims the vehicle's repair costs were inflated and Plaintiff disputes whether his vehicle was a total loss.  *See e.g.,* FAC, ¶¶5, 36-43.  These valuation, total loss and repair estimates are included within the definition of "loss" and fall squarely within the appraisal provisions of the Policy.  Policy, Exhibit A to the Ordell Decl. at USAA-SIGLER_000048, 000050, 000053).  Nevertheless, as noted above, Plaintiff sued USAA CIC (and nine other previously unnamed individual defendants), without leave of court and without having the Court consider the propriety of the new theories and claims he was asserting.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 18th day of Janaury, 2024, at Los Angeles, California.

By:  */s/  Vivian I. Orlando*
       VIVIAN I. ORLANDO

# Exhibit 1

EXHIBIT 1
6

**From:** ██████████████
**Date/Time:** 05/27/2021 11:22 PM CDT
**To:** 54zqmpx88pxq@claims.usaa.com
**CC:**

**Subject:** EXTERNAL: RE: Claim Message from USAA

To:             Danelle Bushnell – adjuster at USAA Insurance
                9800 Frederickburgs Road
San Antonio, Texas  78288


From:   John Sigler
        ██████████████
        La Mirada, CA  ████████

Dear Ms. Bushnell,

This letter, and its attached Letter of Demand, shall serve as notice that we will be naming you as a defendant in a civil suit for damages arising out of multiple acts of fraud that you were involved with during the attempted settlement of the losses that occurred during the claims process for our car accident on February 28, 2020.

These acts include: a) the fabrication of a two fraudulent Vehicle Valuation Report (VVR) by USAA contactor Imperial Body Shop (IBS), b) your communication on March 31, 2020 when you falsely informed me that that first fraudulent VVR was due to the Appraiser using the Official VIN Report for my vehicle's description (a deliberate lie which I determine two hours after you called by downloading a true copy of my vehicle's Official VIN report), and finally c) your continued use of IBS's fraudulent VVR even after you knew the VVR contained false statements.  I also have strong indications that the VVR you finally attempted to use continued to contain false statements even after your poor "bandaid" attempt to adjust for the two major fraudulent items we brought to your attention.

That original fraudulent VVR, after ( according to you), IBS attempted to lie their way out of their deliberate fraud attempt; should have been trashed and a new VVR from an honest appraiser should have been obtained.   It also did not help your case when USAA attempted to extort me for continued premiums payable on a vehicle which you classified as "totaled" unless I agreed to your "low ball" offer.

A similar Letter of Demand has been mailed to USAA corporate Offices.

We have found several past cases where USAA has been sued and lost based upon having appraisers knowingly submitting fraudulent appraisals with USAA knowledge.  If you made false statements to us due to other individuals feeding you false statements, you may wish to disclose the details now, and we will consider if the information supports dropping you as a defendant.

Based upon the past history of USAA, and the documented incidents where USAA has had appraisers involved with fraudulent appraisals, we would strongly recommend that you consult with an attorney to protect yourself.

Regards,



# Exhibit 2

EXHIBIT 2
8



**Vivian I. Orlando**
DIRECT 310-596-4378
EMAIL   VOrlando@maynardcooper.com

March 16, 2023

**VIA E-MAIL AND U.S. MAIL**

John W. Sigler

██████████████

La Miranda, CA ██████

██████████████

> **Re:** *Sigler v. USAA Casualty Insurance Co., et al.*
> USDC-C.D. Cal. Case No. 8:22-CV-2325-CJC-JDE
> Total Loss Claim

Dear Mr. Sigler:

Your Complaint in the above-entitled matter makes clear that you are contesting USAA Casualty Insurance Company's ("USAA CIC") determination of the amount of loss for the insured vehicle. The Policy provides:

> If **we** and **you** do not agree on the amount of loss, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

(Policy at 22). Though neither party is required to invoke appraisal, once one does appraisal becomes mandatory.

This letter is to inform you that USAA CIC is invoking its right to demand appraisal. USAA CIC will identify its appraiser within 14 days. Please identify your appraiser by that time.

Additionally, the applicable USAA CIC Policy states: "No legal action may be brought against **us** until there has been full compliance with all the terms of this policy." (Policy at 25). As alleged in your Complaint, you disagree with the amount of loss as determined by USAA CIC. You ignore, however, that you failed to previously comply with appraisal obligations under the Policy and USAA CIC further hereby invokes such provisions. Your Complaint is therefore premature and an improper attempt to avoid the mandatory appraisal process provided for in the Policy. USAA CIC demands that you dismiss your Complaint.

March 16, 2023
John W. Sigler
Page 2


If you do not voluntarily dismiss, USAA CIC intends to file a motion for judgment on the pleadings.

Very truly yours,

MAYNARD COOPER & GALE LLP

Vivian I. Orlando

EXHIBIT 2
10

# Exhibit 3

EXHIBIT 3
11

**John W. Sigler**

**La Mirada, CA** ███████

Vivian I. Orlando

MAYNARD COOPER & GALE LLP

10100 Santa Monica Boulevard, Suite 550

Los Angeles, CA  90067

EXHIBIT 3
12

John Sigler                                                                    March 30, 2023
████████████████
La Mirada, CA ███████

Sent by EMAIL and U.S. Mail.
Vivian I. Orlando
MAYNARD COOPER & GALE LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA  90067


RE:    JOHN W. SIGLER vs. Jorge Gonzalez, et. al.   Case No.   8:22-cv-2325-CJC-JDE
            Total Loss Claim

Dear Ms. Orlando,

I disagree with the statements you have made in your correspondence.  No mandatory
appraisal is in order because no total loss claim exists.  Your client, USAA, is not, and has never
been sued, or told they were being sued for damages relating to a total loss claim.

Your entire correspondence is based upon the false representation that there exists an
insurance claim under the collision portion of my insurance policy.  Nowhere in the complaint is
there any reference to seeking damages under the collision portion of my insurance policy for
total loss.  In the three Cause of Actions ( 2nd, 3rd, 7th) that seek damages from USAA, the
damages being sought are for loss of use, storage costs, damage to my business, extortion
damages, and punitive damages.  All of these are damages arising out of acts of fraud,
intentional misrepresentations, racketeering, and extortion.  No damages are being sought from
USAA for any total loss claim on my vehicle.

Not only are your initial representations false, but your client has known for years that they were
not being sued under the collision portion of my auto policy for a total loss claim.  In a May 22,
2020 email to USAA, I previously and clearly stated to USAA:

> *"Due to the high rate of fraud that has occurred in the handling of this claim, USAA and*
> *AAA have left me no other option but to pursue a settlement through the court system.*
> *Before you start quoting me section of my auto policy claiming that I have to go through*
> *arbitration, understand that USAA is going to be named as a defendant due to the acts*

EXHIBIT 3
13

*of fraud that USAA has committed. My auto policy does not require arbitration when USAA and their contractor commit deliberate acts of fraud.'*

While a claim under the collision portion of my policy was initially opened, once your client engaged in multiple acts of fraud, racketeering, and extortion, that claim was abandoned and withdrawn.  Your client knows this, and my email records verify it.  Your client's own actions also verify that they acknowledged that the total loss claim was withdrawn.

USAA has an established corporate policy that they will not allow a policyholder to cancel his policy while there is an outstanding claim.  Your client enforced this policy of extortion by forcing me to pay several months of unnecessary premiums.  It was only after I abandoned my claim and pursued reimbursement for the collision damages from AAA that USAA stopped extorting unnecessary premiums from me.  Shortly after my May 22, 2020 email, USAA released the "lock" on my account allowing me to cancel the policy on this vehicle and stop the forced unnecessary premiums.  You can not dispute the physical facts.

The provisions regarding appraisals that you are quoting are only applicable if there is an existing collision damage claim, and your client knows that claim was withdrawn back in 2020.  It would also be obvious to any person that the claim was withdrawn based upon the simple fact that a vehicle damage claim was filed with AAA, and I was negotiating with AAA for the damage to my vehicle.  When I started negotiating with AAA, there was no need for a USAA collision damage claim since AAA admitted to 100% liability and stated they would cover all the vehicle damages.

USAA has no right to demand an appraisal since the collision damage claim was abandoned and your client knows it.  As such, I will not be participating in your appraisal / umpire process.  Since there are no terms within my insurance policy regarding criminal acts of fraud and extortion being committed by USAA, there are no terms in my policy that I am not in full compliance with.  I am in full compliance with all the terms of my cancelled policy and I am free to bring legal action against USAA for racketeering, fraud, and extortion.

If you are not yet convinced that your representations are false, let me try another point of view.  Let's assume for a moment that we did the appraiser approach and the umpire decided on your appraised value.  <u>What would you do with that valuation?</u>  Is USAA going to pay me that amount?  If so, under what Cause of Action within the lawsuit?  There is no correlation between

EXHIBIT 3
14

the total loss valuation of my vehicle and the damages requested from USAA for loss of use,
extra storage costs, punitive damages, or extorted unnecessary premiums.  USAA has no legal
need for an appraisal since that valuation would be useless; therefore, USAA has no basis to
demand my participation in their appraisal process.  You have created this false narrative about
USAA's right to appraisal based on a false representation that a total loss claim exists where
one does not.

As far as your threat of a motion for judgment on the pleadings, I am fully prepared to respond.
I am sure you are aware, "for purposes of the court's consideration of a Rule 12(c) motion, all of
the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all
contravening assertions in the movant's pleadings are taken to be false."  Judgment on the
pleadings is proper only when "there is no issue of material fact in dispute, and the moving party
is entitled to judgment as a matter of law."  Your client and their contractor IBS have committed
multiple acts of fraud, intentional misrepresentations, and extortion; and I already have the
physical evidence to prove those claims.  Your client also has a history of engaging in appraisal
fraud, and once again, I have the evidence.  You will also be taking the risk of having your
motion refashioned into a summary judgment which may not be good for your client.

Since your correspondence is based upon a misrepresentation claiming a total loss claim exists
when one does not, your correspondence meets the standard for another pair of predicate acts
of wire fraud and mail fraud against USAA.  Since your correspondence also attempts to take
"my property" under a threat, it also meets the definition of extortion under 18 USC 1512.  When
I amend my complaint to include all the DOEs, your client can look forward to the adding of
additional predicate acts against them.

Sincerely,

John W. Sigler

**John W. Sigler**
████████████
**La Mirada, California** ██████
**Telephone:** ██████████
**Email:** ████████████████
**Plaintiff In Propria Persona**

EXHIBIT 3
15

# Exhibit 4

EXHIBIT 4
16

**Vivian I. Orlando**

| | |
|---|---|
| **From:** | Vivian I. Orlando |
| **Sent:** | Friday, July 14, 2023 5:40 PM |
| **To:** | jsigler@█████████ |
| **Cc:** | Vivian I. Orlando |
| **Subject:** | RE: RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal |

Mr. Sigler:

We continue to disagree with your position and assertions, and USAA CIC's position has been clearly stated.  We have already stated why you cannot serve as an appraiser, and will take the position that you have refused to participate in the appraisal process by continuing to name yourself as your appraiser. Given your emails and previous communications, we do not believe that further discussion with you would be productive or is warranted at this time.  We also disagree with your suggestion that you can appropriately sue individuals directly who work for USAA CIC to circumvent the appraisal process or otherwise, but the immediate issue is the appraisal process involving you and USAA CIC.  Should you decide to name an appraiser other than yourself consistent with the position we have stated, please let us know.

Thank you.

**Vivian I. Orlando. Esq.**
Partner | Insurance
P: 310.596.4378 | C: 213.321.1125
vorlando@MaynardNexsen.com | vCard

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067



---

**From:** John Sigler <jsigler@█████████>
**Sent:** Tuesday, July 11, 2023 8:37 PM
**To:** Vivian I. Orlando <vorlando@MaynardNexsen.com>
**Subject:** RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Dear Ms. Orlando,

On February 29, 2020, Alexander reported to USAA that he was involved in an accident.   Alexander Sigler has no legal right to open a property damage claim on the Impala because the Impala is not his vehicle.

The paperwork I signed at Imperial Body Shop was to get my vehicle repaired.  I never signed any paperwork filing a total loss claim.  That would be absurd since the accident was the other person's fault and AAA is liable for all the damages.   The agreement I had with USAA was that they would assist me in getting my vehicle repaired by covering the repair costs if I went to Imperial Body Shop and they would then get reimbursed from AAA.  That was the complete extent of my discussion and agreement with USAA, and I can back that up with copies of the paperwork that I signed at

1

EXHIBIT 4
17

Imperial Body Shop.   I never agreed to, nor was there ever any mention of the phase "total loss claim".   If you wish to take the position that USAA opened such a claim without my knowledge or approval, then that would be fraud.

As far as allowing USAA to continue to handle my claim, it was never my claim and when I finally figured out how USAA was defrauding the entire process with fraudulent appraisals, I told USAA to cancel whatever claim that they had opened.   The emphasis on "that they had opened", not me.

So with all that said, USAA must have some paperwork claiming that "I opened a total loss claim" even if I did not, so provide me with a copy of that paperwork.   There has to be a written acknowledgement of the opening of the total loss claim if you say I opened such a claim.   Produce the paperwork, or admit that this whole total loss claim was an act of fraud by USAA.

As far as the appraisal process goes, the policy terms state I am to select a competent appraiser, and there is nothing in the policy terms that state USAA has any right to approve or disapprove of the appraiser I select.   Who better to advocate for a fair valuation of my vehicle than myself, and beside, who are you to state that "I do not meet this criteria".   You know nothing.

Concerning your definition of a competent appraiser, USAA never defined that term so the term is open to interpretation.   I have worked in the auto repair industry for many years when I was younger and I am a whole lot more competent that any appraiser USAA as selected in the past.   I can even see that my vehicle has a sunroof on it.

There is nothing in the terms of the policy to prevent me from being the appraiser I select to value my vehicle, so I refuse your determination that I cannot perform this function a lot more competently than the people you have selected in the past.   I do not really care what you do or do not believe.   The policy does not get USAA any rights in the selection or approval of the person I select as my appraiser.   I also do not plan on arbitrating the valuation, so that issue is mute.   As per the terms, your appraiser comes up with his valuation, and my selected appraiser, me, will come up with my valuation.   The two appraisers will meet and discuss our differences and if we cannot come to a consensus, then we will select an umpire to settle the issue.

This whole process is a wasted exercise because regardless of what the outcome is, I am not going to accept your settlement.   USAA can write whatever check they want, but I am not going to accept or cash it.   I am going after Gonzalez and AAA for the cost of my vehicle and there is nothing USAA can do about that.   I never opened a total loss claim and USAA has no legal authority to force me to accept payment for a claim I did not open.   Whatever valuation USAA comes up with will only serve to prove that USAA had Galvez falsify his appraisal in the first place.   All you are looking to do at this time is make this process as costly as possible and I refuse to play your game.

You have until 5pm Friday to provide me with the name of your appraiser, not some stupid website, so I can move this process forward.   You should also realize that I not do even need to go through this process.   The only reason I am doing it is to gather more evidence of fraud being committed by USAA and their contractors.   I fully expect your appraiser to make false statements within his appraisal which I will then use to add him as a defendant under RICO.

RICO is designed to go after the individuals who directly or indirectly conduct the affairs of a racketeering enterprise.   I can still identify the RICO enterprise as an AIF enterprise consisting of USAA and IBS, and then go after the people who directed the enterprise which would be Bushnell, Ordell, and USAA's CEO.    My policy states I cannot bring legal action against USAA, it says nothing about going after the people who conducted the enterprise who are separate legal entities not cover by any of the policy terms.

In conclusion, USAA has no legal right of approval of whom I select to appraise my vehicle.   USAA has until 5pm Friday to provide me with the name of the appraiser individual USAA has selected.   If USAA refused to engage in the appraisal arbitration process by Friday, then I will move on and take my chances with Judge Carney because USAA ius refusing to engage in the appraisal arbitration process.   Finally, USAA better come up with some form of paperwork that states that I opened a total loss claim.

Regards,

John Sigler

La Mirada, CA ███████
Cell No. ███████████

---

**From:** Vivian I. Orlando [mailto:vorlando@MaynardNexsen.com]
**Sent:** Tuesday, July 11, 2023 4:06 PM
**To:** John Sigler
**Cc:** Alison J. Shilling; Elizabeth Pilcher; Vivian I. Orlando; Leanna Borys
**Subject:** RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Mr. Sigler:

The Policy does not require the named insured to sign a document stating that the claim is for total loss. Your son informed USAA CIC of the accident on February 29, 2020, which triggered the claims process and you were so advised that the process was underway. *See* Feb. 29, 2020 letter to you stating that USAA CIC would be handling your auto claim (USAA_SIGLER 185-187). The claim notes, which you have, and the events for which you are fully aware, reflect that you continued to allow USAA CIC to handle your claim, including with respect to the total loss determination when it was determined that the cost to repair the vehicle plus salvage cost exceeded the actual cash value.

We note that, after you delivered the car to Imperial, Imperial estimated repairs totaling over $9,000. USAA CIC deemed the car a total loss.  This was consistent with the terms of the Policy and within the rights reserved by USAA CIC under the Policy. *See* Policy, Part D. Physical Damage Coverage, Limits of Liability at A.2. ("**We** will declare **your covered auto** to be a total loss if, in **our** judgment, the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the **loss**.") (emphasis in original). The cost to repair your vehicle ($9,253.07—USAA_SIGLER 261) was always greater that its actual cash value (initially $8,437—USAA_SIGLER 388—revised to $8,955—USAA_SIGLER 733).

USAA CIC will be using SCA as their appraiser (https://www.scaclaims.com/).USAA CIC will not agree, however, that you can name yourself as your appraiser. The appraisal process itself assumes that the insurer and insured cannot agree to the valuation and, under that scenario, the Policy provisions require each party to select a competent appraiser to value the vehicle, and those appraisers will select an umpire jointly, whose services are used only if the two appraisers fail to agree on an actual cash value and amount of loss. The appraisers selected obviously cannot be the insurer or the insured. To find otherwise, would render material language in the appraisal provision ineffective, and your apparent interpretation is not consistent with the purpose and intent of the appraisal provision or arbitration in general. Certainly, no cases support your claim that you should be allowed to act as an appraiser here, nor can you serve as an arbitrator of your own claim.

We also do not believe you are a competent appraiser. A competent appraiser is a person with knowledge, training and expertise in the field of car repair and valuation, and you do not meet this criteria.

We are confident that if you continue to pursue your position that appointing yourself as an appraiser satisfies the Policy's provisions, and seek to refile your action against USAA CIC, Judge Carney will find that you failed to participate in the appraisal process.

Please provide name of your appraiser consistent with the above discussion within one week.

Thank you.

**Vivian I. Orlando. Esq.**
Partner | Insurance
P: 310.596.4378 | C: 213.321.1125
vorlando@MaynardNexsen.com | vCard

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067



---

**From:** John Sigler <jsigler@████████████>
**Sent:** Thursday, July 6, 2023 10:11 PM
**To:** Vivian I. Orlando <vorlando@MaynardNexsen.com>
**Cc:** Alison J. Shilling <ashilling@MaynardNexsen.com>; Elizabeth Pilcher <epilcher@MaynardNexsen.com>
**Subject:** RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Dear Ms. Orlando,

I received the judge's order so I am now ready to proceed with my Phase Two.

I have told USAA from the start that NO total Loss claim exists, but USAA has asserted to a US Federal Judge that I created a Total Loss Claim; so I am going along with the court for the time being.

Relying upon the false statements USAA made to Judge Carney, I am now forced to engage in a sham Appraisal Arbitration process against my wishes for a Total Loss Claim that I never authorized or requested; therefore,  I am officially making the following request of USAA:

**I am requesting that in accordance with my USAA auto insurance policy, USAA provide a copy of the Total Loss Claim authorization signed by me, as well as the name and contact information for USAA's appraiser for Appraisal Arbitration within five days, no later than close of business on Tuesday, July 11, 2023.**

Since the Appraisal Arbitration Process is only valid if a Total Loss Claim exists, we need to make sure that everything is legal and a legally signed and a legally requested Total Loss Claim existed.  I continue to claim that no Total Loss Claim has ever existed; so I am requesting that in addition to USAA providing me with the name and contact information for their appraiser, USAA produce a copy of the paperwork they claim I signed opening a Total Loss Claim with USAA.

The only paperwork that I ever signed was for a repair authorization by Imperial Body Shop.  Nowhere within that paperwork was there any mention of a Total Loss Claim or was there any authorization to perform any appraisal on my

vehicle.   I do not have any record of ever signing any paperwork opening or authorizing a Total Loss Claim and I do not believe that USAA has any paperwork signed by me authorizing a Total Loss Claim.

While I firmly believe that I never signed any paperwork opening a Total Loss Claim with USAA, just in case I missed some paperwork or forget I signed something, please have your client include a copy of the paperwork that they claim I signed opening a Total Loss Claim.  In the interest of full disclosure, USAA knows that the 2013 Impala is registered in my name, was insured under my policy, and no other person has ever been given the authority to open any Total Loss Claim on that specific vehicle, except me.

Requesting USAA's appraiser contact information for Appraisal Arbitration is in no way an admission by me that any Total Loss Claim ever existed.  I am going along with this process as a result of the misrepresentations that USAA made to a U.S. Court, falsely claiming that I, at some time, opened a Total Loss Claim and that USAA has signed paperwork substantiating that misrepresentation.

On my part, I am required to obtain a competent Appraiser, and for my choice, I will be electing myself as the competent Appraiser for my side of the appraisal process.  Once USAA provides the signed paperwork verifying that I did open a Total Loss Claim and also provides the name and contact information of USAA's chosen appraiser, I will then contact USAA 's designated Appraiser, complete the arbitration process, and then re-file my lawsuit against USAA.

Regards,

John Sigler

██████████████
La Mirada, CA  90638
Cell No. ██████████████

---

**From:** Vivian I. Orlando [mailto:vorlando@MaynardNexsen.com]
**Sent:** Wednesday, July 5, 2023 9:01 AM
**To:** John Sigler
**Cc:** Alison J. Shilling; Elizabeth Pilcher; Vivian I. Orlando
**Subject:** RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Mr. Sigler:  The Court issued the attached order dated Monday, July 3, 2023, granting USAA CIC's motion for judgment on the pleadings/appraisal and dismissing the case against USAA CIC.  I wanted to send this along to you even though I understand the Court will mail it to you given the holiday so that you are aware that the hearing will not proceed on 7/10/23.

Thank you,
Vivian

**Vivian I. Orlando. Esq.**
Partner | Insurance
P: 310.596.4378 | C: 213.321.1125
vorlando@MaynardNexsen.com | vCard

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067



Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

# Exhibit 5

EXHIBIT 5
23

**Vivian I. Orlando**

| | |
|---|---|
| **From:** | John Sigler <jsigler@▮▮▮▮▮▮▮▮> |
| **Sent:** | Friday, October 6, 2023 9:16 AM |
| **To:** | Vivian I. Orlando |
| **Cc:** | Alison J. Shilling; Elizabeth Pilcher; Leanna Borys |
| **Subject:** | RE: RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Appraisal Arbitration |
| **Attachments:** | Orlando Letter.pdf |

Dear Ms. Orlando,

Attached please find a letter that will settle the matter of appraisal arbitration for good.

Basically I have decided not to disagree with USAA's last "amount of loss", so Appraisal Arbitration can no longer be an issue according to the terms of USAA's policy.

Regards,

John Sigler

---

**From:** Vivian I. Orlando [mailto:vorlando@MaynardNexsen.com]
**Sent:** Friday, July 14, 2023 5:40 PM
**To:** jsigler@▮▮▮▮▮▮▮▮
**Cc:** Vivian I. Orlando
**Subject:** RE: RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Mr. Sigler:

We continue to disagree with your position and assertions, and USAA CIC's position has been clearly stated.  We have already stated why you cannot serve as an appraiser, and will take the position that you have refused to participate in the appraisal process by continuing to name yourself as your appraiser. Given your emails and previous communications, we do not believe that further discussion with you would be productive or is warranted at this time.  We also disagree with your suggestion that you can appropriately sue individuals directly who work for USAA CIC to circumvent the appraisal process or otherwise, but the immediate issue is the appraisal process involving you and USAA CIC.  Should you decide to name an appraiser other than yourself consistent with the position we have stated, please let us know.

Thank you.

**Vivian I. Orlando. Esq.**
Partner | Insurance
P: 310.596.4378 | C: 213.321.1125
vorlando@MaynardNexsen.com | vCard

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067



**From:** John Sigler <jsigler@███████████>
**Sent:** Tuesday, July 11, 2023 8:37 PM
**To:** Vivian I. Orlando <vorlando@MaynardNexsen.com>
**Subject:** RE: Sigler v. Gonzalez, et. al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Dear Ms. Orlando,

On February 29, 2020, Alexander reported to USAA that he was involved in an accident.   Alexander Sigler has no legal right to open a property damage claim on the Impala because the Impala is not his vehicle.

The paperwork I signed at Imperial Body Shop was to get my vehicle repaired.  I never signed any paperwork filing a total loss claim.  That would be absurd since the accident was the other person's fault and AAA is liable for all the damages.  The agreement I had with USAA was that they would assist me in getting my vehicle repaired by covering the repair costs if I went to Imperial Body Shop and they would then get reimbursed from AAA.  That was the complete extent of my discussion and agreement with USAA, and I can back that up with copies of the paperwork that I signed at Imperial Body Shop.  I never agreed to, nor was there ever any mention of the phase "total loss claim".  If you wish to take the position that USAA opened such a claim without my knowledge or approval, then that would be fraud.

As far as allowing USAA to continue to handle my claim, it was never my claim and when I finally figured out how USAA was defrauding the entire process with fraudulent appraisals, I told USAA to cancel whatever claim that they had opened.  The emphasis on "that they had opened", not me.

So with all that said, USAA must have some paperwork claiming that "I opened a total loss claim" even if I did not, so provide me with a copy of that paperwork.  There has to be a written acknowledgement of the opening of the total loss claim if you say I opened such a claim.  Produce the paperwork, or admit that this whole total loss claim was an act of fraud by USAA.

As far as the appraisal process goes, the policy terms state I am to select a competent appraiser, and there is nothing in the policy terms that state USAA has any right to approve or disapprove of the appraiser I select.  Who better to advocate for a fair valuation of my vehicle than myself, and beside, who are you to state that "I do not meet this criteria".  You know nothing.

Concerning your definition of a competent appraiser, USAA never defined that term so the term is open to interpretation.  I have worked in the auto repair industry for many years when I was younger and I am a whole lot more competent that any appraiser USAA as selected in the past.  I can even see that my vehicle has a sunroof on it.

There is nothing in the terms of the policy to prevent me from being the appraiser I select to value my vehicle, so I refuse your determination that I cannot perform this function a lot more competently than the people you have selected in the past.  I do not really care what you do or do not believe.  The policy does not get USAA any rights in the selection or approval of the person I select as my appraiser.   I also do not plan on arbitrating the valuation, so that issue is mute.  As per the terms, your appraiser comes up with his valuation, and my selected appraiser, me, will come up with my valuation.  The two appraisers will meet and discuss our differences and if we cannot come to a consensus, then we will select an umpire to settle the issue.

This whole process is a wasted exercise because regardless of what the outcome is, I am not going to accept your settlement.  USAA can write whatever check they want, but I am not going to accept or cash it.  I am going after Gonzalez and AAA for the cost of my vehicle and there is nothing USAA can do about that.  I never opened a total loss claim and USAA has no legal authority to force me to accept payment for a claim I did not open.   Whatever valuation USAA comes up with will only serve to prove that USAA had Galvez falsify his appraisal in the first place.   All you are looking to do at this time is make this process as costly as possible and I refuse to play your game.

You have until 5pm Friday to provide me with the name of your appraiser, not some stupid website, so I can move this process forward.  You should also realize that I not do even need to go through this process.  The only reason I am doing it is to gather more evidence of fraud being committed by USAA and their contractors.  I fully expect your appraiser to make false statements within his appraisal which I will then use to add him as a defendant under RICO.

RICO is designed to go after the individuals who directly or indirectly conduct the affairs of a racketeering enterprise.  I can still identify the RICO enterprise as an AIF enterprise consisting of USAA and IBS, and then go after the people who directed the enterprise which would be Bushnell, Ordell, and USAA's CEO.   My policy states I cannot bring legal action against USAA, it says nothing about going after the people who conducted the enterprise who are separate legal entities not cover by any of the policy terms.

In conclusion, USAA has no legal right of approval of whom I select to appraise my vehicle.  USAA has until 5pm Friday to provide me with the name of the appraiser individual USAA has selected.  If USAA refused to engage in the appraisal arbitration process by Friday, then I will move on and take my chances with Judge Carney because USAA ius refusing to engage in the appraisal arbitration process.  Finally, USAA better come up with some form of paperwork that states that I opened a total loss claim.

Regards,

John Sigler

La Mirada, CA
Cell No.

---

**From:** Vivian I. Orlando [mailto:vorlando@MaynardNexsen.com]
**Sent:** Tuesday, July 11, 2023 4:06 PM
**To:** John Sigler
**Cc:** Alison J. Shilling; Elizabeth Pilcher; Vivian I. Orlando; Leanna Borys
**Subject:** RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Mr. Sigler:

The Policy does not require the named insured to sign a document stating that the claim is for total loss. Your son informed USAA CIC of the accident on February 29, 2020, which triggered the claims process and you were so advised that the process was underway. *See* Feb. 29, 2020 letter to you stating that USAA CIC would be handling your auto claim (USAA_SIGLER 185-187). The claim notes, which you have, and the events for which you are fully aware, reflect that you continued to allow USAA CIC to handle your claim, including with respect to the total loss determination when it was determined that the cost to repair the vehicle plus salvage cost exceeded the actual cash value.

We note that, after you delivered the car to Imperial, Imperial estimated repairs totaling over $9,000. USAA CIC deemed the car a total loss.  This was consistent with the terms of the Policy and within the rights reserved by USAA CIC under the Policy. *See* Policy, Part D. Physical Damage Coverage, Limits of Liability at A.2. ("**We** will declare **your covered auto** to be a total loss if, in **our** judgment, the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the

**loss**.") (emphasis in original). The cost to repair your vehicle ($9,253.07—USAA_SIGLER 261) was always greater that its actual cash value (initially $8,437—USAA_SIGLER 388—revised to $8,955—USAA_SIGLER 733).

USAA CIC will be using SCA as their appraiser (https://www.scaclaims.com/).USAA CIC will not agree, however, that you can name yourself as your appraiser. The appraisal process itself assumes that the insurer and insured cannot agree to the valuation and, under that scenario, the Policy provisions require each party to select a competent appraiser to value the vehicle, and those appraisers will select an umpire jointly, whose services are used only if the two appraisers fail to agree on an actual cash value and amount of loss. The appraisers selected obviously cannot be the insurer or the insured. To find otherwise, would render material language in the appraisal provision ineffective, and your apparent interpretation is not consistent with the purpose and intent of the appraisal provision or arbitration in general. Certainly, no cases support your claim that you should be allowed to act as an appraiser here, nor can you serve as an arbitrator of your own claim.

We also do not believe you are a competent appraiser. A competent appraiser is a person with knowledge, training and expertise in the field of car repair and valuation, and you do not meet this criteria.

We are confident that if you continue to pursue your position that appointing yourself as an appraiser satisfies the Policy's provisions, and seek to refile your action against USAA CIC, Judge Carney will find that you failed to participate in the appraisal process.

Please provide name of your appraiser consistent with the above discussion within one week.

Thank you.

**Vivian I. Orlando. Esq.**
Partner | Insurance
P: 310.596.4378 | C: 213.321.1125
vorlando@MaynardNexsen.com | vCard

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067



---

**From:** John Sigler <jsigler@▮▮▮▮▮▮▮▮
**Sent:** Thursday, July 6, 2023 10:11 PM
**To:** Vivian I. Orlando <vorlando@MaynardNexsen.com>
**Cc:** Alison J. Shilling <ashilling@MaynardNexsen.com>; Elizabeth Pilcher <epilcher@MaynardNexsen.com>
**Subject:** RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Dear Ms. Orlando,

I received the judge's order so I am now ready to proceed with my Phase Two.

I have told USAA from the start that NO total Loss claim exists, but USAA has asserted to a US Federal Judge that I created a Total Loss Claim; so I am going along with the court for the time being.

Relying upon the false statements USAA made to Judge Carney, I am now forced to engage in a sham Appraisal Arbitration process against my wishes for a Total Loss Claim that I never authorized or requested; therefore, I am officially making the following request of USAA:

**I am requesting that in accordance with my USAA auto insurance policy, USAA provide a copy of the Total Loss Claim authorization signed by me, as well as the name and contact information for USAA's appraiser for Appraisal Arbitration within five days, no later than close of business on Tuesday, July 11, 2023.**

Since the Appraisal Arbitration Process is only valid if a Total Loss Claim exists, we need to make sure that everything is legal and a legally signed and a legally requested Total Loss Claim existed. I continue to claim that no Total Loss Claim has ever existed; so I am requesting that in addition to USAA providing me with the name and contact information for their appraiser, USAA produce a copy of the paperwork they claim I signed opening a Total Loss Claim with USAA.

The only paperwork that I ever signed was for a repair authorization by Imperial Body Shop. Nowhere within that paperwork was there any mention of a Total Loss Claim or was there any authorization to perform any appraisal on my vehicle. I do not have any record of ever signing any paperwork opening or authorizing a Total Loss Claim and I do not believe that USAA has any paperwork signed by me authorizing a Total Loss Claim.

While I firmly believe that I never signed any paperwork opening a Total Loss Claim with USAA, just in case I missed some paperwork or forget I signed something, please have your client include a copy of the paperwork that they claim I signed opening a Total Loss Claim. In the interest of full disclosure, USAA knows that the 2013 Impala is registered in my name, was insured under my policy, and no other person has ever been given the authority to open any Total Loss Claim on that specific vehicle, except me.

Requesting USAA's appraiser contact information for Appraisal Arbitration is in no way an admission by me that any Total Loss Claim ever existed. I am going along with this process as a result of the misrepresentations that USAA made to a U.S. Court, falsely claiming that I, at some time, opened a Total Loss Claim and that USAA has signed paperwork substantiating that misrepresentation.

On my part, I am required to obtain a competent Appraiser, and for my choice, I will be electing myself as the competent Appraiser for my side of the appraisal process. Once USAA provides the signed paperwork verifying that I did open a Total Loss Claim and also provides the name and contact information of USAA's chosen appraiser, I will then contact USAA 's designated Appraiser, complete the arbitration process, and then re-file my lawsuit against USAA.

Regards,

John Sigler

La Mirada, CA
Cell No.

---

**From:** Vivian I. Orlando [mailto:vorlando@MaynardNexsen.com]
**Sent:** Wednesday, July 5, 2023 9:01 AM
**To:** John Sigler
**Cc:** Alison J. Shilling; Elizabeth Pilcher; Vivian I. Orlando
**Subject:** RE: Sigler v. Gonzalez, et al. - Case No. 8:22-cv-02325-CJC-JDEx - Order Granting USAA CIC's Motion for Judgment on the Pleadings/Appraisal

Mr. Sigler: The Court issued the attached order dated Monday, July 3, 2023, granting USAA CIC's motion for judgment on the pleadings/appraisal and dismissing the case against USAA CIC. I wanted to send this along

to you even though I understand the Court will mail it to you given the holiday so that you are aware that the hearing will not proceed on 7/10/23.

Thank you,
Vivian

**Vivian I. Orlando. Esq.**
Partner | Insurance
P: 310.596.4378 | C: 213.321.1125
vorlando@MaynardNexsen.com | vCard

10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067



Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

To: Vivian I. Orlando (SBN 213833)                                October 6, 2023

MAYNARD COOPER & GALE LLP

10100 Santa Monica Boulevard, Suite 550

Los Angeles, CA  90067

Attorney for Defendant USAA Casualty Insurance Co.


Dear Ms. Orlando,

      Due to new evidence I have obtained through discovery, and the fact that USAA continues to redefine the terms contained within their policy, I find there is no point in attempting to engage in Appraisal Arbitration as stated by USAA's  auto Policy, Part D – PHYSICAL DAMAGE COVERAGE, - APPRAISAL, "*If we and you do not agree on the amount of loss, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree they will submit their differences to the Empire.  A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expense of the Empire equally. Neither we nor you waive any rights under this policy by agreeing to an appraisal.*"

      <u>Since Appraisal Arbitration is triggered by "If we and you do not agree on the amount of loss", I am no longer going to disagree on the amount of loss stated by USAA.</u>

      The last loss statement that I received from USAA was on March 31, 2020 which stated a loss amount of $10,090.05, and I will agree on this valuation.  Please verify with your client that this is the last loss amount that they provided.  If they have a different amount, please provide the amount, the date they made the offer, and a copy of the offer and I will agree to that valuation and we can dispense with this Appraisal Arbitration issue.

      Based upon your Judgment on the Pleading filings, the Appraisal Arbitration was the only issue that USAA claimed was not in compliance.  Now that I am agreeing to the "amount of loss" I am in full compliance with all the terms of the policy and according to Part E – GENERAL PROVISIONS, - LEGAL ACTION AGAINST US, Paragraph A.  "*No legal action may be brought against us until there has been full compliance with all the terms of this policy*", I can move

EXHIBIT 5
30

forward with legal action against USAA, its executives, and USAA's employees.  (Since USAA defines "us" in DEFINITIONS – Paragraph B.  *"We", "us", and "our" refer to the company providing this insurance"*, it is my position that I could take action against USAA executives and employees as individuals with or without settling the Appraisal Arbitration issue.)


Regards,

John Sigler

EXHIBIT 5
31

# CERTIFICATE OF SERVICE

***John W. Sigler v. Jorge Gonzalez, USAA Casualty Insurance Company, et al.
Case No. 8:22-cv-02325-CJC-JDEx***

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **January 18, 2024**, I served the document(s) entitled, **DECLARATION OF VIVIAN I. ORLANDO IN SUPPORT OF DEFENDANT USAA CASUALTY INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO COMPEL APPRAISAL** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

and telephone number as stated.

☒ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **January 18, 2024**, at Los Angeles, California.

_____
Lea Borys

1020793\304578071.v1

# SERVICE LIST

**John W. Sigler v. Jorge Gonzalez, USAA Casualty Insurance Company, et al.**
**Case No. 8:22-cv-02325-CJC-JDEx**

**VIA EMAIL AND MAIL**
John W. Sigler
13129 Stern Avenue
La Mirada, California 90638
Telephone: (714) 697-8576
Email: JSIGLER@SWS-LLC.COM
*Plaintiff In Propria Persona*

**VIA  CM/ECF**
Jeffrey M. Lenkov, Esq.
jeffrey.lenkov@manningkass.com
tlp@ManningKass.com
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Imperial Body Shop, Inc.*

**VIA CM/ECF**
Jeet Sen, Esq.
Eran Scott Forster, Esq.
eforster@fwhb.com
 rbaptist@fwhb.com
jsen@fwhb.com
FORD, WALKER, HAGGERTY &
BEHAR, LLP
One World Trade Center, 27th Floor
Long Beach, California 90831-2700
(562) 983-2500 | (562) 983-2555 Fax
*Attorneys for Defendant,*
*Interinsurance Exchange of Automobile*
*Club of Southern California*