O

**DENIED**
BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN W. SIGLER,

     Plaintiff,

  v.

JORGE GONZALEZ; USAA CASUALTY INSURANCE COMPANY; INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA; IMPERIAL BODY SHOP, INC.; and DOES 1 to 99, inclusive,

     Defendants.

Case No.:  8:22-cv-02325-MEMF-JDE

**ORDER DENYING INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 129]**

  Before the Court is the Motion for Summary Judgment filed by Defendant Interinsurance Exchange of the Automobile Club of Southern California ("AAA"). ECF No. 129. For the reasons stated herein, the Court hereby DENIES the Motion for Summary Judgment.

/ / /

/ / /

1

I. **Background**

  A. **Factual Background**

The present action stems from the alleged mishandling of *pro se* Plaintiff John W. Sigler's insurance claim after his car was damaged in a two-car accident. Specifically, Sigler asserts claims against Defendants Jorge Gonzalez (the driver who rear-ended Plaintiff's Vehicle); AAA, Gonzalez's automobile insurer; USAA Casualty Insurance Company ("USAA," Plaintiff's insurer); Imperial Body Shop, Inc. ("IBS," the body shop that provided an appraisal on Plaintiff's vehicle); Pablo Galvez (an appraiser at IBS); Greg Taylor (another appraiser at IBS); Amber Peterson (a claims adjuster at AAA); Kevin Karapogosian (CEO of IBS); John Boyle (CEO of AAA); and unnamed Does stemming from the collision, repair, and insurance coverage of the Vehicle.

  B. **Procedural History**

On November 18, 2022, Sigler commenced the instant action in the Orange County Superior Court against Defendants Gonzales, AAA, USAA, IBS, Galvez, Taylor, Peterson, Karapogosian, and Boyle. ECF No. 1, Ex. A. USAA removed the action on December 29, 2022. *Id.*, Ex. 1.

On October 10, 2023, Sigler filed the First Amended Complaint ("FAC.") The FAC includes the following causes of action: (1) negligence against Defendant Gonzalez, FAC ¶¶ 46–47; (2) intentional misrepresentation against Defendants IBS, Galvez, USAA, Bushnell, Ordell, Taylor, AAA, and Peterson, *id.* ¶¶ 47–69; (3) violation of the Clayton Act against Defendants AAA, Peterson, USAA, Bushnell, IBS, and Taylor, *id.* ¶¶ 69–75; (4) violation of the Sherman Act against Defendants AAA, Peterson, USAA, Bushnell, IBS, and Taylor, *id.* ¶¶ 69–75; (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against Defendants USAA, Bushnell, Ordell, Termeer, IBS, Karapogosian, AAA, and Boyle, *id.* ¶¶ 75–92; and (6) conspiracy to violate RICO against Defendants Galvez, Taylor, Peterson, Bushnell, Ordell, Gonzalez, IBS, and Karapogosian, *id.* ¶¶ 92–100.

On February 22, 2024, Judge Cormac J. Carney granted USAA's motion for judgment on the pleadings as to Sigler's sixth claim for RICO violations. Order Granting in Part and Denying in Part USAA's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Compel Appraisal. ECF No. 119 ("Order").

On May 17, 2024, AAA filed the instant Motion for Summary Judgment. AAA also filed a
Separate Statement of Uncontroverted Facts in Support of Motion for Summary Judgment by
Defendant Interinsurance Exchange of the Automobile Club ("SUF"); Declaration of Aparajito Sen,
Esq. in Support of Motion for Summary Judgment, Alternatively, Partial Summary Judgment, ECF
No. 129-3 ("Sen Decl." or "Sen Declaration"); Declaration of Elizabeth Yates in Support of Motion
for Summary Judgment, ECF No. 129-4 ("Yates Decl." or "Yates Declaration"); and an Appendix of
Evidence (Exhibits) in Support of Motion for Summary Judgment / Partial Summary Judgment, ECF
No. 129-5 ("Exhibits"). On May 27, 2024, Sigler filed a Plaintiff's Opposition to Motion for
Summary Judgment, Partial Summary Judgment or Defendant Interinsurance Exchange of
Automobile Club, ECF No. 139 ("Opp'n" or "Opposition.") On June 6, 2024, Defendant filed a
Reply of Defendant Interinsurance Exchange of the Automobile Club to Plaintiff's Opposition to its
Motion for Summary Judgment, Alternatively, Partial Summary Judgment, ECF No. 149 ("Reply.")

On May 27, 2024, Sigler filed a Declaration of John Sigler in Support of Plaintiff's
Opposition to Defendant Interinsurance Exchange's Motion For Summary Judgment, ECF No. 143
("Sigler Decl." or "Sigler Declaration.") That same day, Sigler filed a Declaration of Alexander J.
Sigler in Support of Plaintiff's Opposition to Motion for Summary Judgment, Partial Summary
Judgment of Defendant Interinsurance Exchange, ECF No. 144 ("Alex Decl." or "Alex
Declaration.")

The Court held the hearing on the Motion on March 13, 2025.

## II. **Applicable Law**

Summary judgment should be granted if "the movant shows that there is no genuine dispute
as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.
56(a). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists &
Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could
return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

Under Federal Rules of Procedure ("Rule") 56(a), a court also has authority to grant *partial*
summary judgment, or "judgment on less than the entire case." 10B Charles Alan Wright & Arthur

R. Miller, *Federal Practice and Procedure* § 2737 (4th ed. 2022) (citing Fed. R. Civ. P. 56(a)). Under Rule 56(g), a court that "does not grant all the relief requested by the motion . . . may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "A moving party without the ultimate burden of persuasion at trial—usually, but not always, a defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). To carry its burden of production, the moving party must either: (1) produce evidence negating an essential element of the nonmoving party's claim or defense; or (2) show that there is an absence of evidence to support the nonmoving party's case. *Id.*

Where a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. *Id.* at 1102—03. In such cases, the nonmoving party may defeat the motion for summary judgment without producing anything. *Id.* at 1103. However, if a moving party carries its burden of production, the burden shifts to the nonmoving party to produce evidence showing a genuine dispute of material fact for trial. *Liberty Lobby*, 477 U.S. at 248—49. Under these circumstances, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is no genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the motion for summary judgment shall be granted. *Id.* at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial.").

A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *Id.* "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2). The Court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Liberty Lobby*, 477 U.S. at 252. To carry its ultimate burden of persuasion on the motion, the moving party must demonstrate that there is no genuine issue of material fact for trial. *Nissan Fire*, 210 F.3d at 1102; *Celotex Corp.*, 477 U.S. at 323.

### III.    Evidentiary Objections

Sigler objects to AAA's reliance on the declaration of Elizabeth Yates and the exhibits thereto under Rule 37(c)(1). In particular, Sigler argues that AAA failed to properly disclose Yates as a witness, and accordingly, her declaration and exhibits must be excluded under that rule. AAA responds that it did identify Yates and any failure to do so was substantially justified and/or harmless.

Under Rule 37(c)(1), "if a party fails to provide information or identify a witness as required by Rule 26 (a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 26(a)(1)(A)(i) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i); *see also Benjamin*

*v. B & H Educ., Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017) (affirming district court's striking of declarations where plaintiff offered three declarations to support their motion for summary judgment but failed to list witnesses pursuant to Rule 26 and only mentioned the witnesses' names in an interrogatory response). The Ninth Circuit recognized that a party fails to show the non-disclosure was substantially justified or harmless if they wait until the motion for summary judgment to identify the likely witness. *Id.*

The Court finds that AAA's disclosure did not meet the requirements of the Rules. AAA contends it disclosed Ms. Yates' identity in the 26(f) report by stating that its witnesses included "AAA . . . managers" and "the AAA's personnel involved in handling the claim . . . ," AAA's File Notes, and Amber Peterson's emails to Ms. Yates. Mot. at 2. But AAA failed to identify Ms. Yates' *name* in the 26(f) report. Moreover, at the hearing, AAA did not dispute that it did not disclose her name in its Initial Disclosures under Rule 26(a).

AAA's argued that its failure to disclose Yates was substantially justified since Sigler obviously knew about her as her name was revealed in the documents produced in discovery. This argument is unavailing; to fail to identify her as a witness actually conveyed to Sigler that despite her presence in the documents, AAA did not plan on relying on her and/or did not believe she had discoverable information. Similarly, the Court does not find that the failure to disclose was harmless. Failure to disclose Ms. Yates as a likely witness before AAA filed its summary judgment motion deprived Sigler of the opportunity to propound additional discovery specific to her.

Accordingly, Sigler's objection to Ms. Yates' Declaration is SUSTAINED.

Therefore, the court does not consider the Yates declaration, the exhibits attached thereto, or any of AAA's undisputed facts which rely solely on the declaration or exhibits.

## IV.    **Discussion**

Sigler brought a cause of action against AAA for intentional misrepresentation, FAC ¶¶ 47–69; and anti-trust violations under the Clayton Act and Sherman Act, FAC ¶¶ 69–75. AAA moves for summary judgement against both claims. Here, AAA argues that they are entitled to summary judgment as a matter of law because Sigler's claim for intentional misrepresentation fails as (1) Sigler cannot show the statements were false, (2) no scienter or knowledge of falsity exists, (3) AAA

had no intent to deceive Sigler or induce his reliance, (4) Sigler did not actually nor justifiably rely on AAA's representation, and (5) Sigler suffered no damages resulting from a misrepresentation. AAA additionally contends that Sigler's claims under the Clayton Act and Sherman Act fail because there was not an agreement unreasonably restraining trade.

At the hearing, the Court gave counsel for AAA the opportunity to explain how it could meet its burden on summary judgment with the exclusion of the Yates declaration and the exhibits thereto, and AAA was unable to do so.

Therefore, in light of the Court's exclusion of the Yates declaration and the exhibits thereto, the Court finds that AAA cannot sustain its burden on summary judgment and therefore DENIES the Motion.

## A.    Defendant is Not Entitled to Summary Judgment on Plaintiff's Intentional Misrepresentation Claim.

Under California law, establishing an intentional misrepresentation claim requires a showing of (1) "misrepresentation (false representation, concealment, or nondisclosure)"; (2) "knowledge of falsity (or 'scienter')"; (3) "intent to defraud, i.e., to induce reliance"; (4) "justifiable reliance"; and (e) "resulting damage." *Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, No. 21-56056, 2025 WL 351595, at *5 (9th Cir. Jan. 31, 2025) (citing *Small v. Fritz Cos.*, 30 Cal. 4th 167, 173 (2003)); Cal. Civ. Code § 1709 ("section 1709").

Without the Yates declaration and the exhibits attached thereto, AAA is unable to meet its burden to show the absence of a genuine issue of material act with respect to the intentional misrepresentation claim.

## B.    Defendant is Not Entitled to Summary Judgment on Plaintiff's Clayton Act and Sherman Act Claims

### i.    Section 1 of the Sherman Act

#### 1.    Antitrust Standing

Sigler must have "antitrust standing" to bring a claim. *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 455 (9th Cir. 2021). Courts balance five factors to determine whether plaintiff has

standing, such as "(1) the nature of the plaintiff's alleged injury; that is, whether it was the type the

antitrust laws were intended to forestall; (2) the directness of the injury; (3) the speculative measure

of the harm; (4) the risk of duplicative recovery; and (5) the complexity in apportioning damages."

*Id*. An antitrust injury requires "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that

flows from that which makes the conduct unlawful, and (4) that is of the type of the antitrust laws

were intended to prevent." *Id*.

### 2.  *Defendant's liability*

Section 1 of the Sherman Act prohibits unreasonable restraints of trade. 15 U.S.C. §§ 1–7. To

establish liability, Sigler must prove (1) the existence of an agreement, and (2) that the agreement

was in unreasonable restraint of trade. *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc*., 836 F.3d 1171,

1178 (9th Cir. 2016) (citation omitted); *see In re Nat'l Football League's Sunday Ticket Antitrust

Litig.*, 933 F.3d 1136, 1150 n.5 (9th Cir. 2019) (explaining that horizontal agreements among

competitors to limit production or supply of goods or services and market division agreements

among competitors to divide markets or allocate customers are per se illegal violations under the

Sherman Act); *see also City of Oakland*, 20 F.4th at 448 (explaining that "group boycott occurs

when *multiple* producers refuse to sell goods or services to a particular consumer" in violation of

Sherman Act); *see also Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1150 (9th Cir.

2003) (noting that agreements among competitors to fix prices are generally violations of Sherman

Act).

### ii.   Section 4 of the Clayton Act

### 1.  *Treble Damages*

Section 4 of the Clayton Act allows a plaintiff to recover treble damages where an antitrust

violation has injured the plaintiff's business or property. *In re Multidistrict Vehicle Air Pollution

M.D.L. No. 31*, 481 F.2d 122 (9th Cir. 1973). To establish standing, Sigler must allege (1) an injury

to his business or property, and (2) the antitrust violation caused plaintiff's injury. *Id*.

Without the Yates declaration and the exhibits attached thereto, AAA is unable to meet its

burden to show the absence of a genuine issue of material act with respect to Sigler's claims under

the Sherman Act or the Clayton Act.

**V.**    <u>**Conclusion**</u>

For the foregoing reasons, the Court hereby ORDERS as follows:

1.  The Motion is DENIED;

2.  The parties are ordered to meet and confer within five (5) days of the date of this Order with respect to the following: (a) their preferred mode of alternative dispute resolution and (b) proposed deadlines for Settlement Conference Completion, First Round Trial Filings, Trial Filings, Final Pretrial Conference, and Trial[1];

3.  The parties are ordered to file a joint status report with respect to the matters set forth above within seven (7) days of the date of this Order, setting forth their respective positions if they do not agree.

IT IS SO ORDERED.

**DENIED**

BY ORDER OF THE COURT

Dated: March 17, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[1] The timing of the proposed dates for First Round Trial Filings, Second Round Trial Filings, Final Pretrial Conference, and Trial shall be follow the guidance provided by this Court's Order Setting Scheduling Conference, which is available on Judge Frimpong's webpage at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.