O

**DENIED**
BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. SIGLER,<br><br>    Plaintiff,<br><br>    v.<br><br>JORGE GONZALEZ; USAA CASUALTY INSURANCE COMPANY; INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA; IMPERIAL BODY SHOP, INC.; and DOES 1 to 99, inclusive,<br><br>    Defendants. | Case No.: 8:22-cv-02325-MEMF-JDE<br><br>**ORDER DENYING IMPERIAL BODY SHOP'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 132]** |

Before the Court is the Motion for Summary Judgment filed by Defendant Imperial Body Shop, Inc. ECF No. 132. For the reasons stated herein, the Court hereby DENIES the Motion for Summary Judgment.

/ / /

/ / /

1

## I. Background

### A. Factual Background

The present action stems from the alleged mishandling of *pro se* Plaintiff John W. Sigler's insurance claim after his car was damaged in a two-car accident. Specifically, Plaintiff asserts claims against Defendants Jorge Gonzalez ("Gonzalez," the driver who rear-ended Plaintiff's Vehicle); Interinsurance AAA of the Automobile Club of Southern California ("AAA," Gonzalez's automobile insurer); USAA Casualty Insurance Company ("USAA," Plaintiff's insurer); IBS, the body shop that provided an appraisal on Plaintiff's vehicle; Pablo Galvez ("Galvez," an appraiser at IBS); Greg Taylor ("Taylor," another appraiser at IBS); Amber Peterson ("Peterson," a claims adjuster at the AAA); Kevin Karapogosian ("Karapogosian," CEO of IBS); John Boyle ("Boyle," CEO of the AAA); and unnamed Does stemming from the collision, repair, and insurance coverage of the Vehicle.

### B. Procedural History

On November 18, 2022, Sigler commenced the instant action in the Orange County Superior Court against Defendants Gonzales, AAA, USAA, IBS, Galvez, Taylor, Peterson, Karapogosian, and Boyle. ECF No. 1, Ex. A. USAA removed the action on December 29, 2022. *Id.*, Ex. 1.

On October 10, 2023, Sigler filed the First Amended Complaint ("FAC"). The FAC includes the following causes of action: (1) negligence against Defendant Gonzalez, FAC ¶¶ 46—47; (2) intentional misrepresentation against Defendants IBS, Galvez, USAA, Bushnell, Ordell, Taylor, AAA, and Peterson, *id.* ¶¶ 47—69; (3) violation of the Clayton Act against Defendants AAA, Peterson, USAA, Bushnell, IBS, and Taylor, *id.* ¶¶ 69—75; (4) violation of the Sherman Act against Defendants AAA, Peterson, USAA, Bushnell, IBS, and Taylor, *id.* ¶¶ 69—75; (5) violation of the RICO Act against Defendants USAA, Bushnell, Ordell, Termeer, IBS, Karapogosian, AAA, and Boyle, *id.* ¶¶ 75—92; and (6) conspiracy to violate RICO against Defendants Galvez, Taylor, Peterson, Bushnell, Ordell, Gonzalez, IBS, and Karapogosian, *id.* ¶¶ 92—100.

On May 20, 2024, Defendant IBS filed the instant Motion for Summary Judgment. ECF No. 132 ("Motion" or "Mot."). IBS also filed a Declaration of David V. Roth in Support of Motion for Summary Judgment. ECF. No 132-1 ("Roth Decl." or "Roth Declaration"); a Declaration of Hasmik

Karapogosian in Support of Motion for Summary Judgment, ECF No. 132-2 ("Karapogosian Decl." or "Karapogosian Declaration"); a Declaration of Greg Taylor in Support of Motion for Summary Judgment, ECF No. 132-3 ("Taylor Decl." or "Taylor Declaration"); a Separate Statement of Undisputed Material Facts in Support of Defendant Imperial Body Shop, Inc.'s Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("SSUMF"); and an Index of Exhibits in Support of Motion for Summary Judgment, ECF No. 132-5 ("Exhibits). In addition, IBS filed a "Proof of Service," ECF No. 133, indicating that aforementioned documents were sent to Sigler via email.

On May 27, 2024, Sigler filed a Plaintiff's Opposition to Defendant Imperial Body Shop's Motion for Summary Judgment, ECF No. 138 ("Opposition" or "Opp'n.") On June 3, 2024, IBS filed a Defendant Imperial Body Shop, Inc.'s Reply in Support of Motion for Summary Judgment. ECF No. 148 ("Reply").

The Court held the hearing on the Motion on March 13, 2025.

**II.** **Discussion**

In his Opposition, Sigler requests that the Motion be denied for "improper and late service." Oppo. at 2. In particular, he argued that the Motion was not properly served pursuant to Rule 5 of the Federal Rules of Civil Procedure, Rule 5-3.2 of the Local Rules for the United States District Court for the Central District of California, and Rule 6.1 of the Local Rules for the United States District Court for the Central District of California. IBS asserts that it properly served Sigler via email on May 20—its deadline to file and serve this Motion.[1]

---

[1] The deadline to file and serve the Motion was at least May 20, if not earlier, by operation of the operative scheduling order and the applicable local rule. The operative scheduling order stated, "The parties shall have until June 17, 2024 to file and have heard all other motions [besides discovery motions]." ECF No. 105. The applicable local rule, Local Rule 6-1 states:Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by written notice of motion. The notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing, and shall be served on each of the parties electronically or, if excepted from electronic filing, either by deposit in the mail or by personal service. *If mailed, the notice of motion shall be served not later than thirty-one (31) days before the Motion Day designated in the notice. If served personally, or electronically, the notice of motion shall be served*

The Court finds that the Motion was not properly served. Sigler is a self-represented litigant who is not registered for the CM/ECF system. Local Rule 5-3.2 requires that "[i]ndividuals . . . who are not registered for the CM/ECF System must be served in accordance with [Federal Rule of Civil Procedure] 5 . . . " C.D. Cal. R. 5-3.2.. Federal Rule of Civil Procedure 5, in turn, permits service by a number of different means, but most importantly, only permits service via email with consent. Rule 5(b)(2)(E)("A paper is served under this rule by: . . . sending it by . . . electronic means *that the person consented to in writing . . . .*"(emphasis added)). Although IBS argued that it has provided Sigler with many other documents via email, IBS acknowledged at the hearing that Sigler has never consented to service via email in writing as the rule requires. IBS's arguments that it made a good faith effort to serve are unavailing. The applicable rules are clear and IBS failed to comply with them. IBS had numerous options for service had it not waited until the last day to file and serve the Motion, and IBS has not provided this Court with any compelling reason to excuse this failure.

Accordingly, the Motion is DENIED. As the parties are aware, the deadline for filing motions has passed, and the Court is not inclined to entertain any additional motions. Instead, the Court will order the parties to make another attempt at settlement before commencing a trial in this matter.

### III.  Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Motion is DENIED;
2. The parties are ordered to meet and confer within five (5) days of the date of this Order with respect to the following: (a) their preferred mode of alternative dispute resolution and (b)

---

*not later than twenty-eight (28) days before the Motion Day designated in the notice.* The Court may order a shorter time.

C.D. Cal. R. 6-1. (emphasis added).

proposed deadlines for Settlement Conference Completion, First Round Trial Filings, Trial Filings, Final Pretrial Conference, and Trial[2];

3. The parties are ordered to file a joint status report with respect to the matters set forth above within seven (7) days of the date of this Order, setting forth their respective positions if they do not agree.

IT IS SO ORDERED.

**DENIED**
BY ORDER OF THE COURT

Dated: March 17, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[2] The timing of the proposed dates for First Round Trial Filings, Second Round Trial Filings, Final Pretrial Conference, and Trial shall be follow the guidance provided by this Court's Order Setting Scheduling Conference, which is available on Judge Frimpong's webpage at https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.